**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| W&T OFFSHORE, INC., AND W&T ENERGY VI, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>ENDURANCE ASSURANCE CORPORATION and LEXON INSURANCE COMPANY,<br><br>Defendants. | §§§§§§§§§§§§§§§§ **CIVIL ACTION NO.** |

**COMPLAINT FOR DECLARATORY RELIEF**

NOW INTO COURT, through undersigned counsel, come W&T Offshore, Inc. ("W&T Offshore") and W&T Energy VI, LLC ("W&T Energy," and collectively with W&T Offshore, "W&T"), who seek declaratory relief against Endurance Assurance Corporation ("Endurance") and Lexon Insurance Company ("Lexon," and collectively with Endurance and Lexon, the "Sompo Sureties"),  As described in greater detail below, years ago W&T obtained government-required surety bonds from the Sompo Sureties to secure decommissioning obligations that W&T may have with respect to certain oil and gas assets that W&T owns and/or operates in federal waters.  The Sompo Sureties have recently made unreasonable demands that W&T post collateral to secure the bond obligations.

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this civil action pursuant to 28 U.S.C. § 1331 and 43 U.SC. § 1349, as this dispute arises out of and would not exist but for operations conducted on the Outer Continental Shelf.

2. The surety bonds and related indemnity agreement that are at issue in this civil action were issued in connection with operations conducted on the Outer Continental Shelf.

3. The dispute existing between W&T, on the one hand, and the Sompo Sureties, on the other, would not exist but for the operations conducted on the Outer Continental Shelf.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2). The agreement between the parties provides that: (i) the place of performance is Harris County, Texas and (ii) the exclusive venue and jurisdiction for any disputes arising under that agreement lies with the federal and state courts sitting in Harris County, Texas.

5. This civil action seeks declaratory relief pursuant to 28 U.S.C. § 2201 and Rule 57 of the Federal Rules of Civil Procedure for the purpose of determining questions of actual controversy between W&T, on the one hand, and the Sompo Sureties, on the other hand.

## THE PARTIES

6. W&T Offshore is a corporation organized under the laws of the State of Texas with its principal place of business located in Houston, Texas.

7. W&T Energy is a limited liability company organized under the laws of the State of Delaware, with its principal place of business located in Houston, Texas.

8. Endurance is a corporation organized under the laws of the State of Delaware, with its principal place of business located in Mt. Juliet, Tennessee.

9. Lexon is a corporation organized under the laws of the State of Texas, with its principal place of business located in Mt. Juliet, Tennessee.

## BACKGROUND

### The Offshore Regulatory Environment

10. In 1953, the United States Congress enacted the Outer Continental Shelf Lands Act ("OCSLA" or the "OCS Lands Act"). 43 U.S.C. § 1331 *et seq.*

11. In the OCS Lands Act, Congress affirmed that the United States has exclusive control over the Outer Continental Shelf. OCSLA defines the Outer Continental Shelf to be "all submerged lands" beyond the lands reserved to the States, in the Submerged Lands Act, 43 U.S.C. § 1301 *et seq.*, up to the edge of the jurisdiction of the United States. *Id.* § 1331 (a).

12. The OCS Lands Act sets forth a comprehensive scheme for the leasing and development of resources on the Outer Continental Shelf. 43 U.S.C. §§ 1334–54.

13. OCSLA specifically authorizes the Secretary of the United States Department of the Interior (the "Secretary") to issue regulations to administer the Outer Continental Shelf for mineral development. 43 U.S.C. § 1334.

14. Compliance with the regulations issued by the Secretary is a condition of "[t]he issuance and continuance of any OCSLA lease." 43 U.S.C. § 1334 (b).

15. The Secretary established the Bureau of Ocean Energy Management ("BOEM") to carry out conventional and renewable energy-related functions on the Outer Continental Shelf. Dep't of the Interior Secretarial Ord. 3299 (May 19, 2010).

