UNITED STATES DISTRICT COURT
SOUTHERN DISTRITC OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **W&T OFFSHORE, INC.; AND W&T ENERGY VI, LLC** § § §  Plaintiffs, § vs. § **Civil Action No. 4:24-cv-03047** § § **ENDURANCE ASSURANCE** § **CORPORATION AND** § **LEXON INSURANCE CO.** §  Defendants. § | | |

| | | |
|---|---|---|
| **U.S. SPECIALTY INSURANCE** § **COMPANY,** § §  Plaintiff, § vs. § **Civil Action No. 4:24-cv-04113** § § **W&T OFFSHORE, INC.; AND** § **W&T ENERGY VI, LLC** § §  Defendants. § | | |

| | | |
|---|---|---|
| **UNITED STATES FIRE INSURANCE** § **COMPANY,** § §  Plaintiff, § vs. § **Civil Action No. 4:24-cv-04395** § § **W&T OFFSHORE, INC.; AND** § **W&T ENERGY VI, LLC** § §  Defendants. § | | |

| | | |
|---|---|---|
| **PENNSYLVANIA INSURANCE** § **COMPANY,** § §  Plaintiff, § vs. § **Civil Action No. 4:24-cv-04400** § § **W&T OFFSHORE, INC.** § §  Defendants. § | | |

**JOINT MOTION BY THE SURETIES TO REMOVE ATTORNEY'S EYES RESTRICTION ON EX PARTE NOTICE**

Pursuant to the Court's *Order* [Dkt. 91], Defendants, Endurance Assurance Corporation and Lexon Insurance Company (collectively, "Lexon"); Plaintiff, U.S. Specialty Insurance Company ("U.S. Specialty"); Plaintiff, United States Fire Insurance Company ("US Fire"); and Plaintiff, Pennsylvania Insurance Company ("Penn," and with Lexon, U.S. Specialty, and US Fire, collectively, the "Sureties") files this their Joint Motion to Remove the Attorney's Eyes Restriction surrounding the *ex parte* notice filed by W&T Offshore, Inc. and/or W&T Energy VI, LLC (collectively, "W&T"), which was filed under seal at Docket 96 and sent to lead counsel of record. In support, the Sureties respectfully state as follows:

1. On March 20, 2025, a sealed document was filed by W&T on an *ex parte* basis (the "Notice" [Dkt. 70], which was removed from the docket the next day as part of the recusal order of Judge Ellison [Dkt. 71]. Subsequently, US Fire sought discovery on the contents of the Notice, resulting in a discovery dispute with W&T [Dkts. 79, 89, and 90]. Following a status conference with Magistrate Judge Palermo on May 19, 2025, an Order was entered requiring W&T to file the Notice under seal, along with production to outside counsel of record [Dkt. 91]. The Court further ordered that the production "shall be **FOR ATTORNEY'S EYES ONLY** and limited to outside counsel of record" (emphasis in original). The Court, however, noted that the Sureties were permitted to file a motion to remove the attorney's eyes only restriction.

2. W&T immediately complied with the Court's Order. Likewise, counsel for the Sureties have complied and kept the contents of the Notice limited to outside counsel of record. Counsel for the Sureties believe that their individual clients are entitled to see the Notice, understand its impact (if any) on the claims and defenses in this case, assist each of them in evaluating risk and/or settlement concepts, and otherwise allow them to be fully informed of the landscape for this dispute.

3. The Sureties recognize the somewhat unusual situation presented here, where relief is being requested with respect to a document that the Court has not reviewed. The Sureties submit that the requested relief is nonetheless appropriate based on the joint nature of the request, the absence of any claim of potential harm or prejudice to any party, and the absence of any asserted privilege tied to the Notice. In addition, if the relief is granted, the parties can be instructed that the document must remain confidential and not be shared outside of the parties to this action.

## REQUEST FOR RELIEF

For the forgoing reasons, Endurance Assurance Corporation, Lexon Insurance Company U.S. Specialty Insurance Company, United States Fire Insurance Company, and Pennsylvania Insurance Company respectfully request that the Court enter an Order remove the attorney's eyes only restriction on the Notice filed at Docket 96, and allow the Notice to be disseminated to the Sureties, including in-house counsel, business decision-makers, and key employees. The Sureties further request any and such other relief to which they are justly entitled.

Respectfully submitted,

**VINSON & ELKINS LLP**

  /s/ *Jason M. Halper*
Jason M. Halper*
Sara E. Brauerman*
1114 Avenue of the Americas, 32nd Floor
New York, NY 10036
Tel.: (212) 237-0000
Fax: (212) 237-0100
jhalper@velaw.com
sbrauerman@velaw.com

Alyx E. Eva
Texas Bar No. 24116334
Federal ID No. 3544812
Sarah Smati
Texas Bar No. 24137198
Federal ID No. 3895036
845 Texas Avenue, Suite 4700
Houston, Texas 77002-2947
Tel.: (713) 758-2060
Fax: (713) 615-5068
aeva@velaw.com
ssmati@velaw.com

*Admitted pro hac vice*

**ATTORNEYS FOR ENDURANCE ASSURANCE CORPORATION AND LEXON INSURANCE COMPANY**

**--and--**

        **BAINS LAW PLLC**

        By: */s/ Brandon K. Bains*
            Brandon K. Bains – Attorney in Charge
            State Bar No. 24050126
            S.D. Texas Bar No. 711977
            P.O. Box 1027
            Aledo, TX 76098
            (214) 494-8097
            (214) 380-9250 (fax)
            brandon@bainslaw.com

        **ATTORNEY FOR U.S. SPECIALTY INSURANCE COMPANY**

        --and—

        **DRY LAW PLLC**

        */s/ Ryan D. Dry*
        Ryan D. Dry
        Texas Bar No. 24050532
        S.D. Tex. Bar No. 618363
        Steven K. Cannon
        Texas Bar No. 24086997
        S.D. Tex Bar No. 3356957
        Dry Law, PLLC
        909 18th Street
        Plano, TX 75074
        (972) 797-9510 Tele/Fax
        rdry@drylaw.com
        scannon@drylaw.com

        **ATTORNEYS FOR PENNSYLVANIA INSURANCE COMPANY and UNITED STATES FIRE INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing was served under the Federal Rules of Civil Procedure on the 22nd day of May, 2025, to the counsel of record through the Clerk's e-filing system.

                                               */s/ Brandon K. Bains*
                                               Brandon K. Bains

## CERTIFICATE OF CONFERENCE

I certify that I conferred with counsel for W&T on May 22, 2025, and counsel stated that W&T wants the opportunity to file a statement in response.

                                               */s/ Brandon K. Bains*
                                               Brandon K. Bains