Case 4:24-cv-03047   Document 110   Filed on 06/02/25 in TXSD   Page 1 of 13

United States District Court
Southern District of Texas
**ENTERED**
June 02, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| W&T OFFSHORE, INC., AND W&T ENERGY VI, LLC, | § § § § § § § § § | Lead Case No. 4:24-cv-3047 |
| v. | | |
| ENDURANCE ASSURANCE CORPORATION AND LEXON INSURANCE, CO., ET AL., | | |

# **ORDER[1]**

Before the Court is Plaintiffs W&T Offshore, Inc. and W&T Energy VI, LLC's (collectively, "W&T") motion to disqualify Vinson & Elkins, LLP ("V&E") as counsel for Endurance Assurance Corporation and Lexon Insurance Company (collectively, the "Sompo Sureties"). ECF No. 18. Plaintiffs contend that V&E should be disqualified from representing the Sompo Sureties in this indemnity agreement case because from October 2014 until March 2023, W&T engaged V&E as corporate legal counsel, in which V&E accessed W&T's confidential information and advised W&T in "arranging and structuring its corporate financing, negotiating credit facilities, and negotiating [] second lien notes." ECF No. 18 at 3. V&E responds that its prior representation of W&T is not substantially related to this suit,

---

[1] The district judge to whom this case is now assigned referred all pretrial proceedings to the undersigned. ECF No. 77. This matter is appropriately handled as an order. *See Stonecoat of Tex., LLC v. Procal Stone Design, LLC*, No. 4:17-CV-00303, 2019 WL 9899506, at *1 (E.D. Tex. Mar. 8, 2019).

did not involve the same transaction or legal dispute at issue, and does not raise the appearance of impropriety. ECF No. 25. Based on the briefing,[2] arguments of counsel,[3] and relevant law, the Court finds that W&T has not demonstrated V&E should be disqualified from representing the Sompo Sureties and therefore denies the motion to disqualify.

## I. BACKGROUND

W&T is an oil and natural gas producer in the Gulf of Mexico. Pls.' First Amended Complaint, ECF No. 36 ¶¶ 42-43. Regulations issued by the Bureau of Ocean Energy Management ("BOEM") and the Bureau of Safety and Environmental Enforcement require W&T to post surety bonds in favor of the United States to secure its decommissioning obligations. *Id.* ¶¶ 21–37, 46. Since June 2015, W&T obtained BOEM-required surety bonds from the Sompo Sureties. ECF No. 36-5 at 13. In October 2014, W&T engaged V&E as counsel for its corporate legal matters, including "corporate, capital markets, and finance." Decl. of Todd Grabois, ECF No. 18-1 ¶¶ 4–9. W&T represents that "V&E had nearly unfettered access to W&T's internal, non-public confidential information, including information concerning W&T's surety bonding program," and included advice and negotiations for a revolving credit facility that required consideration of W&T's surety bonding

---

[2] W&T filed a reply. ECF No. 29.

[3] The Court heard argument on the motion at the status conference held on May 19, 2025. ECF No. 95.

program. *Id.* ¶¶ 7, 9, 10. V&E's representation of W&T ended in March 2023. *Id.* ¶ 11.

Relevant to this action, W&T and the Sompo Sureties entered into the Payment and Indemnity Agreement No. 1380, effective September 14, 2020 (the "Indemnity Agreement"), under which the Sompo Sureties issued sixteen bonds and W&T agreed to repay any amounts Sompo Sureties paid on the surety bonds and to provide collateral "in form and amounts acceptable to" the Sompo Sureties to secure the repayment obligation. ECF No. 36 ¶¶ 50–58, 60–69. On July 9, 2024, the Sompo Sureties made a written demand to W&T to provide collateral in the form of cash or a letter of credit under the Indemnity Agreement. *Id.* ¶ 85. Rather than provide the requested collateral, W&T filed its Complaint for Declaratory Relief in this suit, seeking a declaration that the Indemnity Agreement does not allow the Sompo Sureties to demand the requested collateral. Pls.' Original Complaint, ECF No. 1.

