United States District Court
Southern District of Texas
**ENTERED**
June 26, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| W&T OFFSHORE, INC., AND § <br> W&T ENERGY VI, LLC, § <br> § <br> v. § <br> § <br> ENDURANCE ASSURANCE § <br> CORPORATION AND LEXON § <br> INSURANCE, CO., ET AL., § | Lead Case No. 4:24-cv-3047 |

## JUDGE PALERMO'S
## REPORT AND RECOMMENDATION[1]

Before the Court is U.S. Fire Insurance Co. and Pennsylvania Insurance Co.'s (collectively, "the Sureties") motions for preliminary injunction. ECF Nos. 93, 94. The Sureties contend that they are entitled to preliminary injunctions because they are necessary to preventing significant, imminent, and irreparable harm to the Sureties. ECF Nos. 93, 94. Plaintiffs respond that the Sureties have not carried their burden for a preliminary injunction. ECF Nos. 54, 55. Based on the briefing,[2] arguments of counsel,[3] and relevant law, the Court finds that the Sureties have not

---

[1] The district judge to whom this case is assigned referred all pretrial proceedings to the undersigned. ECF No. 77.

[2] The Sureties filed replies. ECF No. 61, 62.

[3] The Court heard argument on the motions at the motion hearing held on June 3, 2025. ECF No. 114. After the hearing, the parties submitted additional documentation related to Plaintiffs' financial health. Along with a letter, the Sureties provided Plaintiffs' 2022, 2023, and 2024 financial records. Plaintiffs submitted a letter and their 2019–2024 financial records. The Sureties objected to Plaintiffs' letter, arguing it exceeded the scope of arguments raised in the briefing. ECF No. 127. The Court need not rule on the objection because consideration of Plaintiffs' letter is unnecessary—without considering Plaintiffs' submissions, including the letter, the Sureties have

carried their burden and therefore recommends denying the motions for preliminary injunction.

I.   **BACKGROUND**

W&T is an oil and natural gas producer in the Gulf of Mexico. Pls.' First Amended Complaint, ECF No. 36 ¶¶ 42-43. The Bureau of Ocean Energy Management ("BOEM") and the Bureau of Safety and Environmental Enforcement issued regulations that require W&T to post surety bonds in favor of the United States to secure its decommissioning obligations. *Id.* ¶¶ 21–37, 46. W&T obtained BOEM-required surety bonds from the Sureties and executed Indemnity Agreements memorializing the suretyship. ECF No. 36 ¶¶ 2, 92–107. The Indemnity Agreements both contain provisions that permit the Sureties to demand collateral from Plaintiffs—the parties dispute under what circumstances, if any, the Sureties may make such demands. ECF Nos. 36, 116, 118.

On August 14, 2024, Plaintiffs filed the instant suit against two other sureties, Endurance Assurance Corporation and Lexon Insurance Company (collectively, the "Sompo Sureties"), after the Sompo Sureties made a written demand to W&T to provide collateral in the form of cash or a letter of credit under their Indemnity Agreements. Plaintiffs sought a declaration that the Sompo Sureties' Indemnity Agreement did not allow the Sompo Sureties to demand the requested collateral.

---

not established irreparable harm.

ECF No. 1.

Thereafter, the Sureties made formal demands on Plaintiffs, as Indemnitors under the Indemnity Agreements, to replace the Sureties or deposit multiple millions of dollars as collateral sufficient to protect the Sureties from loss in connection with the bonds. ECF No. 36 ¶¶ 2, 92–107. Despite the demand, Plaintiffs did not deposit collateral with the Sureties. In response, the Sureties filed lawsuits, which on November 22, 2024, the Court consolidated into the instant case. ECF No. 33.

