IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| W&T OFFSHORE, INC., AND W&T ENERGY VI, LLC, | | |
| Plaintiffs, | | |
| v. | | Civil Action No. 4:24-CV-03047 |
| ENDURANCE ASSURANCE CORPORATION AND LEXON INSURANCE CO., | | |
| Defendants. | | |
| U.S. SPECIALTY INSURANCE COMPANY, | | |
| Plaintiff, | | |
| v. | | Civil Action No. 4:24-CV-04113 |
| W&T OFFSHORE, INC., AND W&T ENERGY VI, LLC, | | |
| Defendants. | | |
| UNITED STATE FIRE INSURANCE COMPANY, | | |
| Plaintiff, | | |
| v. | | Civil Action No. 4:24-CV-04395 |
| W&T OFFSHORE, INC., AND W&T ENERGY VI, LLC, | | |
| Defendants. | | |
| PENNSYLVANIA INSURANCE COMPANY, | | |
| Plaintiff, | | |
| v. | | Civil Action No. 4:24-CV-04400 |
| W&T OFFSHORE, INC., | | |
| Defendant. | | |

**PENNSYLVANIA INSURANCE COMPANY AND UNITED STATES FIRE INSURANCE COMPANY'S RESPONSE TO W&T'S UNOPPOSED MOTION FOR LEAVE TO FILE ANSWERS**

Defendants Pennsylvania Insurance Company ("Penn") and United States Fire Insurance Company ("US Fire") (Penn and US Fire are collectively referred to herein as the "Sureties") submit this Response to W&T Offshore, Inc.'s and W&T Energy VI, LLC's (collectively, "W&T")

Unopposed Motion for Leave to File Answers (the "Motion"). [Dkt. 152].

The Sureties do not oppose W&T's request for leave to file Answers so that the case may proceed on the merits. However, several aspects of W&T's motion require correction:

1. ***Default Status Unrelated to the Court's Consolidation.*** This Court consolidated the cases on November 22, 2024. [Dkt. 33]. Three days later, on November 25, 2024, W&T's prior counsel accepted service of the Sureties' complaints and confirmed in writing that W&T would file Answers by December 19, 2024. ***See Exhibit A***. W&T did not file any responsive pleading by that date, nor did it request an extension.

2. ***Docket Control Order ("DCO").*** W&T suggests that an Answer deadline was part of the parties' proposed DCO. That is incorrect. Apart from the fact that adding an answer date to a DCO is not procedurally correct or effective to cure its defaults, the draft circulated on June 11, 2025 contained no reference to Answers. W&T only added a "September 2" deadline to the proposed DCO after the Sureties notified W&T on August 28, 2025 of its missed deadline. The Sureties agreed not to oppose W&T's motion on the condition that W&T acknowledge our notice was provided as a professional courtesy. W&T's motion omits that fact and instead suggests gamesmanship, a characterization contradicted by the email record. ***See Exhibit B***.

3. ***Applicable Rule.*** W&T cites Rule 15(a)(2), which governs amendments, as the basis for its Motion. That rule does not apply here. Because W&T missed its Answer deadline, the proper rule is Rule 6(b)(1)(B), which requires a showing of excusable neglect. W&T has made no such showing. Absent a showing of excusable neglect, W&T has not met the Rule 6(b)(1)(B) standard.

The Sureties remain unopposed to the relief sought so that the case can move forward. But to be clear: W&T's Answers are nine months overdue, its Motion relies on the wrong rule, and its

characterization of the procedural history is incomplete. The Sureties respectfully submit this clarification so that the Court has an accurate record.

RESPECTFULLY SUBMITTED this 4th day of September, 2025.

*/s/ Ryan D. Dry*
Ryan D. Dry
Texas Bar No. 24050532
S.D. Tex. Bar No. 618363
Steven K. Cannon
Texas Bar No. 24086997
S.D. Tex Bar No. 3356957
**DRY LAW, PLLC**
909 18th Street
Plano, TX 75074
(972) 797-9510 Tele/Fax
rdry@drylaw.com
scannon@drylaw.com

***ATTORNEYS FOR PENNSYLVANIA INSURANCE COMPANY and UNITED STATES FIRE INSURANCE COMPANY***

## CERTIFICATE OF SERVICE

I hereby certify that, on September 4, 2025, a true and correct copy of the foregoing document was filed and served by the Electronic Case Filing System for the United States District Court for the Southern District of Texas on those parties registered to receive electronic notice.

*/s/ Ryan D. Dry*
Ryan D. Dry