16. Order 3299 also established the Bureau of Safety and Environmental Enforcement ("BSEE"). Dep't of the Interior Secretarial Ord. 3299 (May 19, 2010)

17. BSEE and BOEM work together to, *inter alia*, protect the United States from incurring financial losses associated with the decommissioning facilities and other structures placed on the Outer Continental Shelf in conjunction with the development of the mineral and/or energy resources.

18. BOEM is responsible for managing the development of offshore energy and mineral resources in an environmentally and economically responsible manner.

19. BSEE provides estimates to BOEM regarding the financial assurance needed to cover decommissioning costs.

20. BOEM's predecessor, the Minerals Management Service (the "MMS"), established the financial requirements applicable to Outer Continental Shelf leases and pipeline rights of way in 1997. 62 Fed. Reg. 27948 (May 22, 1997).

21. The MMS regulations also provided a mechanism for the government to require supplemental financial assurance based on the financial health of the lessees.

22. The MMS issued regulations providing a mechanism for the government to require Outer Continental Shelf oil and gas lessees to post bonds. 62 Fed. Reg. 27948 (May 22, 1997).

23. BOEM continues to require Outer Continental Shelf lessees to post bonds as a condition of lease issuance and/or continuance. *See* 89 Fed. Reg. 31544 (Apr. 24, 2024).

24. In recent years, BOEM has issued regulations calling for stricter management of financial assurance, thus requiring ever increasing amounts of surety bonds to be posted in connection with operations on the Outer Continental Shelf.

25. The posting of surety bonds is, thus, essential to operations on the Outer Continental Shelf.

## The Relationship Between the Sompo Sureties and W&T

26. W&T Offshore is an independent oil and natural gas producer, exploring, developing, and acquiring oil and natural gas in the Gulf of Mexico, subject to the jurisdiction of the United States Department of Interior.

27. W&T Energy is a subsidiary of W&T Offshore that explores, develops, acquires, and operates oil and natural gas properties in the Gulf of Mexico, subject to the jurisdiction of the United States Department of Interior.

28. Endurance is a foreign insurer which, *inter alia*, issues surety bonds required by BOEM with respect to operations conducted on the Outer Continental Shelf.

29. Lexon is a Texas domestic insurer, which, *inter alia*, issues surety bonds required by BOEM with respect to operations conducted on the Outer Continental Shelf.

30. In accordance with the regulations issued by BOEM, W&T was required to post bonds in favor of the United States.

31. W&T obtained the required surety bonds from, *inter alia*, both Endurance and Lexon.

32. The relationship, rights, and obligations of W&T, on the one hand, and the Sompo Sureties, on the other, is set forth in that certain Payment and Indemnity Agreement No. 1380 effective as of September 14, 2020 (the "Indemnity Agreement").

33. The Indemnity Agreement was executed by W&T Offshore, as Principal, and U.S. Specialty Insurance Company, as Surety, "in connection with any bond or bonds executed or to be executed on behalf of any principal and to induce the Surety to execute or procure of the execution of such bond(s) and any extensions, modifications, or renewals thereof, additions thereto, or substitutions therefor."

34. A true and correct copy of the Indemnity Agreement is attached hereto as Exhibit "A."

35. The term "Principal" as used in the Indemnity Agreement "shall mean [W&T Offshore], as well as all wholly owned subsidiaries, whether now existing or which hereafter may be created or acquired.

36. The Indemnity Agreement provides, in paragraph 17, that the bonds are:

> performable in, and all monies due the Surety hereunder are payable in, Harris County, Texas. This Agreement shall be construed and enforced in accordance with the laws of the state of Texas, without regard to its conflict of law rules. EACH PRINCIPAL HEREBY IRREVOCABLY
>
> CONSENTS TO THE EXCLUSIVE VENUE AND JURISDICTION OF THE FEDERAL AND STATE COURTS SITTING IN HARRIS COUNTY, TEXAS, AND DOES FURTHER WAIVE ANY AND ALL RIGHTS TO OBJECT TO SUCH VENUE OR JURISDICTION.