The Sompo Sureties retained Jason Halper and Sara Brauerman before they joined V&E on September 16, 2024. Decl. of David Wicklund, ECF No. 25-1 ¶ 7. Once they joined the firm, V&E imposed an ethical wall preventing "any timekeeper representing the Sompo Sureties from accessing any of the files related to V&E's prior representation of W&T, and likewise prevents any timekeeper who previously represented W&T from accessing any of the files related to V&E's current

representation of the Sompo Sureties." [4] *Id.* ¶ 8. On October 9, 2024, the Sompo Sureties, represented by V&E, filed their answer and counterclaim, alleging that W&T failed to provide the requested collateral, breaching the Indemnity Agreement. Defs.' Answer, ECF Dkt. No. 14 ¶¶ 47-56. On October 10, 2024, W&T filed the instant motion seeking to disqualify V&E. ECF No. 18. In support of their motion, W&T attached the declaration of W&T Offshore's Vice President and Treasurer, Todd Grabois. ECF No. 18-1. V&E filed a response and attached the declaration of David W. Wicklund, a partner in the finance practice at V&E. ECF No. 25-1.

## II.  RELEVANT LAW

"Motions to disqualify are substantive motions affecting the rights of the parties and are determined by applying standards developed under federal law." *In re Dresser Indus., Inc.*, 972 F.2d 540, 544 (5th Cir. 1992). "'[D]isqualification cases are governed by state and national ethical standards adopted by the court.'" *FDIC v. U.S. Fire Ins. Co.*, 50 F.3d 1304, 1311–12 (5th Cir. 1995) (quoting *In re Am. Airlines, Inc.*, 972 F.3d 605, 610 (5th Cir. 1992)). "[A] district court is obliged to take measures against unethical conduct occurring in connection with any proceeding before it," but "depriving a party of the right to be represented by the attorney of his or her choice is a penalty that must not be imposed without careful consideration." *Maersk Tankers MR K/S v. M/T Swift Winchester*, 655 F. Supp. 3d

---

[4] V&E has not sought any waiver from W&T.

554, 558 (S.D. Tex. 2023) (quoting *In re ProEducation Int'l, Inc.*, 587 F.3d 296, 299–300 (5th Cir. 2009)). Given the severity of disqualification, "[courts should] not apply disqualification rules mechanically, but [] consider all of the facts particular to the case . . . in the context of the relevant ethical criteria and with meticulous deference to the litigant's rights." *Maersk Tankers*, 655 F. Supp. 3d at 558 (quoting *In re ProEducation Int'l, Inc.*, 587 F.3d at 299–300).

"Motions to disqualify are subject to an exacting standard both to protect a party's right to counsel of choice as well as to discourage the use of such motions as a 'dilatory trial tactic.'" *Stonecoat of Tex., LLC v. Procal Stone Design, LLC*, No. 4:17-CV-00303, 2019 WL 9899506, at *7 (E.D. Tex. Mar. 8, 2019) (quoting *Jackson v. City of Sherman, Texas*, No. 4:16-CV-774-KPJ, 2018 WL 621259, at *2 (E.D. Tex. Jan. 30, 2018)). The movant "bears the burden of proving that disqualification is warranted, and that burden is heavy," "especially [] where a party files a motion to disqualify opposing counsel, as opposed to a client's motion to disqualify his own counsel" because "[m]otions to disqualify from an opponent have the potential to be used as procedural weapons advancing purely tactical purposes, such as delay or harassment." *Marquis v. Sadeghian*, No. 4:19-CV-626-RWS-KPJ, 2021 WL 4148754, at *3 (E.D. Tex. Sept. 13, 2021) (quoting *Spears v. McCraw*, No. A-17-CA-1105, 2020 WL 589538, at *2 (W.D. Tex. Feb. 5, 2020) (citing *Duncan v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 646 F.2d 1020, 1028 (5th

Cir. 1981)); citing *Taylor v. Acad. Partnerships, LLC*, No. 3:19-CV-01764-K-BN, 2019 WL 6619808, at *9 (N.D. Tex. Nov. 5, 2019), *adopted*, No. 3:19-CV-01764-K, 2019 WL 6619385 (N.D. Tex. Dec. 4, 2019); *Galderma Labs., LP v. Actavis Mid Atl. LLC*, 927 F. Supp. 2d 390, 395 (N.D. Tex. 2013) ("When the Model Rules are invoked as procedural weapons, the party subverts the purpose of the ethical rules.")).