The Sureties now request a preliminary injunction that orders Plaintiffs to: (1) deposit cash collateral in the amount of $93,665,179.00 with the U.S. Fire, such amount representing the amount that U.S. Fire deems sufficient to protect itself from loss in connection with certain bonds; (2) deposit cash collateral in the amount of $11,343,949.00 with the Pennsylvania Insurance, such amount representing the amount that Pennsylvania Insurance deems sufficient to protect itself from loss in connection with certain bonds; (3) specifically perform their books and records obligations under the Indemnity Agreement by providing the Sureties with access to the books, records, and accounts of Plaintiffs, on an ongoing and continuing basis until all claims and liabilities in connection with the Bonds have been extinguished; and (4) not transfer, encumber or otherwise dissipate any of their assets until such time as they have posted the full amount of the collateral. ECF Nos. 93, 94.

## II.    RELEVANT LAW[4]

Federal injunctive relief is "an extraordinary and drastic remedy" that "should only be granted when the movant has clearly carried the burden of persuasion." *Gray Cas. & Sur. Co. v. 3i Contracting, LLC*, No. 3:23-CV-2511-L, 2024 WL 1121800, at *3 (N.D. Tex. Mar. 13, 2024) (quoting *Anderson v. Jackson*, 556 F.3d 351, 360 (5th Cir. 2009) (quoting *Holland Am. Ins. Co. v. Succession of Roy*, 777 F.2d 992, 997 (5th Cir. 1985))). The movant seeking a preliminary injunction must establish: (1) there is a substantial likelihood that the movant will prevail on the merits; (2) there is a substantial threat that irreparable harm will result if the injunction is not granted; (3) the threatened injury [to the movant] outweighs the threatened harm to the defendant; and (4) the granting of the preliminary injunction will not disserve the public interest. *Id.* (citing *Clark v. Prichard*, 812 F.2d 991, 993 (5th Cir. 1987); *Canal Auth. of the State of Florida v. Callaway*, 489 F.2d 567, 572 (5th Cir. 1974) (*en banc*)); *see also Daniels Health Scis., L.L.C. v. Vascular Health Scis., L.L.C.*, 710 F.3d 579, 582 (5th Cir. 2013).

Whether "to grant or deny a preliminary injunction is discretionary with the district court." *Harco Nat'l Ins. Co. v. Gaspard & Menon Constr., LLC*, No. 4:24-

---

[4] Although the Indemnity Agreements have choice of law provisions for Texas and New York law, federal procedural law applies to these motions. *EVEREST REINSURANCE COMPANY, Plaintiff, v. BRADLEY COX, COX OIL LLC, & COX INVESTMENT PARTNERS LP., Defendants.*, No. 3:24-CV-0756-X, 2025 WL 1519724, at *2 (N.D. Tex. May 28, 2025) ("standard for granting a preliminary injunction is a procedural matter, so the Federal Rules of Civil Procedure control, not state law.").

CV-01134-O, 2025 WL 1254440, at *1 (N.D. Tex. Apr. 23, 2025) (quoting *Miss. Power & Light Co. v. United Gas Pipe Line*, 760 F.2d 618, 621 (5th Cir. 1985)). The issuance of a preliminary injunction "is to be treated as the exception rather than the rule." *Id.* (quoting *Miss. Power*, 760 F.2d at 621).

### III. THE SURETIES' MOTIONS FOR PRELIMINARY INJUNCTION SHOULD BE DENIED.

The movant must "satisfy a cumulative burden of proving each of the four elements enumerated before a preliminary injunction can be granted," and if the movant "fails to meet *any* of the four requirements, the court cannot grant the preliminary injunction." *Gray Cas. & Sur. Co. v. 3i Contracting, LLC*, No. 3:23-CV-2511-L, 2024 WL 1121800, at *4 (emphasis added) (quoting *Mississippi Power and Light Co. v. United Gas Pipeline*, 760 F.2d 618, 621 (5th Cir. 1985); *Clark*, 812 F.2d at 993). Because the Court finds that the Sureties fail to carry their burden of establishing irreparable harm, the Court focuses its analysis on this requirement.[5]