37. Paragraph 5 of the Indemnity Agreement entitled "Additional Sureties" provides that should the Surety "procure any other company or companies including but not limited to . . . Endurance Assurance Corporation . . . Lexon Insurance Company . . . to execute or join with it in the executing, or to reinsure any Bond, this Agreement shall inure to the benefit of such other company or companies, its or their successors and assigns, so as to give it or them a direct right of action against the Principals to enforce the provisions hereof."

38. Endurance joined in and issued bonds covered by the Indemnity Agreement.

39. Accordingly, the Indemnity Agreement governs the relationship between W&T and Endurance.

40. Lexon joined in and issued bonds covered by the Indemnity Agreement.

41. Accordingly, the Indemnity Agreement governs the relationship between W&T and Lexon.

#6465012v7

42. Other surety companies (the "Other Sureties") joined in and issued bonds covered by the Indemnity Agreement, which governs the relationships between W&T and the Other Sureties.

### W&T Obtains BOEM-Required Bonds from the Sompo Sureties and Others

43. Pursuant to and in accordance with the Indemnity Agreement, Endurance issued the following bonds in connection with W&T's obligations to BOEM:

| Bond No. | Form | Amount |
|---|---|---|
| ZEACX226000039 | BOEM -2028A | $3,830,148.00 |
| ZEACX226000040 | BOEM -2028A | $13,126,457.00 |
| ZEACX226000038 | BOEM -2028A | $1,482,000.00 |
| EACX226000025 | BOEM -2028A | $3,000,000.00 |
| EACX226000047 | BOEM -2028A | $2,285,584.00 |
| EACX226000044 | BOEM -2028A | $3,000,000.00 |
| EACX226000022 | BOEM -2028A | $1,461,000.00 |

44. True and correct copies of the bonds identified in paragraph 43 are attached hereto as Exhibit "B" *in globo*.

45. Endurance also issued the following bonds to nongovernmental parties. These bonds were also issued in conjunction with W&T's operations on the Outer Continental Shelf:

| Bond No. | Form | Amount |
|---|---|---|
| EACX226000043 | N/A | $7,000,000.00 |

46. A true and correct copy of the bond identified in paragraph 45 is attached hereto as Exhibit "C."

47. Endurance also issued a bond in favor of the Texas Railroad Commission:

| Bond No. | Form | Amount |
|---|---|---|
| EACX226000045 | P-5PB | $125,000.00 |

48. A true and correct copy of the bond identified in paragraph 47 is attached hereto as Exhibit "D."

49. Pursuant to and in accordance with the Indemnity Agreement, Lexon issued the following bonds in connection with W&T's obligations to BOEM:

| Bond No. | Form | Amount |
|---|---|---|
| 1156846 | BOEM -2028A | $5,000,000.00 |
| 1136949 | ONRR -4435 | $1,166,860.00 |
| 1136950 | ONRR -4435 | $117,279.00 |
| 1159776 | BOEM -2028A | $3,000,000.00 |
| 1097677 | BOEM -2028A | $9,000,000.00 |

50. True and correct copies of the bonds identified in paragraph 49 are attached hereto as Exhibit "E" *in globo*.

51. Lexon also issued the following bonds to nongovernmental parties. These bonds were also issued in conjunction with W&T's operations on the Outer Continental Shelf:

| Bond No. | Form | Amount |
|---|---|---|
| 1152011 | N/A | $376,688.00 |
| 1152010 | N/A | $1,931,562.00 |

52. A true and correct copy of the bond identified in paragraph 51 is attached hereto as Exhibit "F."

**The Sompo Sureties Conflicting Collateral Demands**

53. At all times, W&T has complied with the Indemnity Agreement and paid all premiums associated with all bonds issued by the Sompo Sureties.