When considering disqualification, the Court relies on: (1) the local rules in the district; (2) the American Bar Association's ("ABA") Model Rules of Professional Conduct; (3) the ABA's Model Code of Professional Responsibility; and (4) the state rules of conduct. *Stonecoat*, 2019 WL 9899506, at *7 (citing *Jackson*, 2018 WL 621259, at *2 (citing *Horaist v. Doctor's Hosp. of Opelousas*, 255 F.3d 261, 266 (5th Cir. 2001); *Ayus v. Total Renal Care, Inc.*, 48 F. Supp. 2d 714, 714 (S.D. Tex. 1999))). The Texas Disciplinary Rules of Professional Conduct serve as the minimum ethical standard of conduct for attorneys who appear in the Southern District of Texas, but courts in the Southern District of Texas are not limited to the Texas Rules. S.D. Tex. Local R. app. A, R.1A; *Davila v. Webb Cnty.*, No. CV L-12-42, 2013 WL 12142347, at *1–2 (S.D. Tex. July 26, 2013) (citing *In re American Airlines, Inc.*, 972 F.2d at 610) (the Texas Rules and the Model Rules do not differ materially in their approaches to addressing conflicts of interest); *see also In re ProEducation Int'l, Inc.*, 587 F.3d at 299 (the Fifth Circuit also recognizes

the ABA Model Rules of Professional Conduct as "the national standards to consider in reviewing motions to disqualify.").

"There are two ways in which a former client may bar an attorney from representing an adverse party. Disqualification can be justified: (1) if the subject matter of the present and former representation are substantially related; or (2) if movant's former attorney possessed relevant confidential information." *Maersk Tankers*, 655 F. Supp. 3d at 558 (quoting *Abney v. Wal-Mart*, 984 F. Supp. 526, 528 (E.D. Tex. 1997) (cleaned up); *accord* Tex. Disc. R. Prof'l Conduct 1.09(a)(2)–(3).[5] If "the former client proves that the subject matters of the present and prior representations are 'substantially related,' the court will irrebuttably presume that relevant confidential information was disclosed during the former period of representation." *Maersk Tankers*, 655 F. Supp. 3d at 558–59 (quoting *Duncan v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 646 F.2d 1020, 1028 (5th Cir. 1981)).

So, W&T can disqualify V&E either by showing a substantial relationship between the subject matter of the former and current representation, or by showing that V&E, because of former representation of W&T, possesses relevant confidential

---

[5] "Without prior consent, a lawyer who personally has formerly represented a client in a matter shall not thereafter represent another person in a matter adverse to the former client . . . (2) if the representation in reasonable probability will involve a violation of rule 1.05; or (3) if it is the same or a substantially related matter." *See also* Model Rule 1.09; *Hillman Group, Inc. v. KeyMe, LLC*, 439 F. Supp. 3d 845, 858 (E.D. Tex. 2020) ("Rule 1.09(a) of the Texas Rules and Rule 1.9 of the Model Rules govern conflict of interests with former clients. Unlike the rules with concurrent clients, the Texas Rules and the Models Rules are identical 'in all important aspects.'") (quoting *In re Am. Airlines*, 972 F.2d at 615 n.2).

information that may be used to W&T's disadvantage.

## III. W&T'S MOTION IS DENIED.

As an initial matter, there is no dispute that W&T is a former client of V&E. Instead, the parties dispute whether: (1) the subject matters of the present and former representation are substantially related; and (2) V&E possesses relevant confidential information. The Court addresses both arguments, finding W&T failed to adequately support either with evidence.