---

[5] As for the other requirements, the Court finds they are either neutral or weigh against granting a preliminary injunction. The likelihood of success on the merits is neutral because the briefing on this element is largely speculative and the record is not clear enough to adequately assess this factor. *See Gray*, 2024 WL 1121800, at *6 ("Plaintiff's sweeping statements regarding its likelihood of success are insufficient to show that all requirements for the relief sought have been satisfied."). Next, the Sureties have not shown the threatened harm to them outweighs the harm to Plaintiffs if the request is denied—as discussed *infra*, the Sureties fail to demonstrate that they will be harmed without the granting of a preliminary injunction. Additionally, the collection of over $100 million of dollars of collateral would undoubtedly burden Plaintiffs even though the Sureties allege that they will not be harmed. *See Gray*, 2024 WL 1121800, at *14. And finally, the public interest requirement is neutral: although the public has an interest in seeing contracts enforced and indemnity agreements' purposes fulfilled, this interest will be served by considering the Sureties' claims at the merits stage. *See EVEREST*, 2025 WL 1519724, at *3 ("While Everest is right that the public has an interest in freedom of contract and contracts' enforcement, these interests will be

The Sureties first argue a preliminary injunction should be granted because that the Indemnity Agreements contain a stipulation that the Sureties "will suffer irreparable harm and will not have an adequate remedy at law should [Plaintiffs] fail to perform the Collateral Requirement," ECF No. 93 at 11, and/or agreed to waive any contest to the collateral requirement, ECF Nos. 93 at 2; 94 at 21. The Sureties next argue that even if the Court considers the preliminary injunction requirements, then without a preliminary injunction, their contracted-for benefit of prejudgment collateralization and exoneration would be lost, thereby depriving them of the benefit of the bargain and rendering the collateral provision in the indemnity agreements meaningless. In other words, without their prejudgment collateralization, they are left without an adequate remedy at law and therefore irreparably harmed. ECF Nos. 93 at 18; 94 at 10, 25. The Sureties further contend that if Plaintiffs are "not required . . . to post collateral sufficient to cover its obligations to the Surety under the Indemnity Agreement it is unlikely [W&T] will retain any ability to satisfy their contractual promises later." ECF Nos. 93 at 22; 94 at 28–29.

Plaintiffs respond that the Sureties have not established irreparable harm because the alleged harm is strictly financial in nature and may be remedied by

---

served by considering Everest's claims at the merits stage. Everest asks the Court to enforce terms against Cox before it knows whether such terms are enforceable, which the public interest in freedom of contract does not require. And if Cox is indeed obligated to post the sought collateral under the contract, he will be required to do so at the merits stage.").

specific performance post-judgment, and further, the Sureties have not shown Plaintiffs are in such dire financial conditions that they are unable to satisfy their contractual promises. ECF Nos. 54; 55.

### A. A Preliminary Injunction is Meant to Prevent Irreparable Harm.

"[H]arm that cannot be undone authorizes exercise of this equitable power to enjoin before the merits are fully determined." *Gray*, 2024 WL 1121800, at *6 (quoting *Parks v. Dunlop*, 517 F.2d 785, 787 (5th Cir. 1975); citing *Canal Auth. of the State of Florida*, 489 F.2d at 576 ("The purpose of a preliminary injunction is always to prevent irreparable injury so as to preserve the court's ability to render a meaningful decision on the merits.")). So, "only those injuries that cannot be redressed by the application of a judicial remedy after a hearing on the merits can properly justify the extraordinary and drastic remedy of a preliminary injunction." *Id.* (quoting *Canal Auth. of the State of Florida*, 489 F.2d at 573, 576).