54. W&T is, and has, at all times since the execution of the Indemnity Agreement, been solvent and capable of meeting its financial obligations.

55. The Indemnity Agreement provides, in paragraph 3 entitled "Security," as follows:

> The Surety may at any time and from time to time hereafter, in its sole and absolute discretion, require the Principals to provide collateral, in form and amounts acceptable to the Surety (such amounts not to exceed the aggregate penalty sum of all then-issued Bonds) to secure the Principals' obligations to the Surety hereunder and/or to establish reserves to cover any actual or potential liability, claim, suit, or judgment under any Bond. Within thirty (30) days

>after the Surety has made written demand on Principals, each Principal shall execute such documents and take such further action as may be necessary in order to provide such collateral. Each Principal hereby grants to the Surety a security interest in all money and other property now or hereafter delivered by such Principal to the Surety, and all income (if any) thereon. If a Principal provides the Surety with a letter of credit or similar instrument, such Principal agrees that the Surety has the right to call on the same from time to time, in whole or in part and for any reason or no reason, and to hold the proceeds thereof as collateral for the obligations of the Principals hereunder. Any collateral provided at any time by any Principal shall be available, in the discretion of the Surety, as collateral security on any or all Bonds heretofore or hereafter executed for or at the request of such Principal or any other Principal.

56. Notwithstanding W&T's payment of all premiums and its continued maintenance of its financial status and solvency, on July 9, 2024, Endurance and Lexon, through their parent Sompo International, issued a written demand, pursuant to the Indemnity Agreement, on W&T that it provide collateral in the form of cash or a letter of credit.

57. A true and correct copy of Sompo International's July 9, 2024, demand is attached hereto as Exhibit "G."

58. At the same time that Endurance and Lexon have demanded collateral in the form of cash or a letter of credit, W&T has been in discussions with the Other Sureties regarding their possible demands for collateral.

59. W&T has offered to provide collateral to both the Sompo Sureties and the Other Sureties in forms other than cash or letter of credit.

60. Discussions with the Other Sureties regarding their acceptance of such alternative collateral have been productive and remain ongoing.

61. The discussions with the Other Sureties have revealed that any agreement regarding alternative collateral will depend on W&T not providing cash or a letter of credit to any other surety, including the Sompo Sureties.

62. W&T's financial status has remained substantially the same since the execution of the Indemnity Agreement and the issuance of the bonds thereunder.

63. The only material change regarding the bonds involves not W&T, but the regulatory environment established by the United States Department of Interior.

64. In light of the changes to the regulatory environment, the Sompo Sureties have, on information and belief, made the decision that they wish to exit the market for surety bonds related to the Outer Continental Shelf.

65. The bonds issued in favor of the BOEM are not cancelable.

66. The Sompo Sureties' demand for collateral is not based on the financial condition of W&T Energy or W&T Offshore, but is entirely based on a change in the regulatory environment and the Sompo Sureties' changed business model.

67. The Sompo Sureties' demand for collateral is at odds with the ongoing discussions with the Other Sureties, thus, placing W&T in an impossible position, as complying with one demand will require W&T to breach its obligations to the other.

## CAUSES OF ACTION

### COUNT ONE – DECLARATORY RELIEF

68. W&T incorporates as if set forth fully herein the allegations contained in paragraphs 1 through 67 of this Complaint.

69. A justiciable controversy exists between W&T and the Sompo Sureties.

70. The parties are governed by and bound to comply with the Indemnity Agreement.

71. While the Indemnity Agreement imposes certain obligations on W&T, it also imposes obligations on the Sompo Sureties, including the obligation of good faith, fair dealing, and to not abuse rights granted under the agreement.

72. The disparate actions of the Sompo Sureties, on the one hand, and the Other Sureties, on the other hand, place W&T in an impossible position, as compliance with one's demand ensures a breach of obligations to the other.