### A. W&T Failed to Show that the Subject Matters of the Present and Former Representation are Substantially Related.

W&T first argued that, based on Todd Grabois's declaration, it retained V&E to perform corporate finance work, which included "negotiation of both the revolving credit facility and the second lien notes," which required V&E to develop an "understanding of the past, present, and future requirements and implications of any and all bonds connected with W&T's operations and obligations on the Outer Continental Shelf" and an intimate familiarity "with every aspect of W&T's capital structure, including the bonding program." ECF No. 18 at 8. The Sompo Sureties issued or supplemented bonds for W&T at the same time as V&E's representation. ECF No. 18 at 8–9. V&E responded that its prior representation is not related to the Indemnity Agreement at issue in this case. It did not "draft negotiate, revise, comment on, interpret, or otherwise advise W&T about the Indemnity Agreement or the surety bonds issue in connection." ECF No. 25 at 5.

> "Substantial relation" is requires that:
>
> The moving party [] prove the existence of a prior attorney–client relationship in which the factual matters involved were so related to the facts in the pending litigation that it creates a genuine threat that confidences revealed to his former counsel will be divulged to his present adversary. Sustaining this burden requires evidence of specific similarities capable of being recited in the disqualification order. If this burden can be met, the moving party is entitled to a conclusive presumption that confidences and secrets were imparted to the former attorney.

*Maersk Tankers*, 655 F. Supp. 3d at 559 (quoting *NCNB Tex. Nat. Bank v. Coker*, 765 S.W.2d 398, 400 (Tex. 1989) (citation omitted), *abrogated on other grounds by In re Thetford*, 574 S.W.3d at 373 n.16); *see also Tendeka, Inc. v. Glover*, No. CIV.A. H-13-1764, 2014 WL 2002260, at *3 (S.D. Tex. May 15, 2014) ("A substantial relationship exists when the prior representation concerns the particular practices and procedures which are the subject matter of [the] suit," and "may be found only after the moving party delineates with specificity the subject matters, issues and causes of action common to prior and current representations and the court engages in a painstaking analysis of the facts and precise application of precedent.") (quoting *Am. Airlines,* 972 F.2d at 614); *In re Corrugated Container Antitrust Litig.,* 659 F.2d 1341, 1346 (5th Cir. Unit A Oct.1981) (matters are substantially related if they are "akin to the present action in a way reasonable persons would understand as important to the issues involved.").

Here, W&T has not met its burden of demonstrating specific similarities

between the subject matters, issues, and causes of actions in V&E's prior and current representations. At best, Grabois' declaration establishes V&E's familiarity with W&T's surety bonding program and finances from two years ago. Vaguely referencing W&T's finances and surety bonding program without further detail is insufficient. W&T did not produce evidence to demonstrate that V&E was involved in representation that focused on subject matters or issues related to the instant dispute.[6] *See McGurgan v. Wal-Mart Stores Tex., LLC*, No. SA-23-CV-01147-XR, 2024 WL 2031774, at *3 (W.D. Tex. May 7, 2024) (prior representation "'included slip and fall injuries' and [] in the course of their prior representation, Plaintiff's Counsel had access to confidential store procedures and processes giving them special knowledge of investigative procedures. But these statements amount to general assertions that lack the specificity needed to allow this Court to properly evaluate whether there is a substantial relationship between the subject matter of the present and the former representations.") (citing *Duncan*, 646 F.2d at 1029 ("[m]erely stating that the previous representation involved securities work,