The Sureties must show that they are likely to suffer irreparable harm in the absence of preliminary injunctive relief before a decision on the merits can be rendered; "'harm for which there is no adequate remedy at law,' such as money damages."[6] *See id.* (quoting *Daniels Health Scis., L.L.C. v. Vascular Health Scis.,*

---

[6] "Mere injuries, however substantial in terms of money, time and energy necessarily expended in the absence of a stay, are not enough." *Id.* (quoting *Morgan v. Fletcher*, 518 F.2d 236, 240 (5th Cir. 1975). "The possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, weigh[]s heavily against a claim of irreparable harm." *Id.* (quoting *Enterprise Int'l, Inc. v. Corporacion Estatal Petrolera Ecuatoriana*, 762 F.2d 464, 474 (5th Cir. 1985) (quoting *Morgan*, 518 F.2d at 240)). "The absence of an available remedy

*L.L.C.*, 710 F.3d 579, 585 (5th Cir. 2013) (quoting *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008); and citing *Janvey v. Alguire*, 647 F.3d 585, 600 (5th Cir. 2011))). This involves demonstrating "a real and immediate threat of future or continuing injury apart from any past injury." *Id.* (quoting *Aransas Project v. Shaw*, 775 F.3d 641, 663-64 (5th Cir. 2014) (per curiam) (citing *In re Stewart*, 647 F.3d 553, 557 (5th Cir. 2011))). A "[s]peculative injury is not sufficient; there must be more than an unfounded fear on the part of the applicant." *Id.* (quoting *Daniels Health Scis., LLC*, 710 F.3d at 585).

### B.   The Contractual Stipulation Does Not Establish Irreparable Harm.

The Sureties argue that the parties agreed to not contest the collateral requirement and further stipulated to irreparable harm:

> The Indemnitors waive, to the fullest extent permitted by law, each and every right that they have to contest this requirement to provide collateral under this Agreement. The Indemnitors stipulate and agree that the Surety will suffer immediate, irreparable harm and will have no adequate remedy at law should Indemnitors fail to perform this obligation, and therefore Surety shall be entitled to specific performance of this obligation.

ECF Nos. 116-2, ¶¶ 12, 14; 118-2 ¶ 12. Although the above language is clear and unambiguous, the Court does not find that the above stipulation is sufficient without more to meet the requirements of injunctive relief.

---

by which the movant can later recover monetary damages, however, may also be sufficient to show irreparable injury." *Id.* (quoting *Enterprise Int'l, Inc.*, 762 F.2d at 474).

The Fifth Circuit has yet to address this issue, but "[m]ost courts agree [] that contractual stipulations such as this, without more, are insufficient to support a grant of injunctive relief, and those that do not agree are not binding on this court or persuasive." *Gray*, 2024 WL 1121800, at *7; *see also Dickey's Barbecue Restaurants, Inc. v. GEM Inv. Group, L.L.C.*, No. 3:11-CV-2804-L, 2012 WL 1344352, at *4 (N.D. Tex. Apr. 18, 2012) ("Other courts have found that '[c]ontractual stipulations of 'irreparable harm,' however, are insufficient by themselves to support a finding of irreparable harm to support injunctive relief.'") (quoting *Traders Int'l, Ltd. v. Scheuermann,* 2006 WL 2521336, *8 (S.D. Tex. Aug.30, 2006) (citing *Dominion Video Satellite, Inc. v. Echostar Satellite Corp.,* 356 F.3d 1256, 1266 (10th Cir. 2004) ("While courts have given weight to parties' contractual statements regarding the nature of harm and attendant remedies that will arise as a result of a breach of a contract, they nonetheless characteristically hold that such statements alone are insufficient to support a finding of irreparable harm and an award of injunctive relief."))).

Given that a preliminary injunction is an extraordinary remedy, the Court finds that the contractual provision does not conclusively establish irreparable harm, but rather is one factor to examine in making the irreparable harm determination. *See Gray*, 2024 WL 1121800, at *7; *Dickey's Barbecue*, 2012 WL 1344352, at *4; *Traders Int'l, Ltd.,* 2006 WL 2521336, *8. Even with the stipulation, the Sureties do

not carry their burden of establishing irreparable harm.