73. The Sompo Sureties' demands for collateral are unreasonable in that they are not based on any need of the Sompo Sureties other than a change in their business model.

74. The Sompo Sureties' demands for collateral in the form of cash or a letter of credit are an unreasonable interpretation of the Indemnity Agreement as evidenced by the ongoing discussions with the Other Sureties.

75. W&T is entitled to a judgment declaring the rights of the parties including, without limitation, the following

   a. That the Sompo Sureties may not enforce the Indemnity Agreement such that their actions constitute an abuse of right;

   b. That the Sompo Sureties may not make an unreasonable demand for collateral;

   c. That the Sompo Sureties must accept reasonable collateral as offered by W&T;

   d. That the form of collateral offered by W&T is adequate and fulfills W&T's obligations under the Indemnity Agreement;

   e. That the Sompo Sureties may not make demands for collateral that are inconsistent such that W&T cannot comply with both demands; and

   f. That the Sompo Sureties' changed business model and desire to exit the market are not legitimate grounds to demand further collateral beyond that offered by W&T.

## **PRAYER**

WHEREFORE, W&T Offshore, Inc. and W&T Energy VI, LLC pray that, after due proceedings are had, this Court enter judgment in their favor and against Endurance Assurance Corporation and Lexon Insurance Company:

Declaring that:

    a. Endurance Assurance Corporation and Lexon Insurance Company are bound by the terms of the Indemnity Agreement

    b. Endurance Assurance Corporation and Lexon Insurance Company may not enforce the Indemnity Agreement such that their actions constitute an abuse of right;

    c. Endurance Assurance Corporation and Lexon Insurance Company may not make an unreasonable demand for collateral;

    d. Endurance Assurance Corporation and Lexon Insurance Company must accept reasonable collateral as offered by W&T Offshore, Inc. and W&T Energy VI, LLC;

    e. The form of collateral offered by W&T Offshore, Inc. and W&T Energy VI, LLC is adequate and fulfills their obligations under the Indemnity Agreement.

    f. Endurance Assurance Corporation and Lexon Insurance Company may not make demands for collateral that are inconsistent with those of other the Other Sureties such that W&T Offshore, Inc. and W&T Energy VI, LLC cannot comply with both demands; and

#6465012v7

      g. Endurance Assurance Corporation and Lexon Insurance Company's changed business model and desire to exit the market are not legitimate grounds to demand further collateral beyond that offered by W&T Offshore, Inc. and W&T Energy VI, LLC;

1. Awarding W&T Offshore, Inc. and W&T Energy VI, LLC all costs of this proceeding; and

2. For all other legal and equitable relief to which W&T Offshore, Inc. and W&T Energy VI, LLC may be entitled.

*[Remainder of page intentionally left blank.]*

Respectfully submitted,

_____
Michael D. Rubenstein
Attorney-In-Charge
Texas Bar No. 24047514
S.D. Tex. Bar No. 27965
1001 Fannin Street, Suite 1800
Houston, Texas 77002
Telephone:  (713) 651-2953
Facsimile:  (713) 651-2908
Email:  mdrubenstein@liskow.com

**ATTORNEYS FOR W&T OFFSHORE, INC. AND W&T ENERGY VI, LLC**

**OF COUNSEL:**
Michael P. Cash
Texas Bar No. 03965500
S.D. Tex. Bar No. 5472
Melanie H. Cruthirds
State Bar No. 24128828
1001 Fannin Street, Suite 1800
Houston, Texas 77002
Telephone:  (713) 651-2900
Facsimile:  (713) 651-2908
Email: mcash@liskow.com
Email: mhcruthirds@liskow.com

and

George J. Hittner
THE HITTNER GROUP, PLLC
Texas Bar No. 24038959
S.D. Tex. Federal Bar No. 431901
Post Office Box 541189
Houston, Texas 77254
Telephone: (713) 824-1270
Email: george.hittner@thehittnergroup.com

14

#6465012v7