---

[6] W&T's cited cases are inapposite to the instant case. In each of the cited cases, the movant identified with specific detail that the prior and current representation were substantially related. *See Am. Airlines*, 972 F.2d at 621-28 (substantial relationship existed between the current case and the past representations because the representations involved common factual and legal issues and shared common evidence, and V&E, through its prior representation, gained information that was the subject matter of the present suit.); *Tendeka*, 2014 WL 2002260, at *5 (attorney who drafted the contract at issue in the breach of contract case was disqualified from representing the opposing party); *John Crane Production Solutions, Inc. v. R2R and D, LLC*, No. 3:11-CV-3237-D, 2012 WL 3453696, at *5-6 (N.D. Tex. Aug. 14, 2012) (attorney who represented trademark in prior PTO proceedings was disqualified from representing the opposing party in trademark infringement case).

conferences with Merrill Lynch employees, and the preparation of various legal documents provide[d] the district court with no opportunity to engage in a 'painstaking analysis of the facts.'")). The instant matter requires interpretation of the Indemnity Agreement. Grabois' declaration does not demonstrate with any detail or specificity that V&E's current representation in this particular matter will enable V&E to exploit its prior representation of W&T. Grabois Decl., ECF No. 18-1. W&T has not shown that the subject matters of V&E's present and former representation are substantially related. In contrast, V&E's evidence from the lead corporate finance and billing partner during the engagement denies that the representation involved the surety bonds. Wicklund Decl., ECF No. 25-1 at ¶ 6. V&E did not obtain, review, or draft the surety bonds or the indemnity agreements, or interpret or advise W&T on the surety bonds. *Id.* The declaration disputes the suggestions of V&E's involvement in the surety bonds contained in the motion to disqualify. *Id.*

### B. W&T Failed to Show that V&E Possesses Relevant Confidential Information.

W&T alternatively argued that V&E possesses confidential information about W&T which would threaten W&T on its claims against the Sompo Sureties because its representation involved "opening [W&T's] accounts and financial records." ECF No. 18 at 10. V&E responds that because W&T cannot point to any confidential information that V&E has access to that could harm W&T's interests in this litigation, it has not carried its burden, and further, V&E put an ethical wall in place

to prevent attorneys working on this case, who joined the firm after the lawsuit, from having access to any W&T information derived from V&E's prior engagement. ECF No. 25 at 6.

Indeed, although Grabois references "confidential information" known to V&E as part of their representation, he does not describe the confidential information or its relevance to the instant case in any detail. Grabois Decl., ECF No. 18-1 ¶ 6. Further, W&T did not provide any confidential information for in-camera review. W&T has failed to provide support for their argument that V&E holds confidential information capable of harming W&T in the instant case.

Furthermore, there is no indication as to why the ethical wall that V&E put in place is ineffective, putting W&T's confidential information at risk. Wicklund declares that all timekeepers in the instant case are barred from accessing V&E's files from its prior representation and all prior timekeepers are barred from accessing files from the instant lawsuit. Wicklund Decl., ECF No. 25-1 ¶ 8. Additionally, "none of the attorneys working on matters for the Sompo Sureties have had or will have any communications with [Wicklund] or others who previously worked on matters for W&T." *Id.* Based on the current record, the ethical wall assuages any concerns of confidential information obtained in V&E's prior representation being used in the current litigation to harm W&T. *See Maxell, Ltd. v. Apple Inc.*, No. 5:19-CV-00036-RWS, 2021 WL 1100098, at *12 (E.D. Tex. Mar. 2, 2021) (finding

ethical wall not established as ineffective where "the factual record indicates that Mr. Park did not share any of Maxell's confidences with DLA Piper attorneys, and none of Maxell's confidential materials were accessed by any DLA Piper attorney retained on matters adverse to Maxell."). W&T has not show that V&E possesses relevant confidential information.

In sum, W&T has not carried its burden in establishing that V&E should be disqualified from representing the Sompo Sureties in the instant case. Accordingly, W&T's motion is denied.

## IV.   CONCLUSION

Based on the foregoing, the Court **DENIES** W&T's motion to disqualify. ECF No. 18.

**IT IS SO ORDERED.**

Signed at Houston, Texas, on May 30, 2025.

*Dena Palermo*
_____
**Dena Hanovice Palermo**
**United States Magistrate Judge**