### C. The Sureties Failed to Demonstrate Irreparable Harm Through Binding Authority or Evidence.

The Sureties continue that without a preliminary injunction, they will lose the contracted-for benefit of the bargain to receive pre-judgment collateral, without which they would not have entered into the Indemnity Agreements. ECF Nos. 93 at 18; 94 at 10, 25. The Sureties argue that there is no adequate remedy at law—and therefore irreparable harm—because "the surety has specifically bargained for prejudgment collateralization[,] and a [post]judgment [award] for money damages alone would deprive the surety of prejudgment relief to which it is contractually entitled." ECF No. 93 at 18. The Sureties continue that such harm is irreparable because if their right to collateralization cannot be enforced at the inception of a lawsuit, they are instead required to wait for final judgment, thus losing their bargained-for right to prejudgment collateralization.

The court in *Gray* analyzed and rejected identical arguments:

> although a showing of irreparable harm may be sufficient to establish the inadequacy of a legal remedy, the converse—that the lack of an adequate remedy is sufficient to establish a substantial threat of irreparable harm—is not necessarily true. . . . According to *Lewis*, this is so because "the irreparable injury rubric is intended to describe the quality or severity of the harm necessary to trigger equitable intervention. In contrast, the inadequate remedy test looks to the possibilities of alternative modes of relief, however serious the initial injury[.]" Absent guidance from the Fifth Circuit to support Plaintiff's argument—that an indemnitor's breach of and failure to comply with a contractual collateralization obligation to pay money demanded and the

10

> resulting damage to the surety *always* constitutes the type of irreparable harm required for a preliminary injunction that cannot be adequately remedied by monetary damages—it does not convince the court otherwise.

*Gray*, 2024 WL 1121800, at *10 (quoting *Lewis v. S. S. Baune*, 534 F.2d 1115, 1124 (5th Cir. 1976)). The Court agrees with the above analysis and the overview of the *Lewis* decision, also relied on by the Sureties here, and similarly rejects their argument that supposed inadequate legal remedies are sufficient to establish irreparable harm. *See id.*

The *Gray* court continued, distinguishing the Fifth Circuit opinions also relied upon by the Sureties in the instant case: *Travelers Cas. & Surety Co. of Am. v. Padron*, No. 5:15-CV-200-DAE, 2017 WL 9360906, at *1 (W.D. Tex. Aug. 2, 2017)) ("*Padron III*"); and *3i Constr., LLC*, 2017 WL 3209522, at *4. *Id.* at *10.[7] The Gray court found that "*Padron* and *3i Construction* both declined to enforce the irreparable harm contractual stipulation without evidence that there was a substantial threat the sureties would suffer irreparable harm in the absence of injunctive relief," and "[u]nlike this case, the courts in *Padron* and . . . *3i Construction* also based their

---

[7] Like in *Gray*, the Court is not convinced by the non-binding persuasive authority cited by the Sureties in their motions. *See Gray*, 2024 WL 1121800, at *10 ("Absent guidance from the Fifth Circuit to support Plaintiff's argument—that an indemnitor's breach of and failure to comply with a contractual collateralization obligation to pay money demanded and the resulting damage to the surety *always* constitutes the type of irreparable harm required for a preliminary injunction that cannot be adequately remedied by monetary damages—it does not convince the court otherwise. Moreover, the authority cited by Plaintiff is not binding precedent. For purposes of brevity, the court limits its remaining discussion to the district court cases within this circuit on which Plaintiff relies.").

11

irreparable harm finding in part on evidence that the defendant indemnitors were likely dissipating assets, insolvent, or both." *Id.* at *10 (citing *Padron III*, 2017 WL 9360906, at *1; *3i Constr., LLC*, 2017 WL 3209522, at *4). Here, like the *Gray* court found, these cases are distinguishable from the instant case where the Sureties have offered no such evidence—in fact, the Sureties did not attach or reference any exhibits to their motions for preliminary injunction aside from their complaints. *See* ECF Nos. 93, 94.[8]

Although the Sureties conclude that it is unlikely Plaintiffs will "retain any ability to satisfy their contractual promises later," the Sureties offered no evidence that Plaintiffs are insolvent, dissipating or transferring assets, preparing to file for bankruptcy, facing bond claims or even soon-to-be filed bond claims. The Sureties also provided no evidence that they will suffer harm such that "threatens the very existence of [their] business if [they] are required to await a determination on the merits of its claim for specific performance by final judgment." *See Gray*, 2024 WL 1121800, at *10 (quoting *Texas v. United States Envtl. Prot. Agency*, 829 F.3d 405, 434 (5th Cir. 2016) (quoting *Wisconsin Gas Co. v. FERC*, 758 F.2d 669, 674 (D.C. Cir. 1985) ("Recoverable monetary loss may constitute irreparable harm only where the loss threatens the very existence of the movant's business."))).

---

[8] At the hearing and in post-hearing submissions, the Sureties asserted that Plaintiffs' financial position is deteriorating due to decreasing net income from 2022 through 2024. This alone fails to establish that Plaintiffs are insolvent, on the verge of declaring bankruptcy, or facing bond claims.

Here, the Sureties' allegations do not amount to more than speculation, which is insufficient for the granting of a preliminary injunction. *See Higgins v. Lumpkin*, No. 21-20058, 2022 WL 1517039, at *1 (5th Cir. May 13, 2022) ("[U]nsupported and conclusory allegations show neither a likelihood of success on the merits, nor an irreparable injury warranting a preliminary injunction."); *Louisiana v. Biden*, 55 F.4th 1017, 1034 (5th Cir. 2022) (perceived harm "must be more than speculative; there must be more than an unfounded fear on the part of the applicant."); *Holland Am. Ins. Co.*, 777 F.2d at 997 ("[s]peculative injury is not sufficient [to show irreparable harm]; there must be more than an unfounded fear on the part of the applicant")). The Sureties only raise allegations of anticipated financial harm,[9] and do not assert that denial of a preliminary injunction will result in any non-monetary damages. *See Harco*, 2025 WL 1254440, at *2 (citing *Interox Am. v. PPG Indus., Inc.*, 736 F.2d 194, 202 (5th Cir. 1984) ("An injury is irreparable if it cannot be undone through monetary remedies.")); *see also Endurance Assurance Corp. v. Axon Power & Gas LLC*, No. 3:20-CV-00285-X, 2020 WL 3792259, at *1 (N.D. Tex. July 6, 2020) (the court found that Endurance's harm from indemnitor's failure to make a $1.4 million payment on a bond to protect Endurance against claims and losses pursuant to its alleged rights under an indemnity agreement was "strictly

---

[9] Or in the case of Plaintiff's request to access Defendants books and records *no harm*, much less irreparable harm, is established. *See Harco Nat'l Ins. Co. v. Gaspard & Menon Constr., LLC*, No. 4:24-CV-01134-O, 2025 WL 1254440, at *2 (N.D. Tex. Apr. 23, 2025).

financial" and further found that Endurance's doubt that the indemnitor would be able to pay on a later date was insufficient).

In sum, the Sureties have failed to carry their burden to establish irreparable harm,[10] and therefore, the motions for preliminary injunction should be denied.

## IV. CONCLUSION

Therefore, the Court **RECOMMENDS** that the Sureties' motions for preliminary injunction, ECF Nos. 93 & 94, be **DENIED**.

**The Parties have fourteen days from service of this Report and Recommendation to file written objections. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). Failure to file timely objections will preclude review of factual findings or legal conclusions, except for plain error.** *Quinn v. Guerrero*, **863 F.3d 353, 358 (5th Cir. 2017).**

Signed at Houston, Texas, on June 25, 2025.

_Dena Palermo_
**Dena Hanovice Palermo**
**United States Magistrate Judge**

---

[10] Also, in the Indemnity Agreement with Pennsylvania Insurance Company, the following provision undercuts the argument that Pennsylvania Insurance Company's only adequate remedy is specific performance of the amount demanded as collateral: "In the event of a default under a Bonded Contract, lndemnitors grant to Surety a security interest in all equipment, machinery, inventory, materials, and all proceeds and products in connection with any Bonded Contract." ECF No. 116-2 ¶ 28. *See Gray*, 2024 WL 1121800, at *13.