# EXHIBIT B

| | |
|---|---|
| **From:** | Ryan Dry |
| **To:** | Lewis, Megan S.; Brauerman, Sara (Bussiere); Eva, Alyx; Madriz, Yasser A.; Huebinger, Jason; Indest, Miles O.; Giles, Nicholas J.; Marc Tabolsky; Talbot, Andrew E. |
| **Cc:** | Popov, Chris; Halper, Jason; Dickson, Andrew B.; Steven Cannon; Teague, Chelsea; Thomas Duke |
| **Subject:** | RE: W&T Offshore Inc. et al v. Endurance Assurance Corp et al, No. 4:24-CV-03047 |
| **Date:** | Tuesday, September 2, 2025 9:59:45 AM |
| **Attachments:** | image001.png |
| | image002.png |

Megan –

I'm frankly puzzled by your August 29 email. You sent your meet-and-confer request on August 26. In preparing our response just two days later, we discovered that W&T has been in default for over nine months. I immediately notified you as a professional courtesy rather than seeking entry of default without notice.

Yet your response focuses on my supposed failure to provide availability dates before any such request was even made.

The fundamental issue here is straightforward: W&T has not filed Answers to complaints served in November 2024. No amount of scheduling coordination or DCO drafting changes that basic procedural reality. Discovery typically follows, not precedes, responsive pleadings — a sequencing that promotes judicial economy and prevents disputes over unarticulated claims and defenses.

Your statements are difficult to reconcile:

- You "disagree" that W&T is in default but offer no explanation as to how a party that missed its Rule 12 deadline by nine months is not in default.

- You suggest adding an "answer date" to a DCO as if scheduling orders govern responsive pleading deadlines. They don't. Rule 12 does.

After nine months of failing to file Answers, asking W&T to move for leave and file Answers by today is hardly unreasonable. That is not gamesmanship; it is basic litigation hygiene.

As to the DCO and ESI Order, my clients agree with the drafts previously circulated by Lexon. As I have said previously, the Protective Order remains the only open issue.

I respectfully request confirmation that W&T will move for leave and file its overdue Answers today so we can proceed with discovery in an orderly fashion.  Otherwise, we will have no choice but to bring this to the Court's attention for its resolution by filing a motion for entry of default.

Finally, I continue to believe that overlapping discovery issues make "bilateral" meet-and-confers between just two parties counterproductive when three parties have disputes.



**Ryan Dry**
909 18th Street
Plano, Texas 75074
972.797.9511

**From:** Lewis, Megan S. <mlewis@mcguirewoods.com>

**Sent:** Friday, August 29, 2025 3:17 PM
**To:** Ryan Dry <rdry@drylaw.com>; Brauerman, Sara (Bussiere) <sbrauerman@velaw.com>; Eva, Alyx <aeva@velaw.com>; Madriz, Yasser A. <YMadriz@mcguirewoods.com>; Huebinger, Jason <JHuebinger@mcguirewoods.com>; Indest, Miles O. <MIndest@mcguirewoods.com>; Giles, Nicholas J. <NGiles@mcguirewoods.com>; Marc Tabolsky <mtabolsky@hicksjohnson.com>; Talbot, Andrew E. <atalbot@mcguirewoods.com>
**Cc:** Popov, Chris <cpopov@velaw.com>; Halper, Jason <jhalper@velaw.com>; Dickson, Andrew B. <adickson@velaw.com>; Steven Cannon <scannon@drylaw.com>; Teague, Chelsea <cteague@velaw.com>; Thomas Duke <tduke@drylaw.com>
**Subject:** RE: W&T Offshore Inc. et al v. Endurance Assurance Corp et al, No. 4:24-CV-03047

Ryan, I will note that your response does not dispute several points—you offered <u>no</u> availability for a meet and confer during the weeks of August 18, 25, or September 2. You have now told us for the first time that you will not meet and confer further until answers are on file, after telling us for the first time yesterday that you considered us to be in default (which we disagree with). You also do not dispute that you have not responded with your position on the proposed docket control order and ESI order, which were first circulated to you on June 11 and 16, respectively. On July 16, Lexon's counsel again asked for your position on these two items, as well as the protective order. While you responded on the protective order, you did not respond on the other two orders. You have now indicated that you are opposed to including the Answer deadline of September 2 in the docket control order. Please let all parties know if you are in agreement with the versions of the docket control order and ESI order that Lexon's counsel circulated on July 15. There is no reason to further delay submission of those.

With regard to the meet and confer next week, given that your clients appear to be taking different positions than Lexon in any event, we see no reason to continue to delay any progress we can make next week. Sara, please let us know if we are confirmed to proceed during your proposed windows of availability on Tuesday 1-3pm ET and Wednesday 12-1pm ET.

Best,
Meg

**Megan S. Lewis**
Partner
McGuireWoods LLP
T:  +1 202 857 1716 | M: +1 202 941 3654
mlewis@mcguirewoods.com

---

**From:** Ryan Dry <rdry@drylaw.com>
**Sent:** Friday, August 29, 2025 7:22 AM
**To:** Lewis, Megan S. <mlewis@mcguirewoods.com>; Brauerman, Sara (Bussiere) <sbrauerman@velaw.com>; Eva, Alyx <aeva@velaw.com>; Madriz, Yasser A.

Miles O. <MIndest@mcguirewoods.com>; Giles, Nicholas J. <NGiles@mcguirewoods.com>; Marc
Tabolsky <mtabolsky@hicksjohnson.com>; Talbot, Andrew E. <atalbot@mcguirewoods.com>
**Cc:** Popov, Chris <cpopov@velaw.com>; Halper, Jason <jhalper@velaw.com>; Dickson, Andrew B.
<adickson@velaw.com>; Steven Cannon <scannon@drylaw.com>; Teague, Chelsea
<cteague@velaw.com>; Thomas Duke <tduke@drylaw.com>
**Subject:** RE: W&T Offshore Inc. et al v. Endurance Assurance Corp et al, No. 4:24-CV-03047

> **\*\*EXTERNAL EMAIL; use caution with links and attachments\*\***

<YMadriz@mcguirewoods.com>; Huebinger, Jason <JHuebinger@mcguirewoods.com>; Indest,

Megan-

Not everything in litigation is gamesmanship. My prior email was not intended as such. Raising
W&T's default was a professional courtesy — I could have sought entry of default without
notice. It is fair to acknowledge that courtesy and move forward.

W&T has not filed Answers to either Penn or US Fire's Complaints. That fact is not
"disingenuous." Nor is your rebuttal supported by the Rules or the timeline. Consolidation in
November did not retroactively erase Rule 12(a)'s deadlines. In fact, W&T agreed to file its
Answers by December 19, 2025. That agreement was confirmed, in writing by W&T's counsel,
on November 25, four days *after* the Motion to Consolidate was filed. The abatement order
likewise came well after those deadlines had passed.

A few further corrections to your email below:

- **Meet and Confer Timing.** Your statement that "During our meet and confer two weeks
  ago (on August 14), we specifically discussed blocking time during this timeframe for a
  follow up meet-and-confer" is not accurate. On the August 14 call, the discussion was
  about the weeks of August 18 and (due to V&E's trial conflict) August 25. No one
  mentioned next week. *See* the attached transcript that you circulated after that call.

  I am one of two partners out next week presenting at a construction law conference
  and will be unavailable. More importantly, my clients will not confer on discovery until
  W&T's Answers are on file.

- **Discovery.** We served W&T with discovery. Once those requests were finalized, we
  turned to third-party discovery. That sequencing is neither unusual nor improper. All
  parties are serving discovery; all parties are conferring. The only party that has not
  answered the lawsuit is W&T. That must be corrected before discovery proceeds further.

- **Past Meet and Confers.** My clients have timely and adequately responded to all W&T's
  discovery requests and, while your opinion is that I was "unable to meaningfully respond
  to our discovery issues", I have a very different opinion of the reasons for the discovery
  disputes and my contribution to resolving them. Any time I told you I would confer with
  my clients, I have done so and responded substantively to your requests or follow-ups.

- **Responsive Pleadings.** Adding an "answer date" to a draft DCO is not the proper way to
  cure a default. Responsive pleadings are governed by the Rules, not scheduling orders.
  W&T's counsel accepted service in November and agreed to file Answers by December
  19. That never happened. The proper course is for W&T to move for leave and file its
  proposed Answers by September 2.

I remain committed to working through discovery in good faith once W&T has properly responded to the respective Complaints. Please confirm that W&T will move for leave and file its Answers by September 2. Not everything is gamesmanship. Sometimes professional courtesies are just that. Please cure the missed deadline so the case can move forward on the merits.



**Ryan Dry**
909 18th Street
Plano, Texas 75074
972.797.9511

---

**From:** Lewis, Megan S. <mlewis@mcguirewoods.com>
**Sent:** Thursday, August 28, 2025 4:25 PM
**To:** Ryan Dry <rdry@drylaw.com>; Brauerman, Sara (Bussiere) <sbrauerman@velaw.com>; Eva, Alyx <aeva@velaw.com>; Madriz, Yasser A. <YMadriz@mcguirewoods.com>; Huebinger, Jason <JHuebinger@mcguirewoods.com>; Indest, Miles O. <MIndest@mcguirewoods.com>; Giles, Nicholas J. <NGiles@mcguirewoods.com>; Marc Tabolsky <mtabolsky@hicksjohnson.com>; Talbot, Andrew E. <atalbot@mcguirewoods.com>
**Cc:** Popov, Chris <cpopov@velaw.com>; Halper, Jason <jhalper@velaw.com>; Dickson, Andrew B. <adickson@velaw.com>; Steven Cannon <scannon@drylaw.com>; Teague, Chelsea <cteague@velaw.com>; Thomas Duke <tduke@drylaw.com>
**Subject:** RE: W&T Offshore Inc. et al v. Endurance Assurance Corp et al, No. 4:24-CV-03047

Ryan,

We find your last-minute request to further delay our meet-and-confer (by yet another week or more) wholly unacceptable. During our meet and confer two weeks ago (on August 14), we specifically discussed blocking time during this timeframe for a follow up meet-and-confer. At no point did you mention, until today, that you were unavailable because of a weeklong vacation. We also find it curious that you are attempting to curb W&T's discovery efforts while, at the same time, serving third party subpoenas on W&T's accountants before attempting to directly obtain that information from W&T. Needless to say, these actions do not suggest good faith.

In response to Sara's email regarding Lexon's availability, we have rearranged conflicts to free our calendars and accommodate the stated windows of availability. We are available 1-3pm ET on Tuesday, and, if needed, also 12-1pm ET on Wednesday. If you cannot attend, then we respectfully request that you identify another attorney from your firm that can attend on your clients' behalf; alternatively, please respond in writing by Tuesday to clarify the scope of any documents you intend to produce documents in response to W&T's discovery requests.

So far, we had two meet-and-confers over the past two months during which you were unable

to meaningfully respond to our discovery issues, promising instead that you would confer with your clients and get back to us.  Accordingly, we cannot afford to further delay our meet-and-confer and derail our ability to advance this case, given the discovery schedule agreed to by the parties in their draft DCO.  Further delays are not appropriate if we are to timely return to the Court in early September, as the Court has instructed.

Lastly, your suggestion that W&T is currently in default is disingenuous.  As you know, the original actions were consolidated.  As part of the joint motion to consolidate the cases (to which you were unopposed), the parties noted that "[i]n the Related Actions, responsive pleadings have yet to be filed. Upon consolidation, the parties can confer with a single judge for all purposes, including discovery, briefing, dispositive motions, and trial." Dkt. 31.  The parties proceeded with motions practice and agreed to stay the litigation while going through mediation.  Since the parties reached impasse in the mediation, the parties have been conferring on a new docket control order to submit to the Court to reset deadlines.  At no time during the parties' discussions about the docket control order that took place in June did you suggest that W&T missed its deadline to answer the complaints.  We find your threat of seeking a default judgment unless we answer on two days' notice to be unprofessional, particularly given the courtesies that we have shown you on extensions and scheduling matters.  Nonetheless, we will add a September 2, 2025 answer date to the parties' proposed docket control order, and we ask all parties to confirm their agreement by close of business today so that we may get it on file tomorrow, along with the proposed ESI order that the parties negotiated—both of which you have had for over two months.

Best,
Meg


**Megan S. Lewis**
Partner
McGuireWoods LLP
T:  +1 202 857 1716 | M: +1 202 941 3654
mlewis@mcguirewoods.com

---

**From:** Ryan Dry <rdry@drylaw.com>
**Sent:** Thursday, August 28, 2025 1:43 PM
**To:** Brauerman, Sara (Bussiere) <sbrauerman@velaw.com>; Lewis, Megan S. <mlewis@mcguirewoods.com>; Eva, Alyx <aeva@velaw.com>; Madriz, Yasser A. <YMadriz@mcguirewoods.com>; Huebinger, Jason <JHuebinger@mcguirewoods.com>; Indest, Miles O. <MIndest@mcguirewoods.com>; Giles, Nicholas J. <NGiles@mcguirewoods.com>; Marc Tabolsky <mtabolsky@hicksjohnson.com>; Talbot, Andrew E. <atalbot@mcguirewoods.com>
**Cc:** Popov, Chris <cpopov@velaw.com>; Halper, Jason <jhalper@velaw.com>; Dickson, Andrew B. <adickson@velaw.com>; Steven Cannon <scannon@drylaw.com>; Teague, Chelsea

EXTERNAL EMAIL, use caution with links and attachments

**Subject:** RE: W&T Offshore Inc. et al v. Endurance Assurance Corp et al, No. 4:24-CV-03047

Counsel,

I am out of town next week and unable to attend any Meet and Confer. In reviewing the discovery letters, however, we note that W&T is currently in default as it has not filed answers to either Complaint of Penn or US Fire.

In lieu of seeking an entry of default, we propose the following:

1. **Responsive Pleadings:** W&T will file a Motion for Leave and its proposed Answers no later than September 2. You may mark my clients as unopposed so long as you include in your Motion for Leave that we notified, as a professional courtesy, of your current default.

2. **Meet and Confer:** The parties will conduct a meet and confer on September 10, 11, or 12. Alternatively, or in addition, we can schedule a further session during the week of September 15 to address W&T's responses to our clients' discovery, if needed. This timing avoids my unavailability next week and, more importantly, ensures we have an opportunity to review W&T's Answers and defenses in advance.

3. **Court Conference:** Following the above, if any disputes remain, the parties may jointly approach the Court regarding a discovery conference.

Please confirm if this schedule is acceptable.



**Ryan Dry**
909 18th Street
Plano, Texas 75074
972.797.9511

---

**From:** Brauerman, Sara (Bussiere) <sbrauerman@velaw.com>
**Sent:** Thursday, August 28, 2025 11:50 AM
**To:** Lewis, Megan S. <mlewis@mcguirewoods.com>; Ryan Dry <rdry@drylaw.com>; Eva, Alyx <aeva@velaw.com>; Madriz, Yasser A. <YMadriz@mcguirewoods.com>; Huebinger, Jason <JHuebinger@mcguirewoods.com>; Indest, Miles O. <MIndest@mcguirewoods.com>; Giles, Nicholas J. <NGiles@mcguirewoods.com>; Marc Tabolsky <mtabolsky@hicksjohnson.com>; Talbot, Andrew E. <atalbot@mcguirewoods.com>
**Cc:** Popov, Chris <cpopov@velaw.com>; Halper, Jason <jhalper@velaw.com>; Dickson, Andrew B. <adickson@velaw.com>; Steven Cannon <scannon@drylaw.com>; Teague, Chelsea <cteague@velaw.com>
**Subject:** RE: W&T Offshore Inc. et al v. Endurance Assurance Corp et al, No. 4:24-CV-03047

Hi all:

Following up on my email below – please let us know your availability to meet and confer Tuesday or Wednesday.


Thanks,
Sara


**Sara Brauerman**
Partner

**E**  sbrauerman@velaw.com
**W**  +1.212.237.0288
1114 Avenue of the Americas
32nd Floor
New York, NY 10036
Vcard  |  Bio  |  velaw.com

---

**From:** Brauerman, Sara (Bussiere) <sbrauerman@velaw.com>
**Sent:** Tuesday, August 26, 2025 3:35 PM
**To:** Lewis, Megan S. <mlewis@mcguirewoods.com>; Ryan Dry <rdry@drylaw.com>; Eva, Alyx <aeva@velaw.com>; Madriz, Yasser A. <YMadriz@mcguirewoods.com>; Huebinger, Jason <JHuebinger@mcguirewoods.com>; Indest, Miles O. <MIndest@mcguirewoods.com>; Giles, Nicholas J. <NGiles@mcguirewoods.com>; Marc Tabolsky <mtabolsky@hicksjohnson.com>; Talbot, Andrew E. <atalbot@mcguirewoods.com>
**Cc:** Popov, Chris <cpopov@velaw.com>; Halper, Jason <jhalper@velaw.com>; Dickson, Andrew B. <adickson@velaw.com>; Steven Cannon <scannon@drylaw.com>; Teague, Chelsea <cteague@velaw.com>
**Subject:** RE: W&T Offshore Inc. et al v. Endurance Assurance Corp et al, No. 4:24-CV-03047


Megan and Ryan:

We are in receipt of and continuing to review W&T's August 19 letters.  Given the volume of outstanding topics at issue in that correspondence, we would propose that the parties schedule a global meet and confer to address all outstanding discovery issues identified in that correspondence to determine whether the parties are at an impasse. We would recommend blocking off significant time to ensure we are able to get through all issues.  To that end, we are available next Tuesday, September 2 from 1-4 ET or Wednesday, September 3 from 12-5 ET.  Please let us know if times during either of these windows work for your teams.

As to the issues raised in today's letter from W&T, we will review and respond under separate cover and suggest scheduling a separate meet and confer on those topics. However, our hope is that we can narrow certain of the issues raised in today's letter to

the extent they overlap with the prior requests we've been discussing (i.e., relevant time period) during next week's meet and confer.

We believe the Court would prefer one set of discovery motions rather than serial motions to the extent we are unable to reach agreement. To that end, we're open to discussing timing for those motions once we've met and conferred on these issues.

Thanks,
Sara

**Sara Brauerman**
Partner

**Vinson&Elkins**

E    sbrauerman@velaw.com
**W  +1.212.237.0288**
1114 Avenue of the Americas
32nd Floor
New York, NY 10036
**Vcard | Bio | velaw.com**

---

**From:** Lewis, Megan S. <mlewis@mcguirewoods.com>
**Sent:** Tuesday, August 26, 2025 11:11 AM
**To:** Ryan Dry <rdry@drylaw.com>; Eva, Alyx <aeva@velaw.com>; Madriz, Yasser A. <YMadriz@mcguirewoods.com>; Huebinger, Jason <JHuebinger@mcguirewoods.com>; Indest, Miles O. <MIndest@mcguirewoods.com>; Giles, Nicholas J. <NGiles@mcguirewoods.com>; Marc Tabolsky <mtabolsky@hicksjohnson.com>; Talbot, Andrew E. <atalbot@mcguirewoods.com>
**Cc:** Popov, Chris <cpopov@velaw.com>; Halper, Jason <jhalper@velaw.com>; Brauerman, Sara (Bussiere) <sbrauerman@velaw.com>; Dickson, Andrew B. <adickson@velaw.com>; Steven Cannon <scannon@drylaw.com>; Teague, Chelsea <cteague@velaw.com>
**Subject:** RE: W&T Offshore Inc. et al v. Endurance Assurance Corp et al, No. 4:24-CV-03047

[EXTERNAL]

Counsel, please see the attached correspondence. Please let us know your availability for a meet and confer this week, as we had discussed during our August 14 meet and confer.

Best,
Meg

**Megan S. Lewis**
Partner
McGuireWoods LLP
T:  +1 202 857 1716 | M: +1 202 941 3654
mlewis@mcguirewoods.com

**From:** Ryan Dry <rdry@drylaw.com>
**Sent:** Monday, August 25, 2025 4:39 PM
**To:** Lewis, Megan S. <mlewis@mcguirewoods.com>; Eva, Alyx <aeva@velaw.com>; Madriz, Yasser A. <YMadriz@mcguirewoods.com>; Huebinger, Jason <JHuebinger@mcguirewoods.com>; Indest,

Miles O. <MIndest@mcguirewoods.com>; Giles, Nicholas J. <NGiles@mcguirewoods.com>; Marc Tabolsky <mtabolsky@hicksjohnson.com>; Talbot, Andrew E. <atalbot@mcguirewoods.com>
**Cc:** Popov, Chris <cpopov@velaw.com>; Halper, Jason <jhalper@velaw.com>; Brauerman, Sara (Bussiere) <sbrauerman@velaw.com>; Dickson, Andrew B. <adickson@velaw.com>; Steven Cannon <scannon@drylaw.com>; Teague, Chelsea <cteague@velaw.com>
**Subject:** RE: W&T Offshore Inc. et al v. Endurance Assurance Corp et al, No. 4:24-CV-03047

**EXTERNAL EMAIL; use caution with links and attachments**

Counsel,

Following up on the email below, we are attaching and producing a revised organizational chart. The revision adds one individual who was inadvertently omitted from the prior version because he is on a leave of absence attending to a family medical emergency. He is identified on the chart with an asterisk (*). No other changes were made.



**Ryan Dry**
909 18th Street
Plano, Texas 75074
972.797.9511

---

**From:** Ryan Dry
**Sent:** Friday, August 22, 2025 5:52 PM
**To:** Lewis, Megan S. <mlewis@mcguirewoods.com>; Eva, Alyx <aeva@velaw.com>; Madriz, Yasser A. <YMadriz@mcguirewoods.com>; Huebinger, Jason <JHuebinger@mcguirewoods.com>; Indest, Miles O. <MIndest@mcguirewoods.com>; Giles, Nicholas J. <NGiles@mcguirewoods.com>; Marc Tabolsky <mtabolsky@hicksjohnson.com>; Talbot, Andrew E. <atalbot@mcguirewoods.com>
**Cc:** Popov, Chris <cpopov@velaw.com>; Halper, Jason <jhalper@velaw.com>; Brauerman, Sara (Bussiere) <sbrauerman@velaw.com>; Dickson, Andrew B. <adickson@velaw.com>; Steven Cannon <scannon@drylaw.com>; Teague, Chelsea <cteague@velaw.com>
**Subject:** RE: W&T Offshore Inc. et al v. Endurance Assurance Corp et al, No. 4:24-CV-03047

Counsel-

Please find attached correspondence dated August 22, 2025, together with the organizational charts of my clients.

These documents are produced subject to and in reliance on the draft Protective Order circulated among the parties, and should be treated as "Confidential" in accordance with its

terms, pending final execution.

**Ryan Dry**



909 18th Street
Plano, Texas 75074
972.797.9511

---

**From:** Lewis, Megan S. <mlewis@mcguirewoods.com>
**Sent:** Tuesday, August 19, 2025 5:19 PM
**To:** Eva, Alyx <aeva@velaw.com>; Madriz, Yasser A. <YMadriz@mcguirewoods.com>; Huebinger,
Jason <JHuebinger@mcguirewoods.com>; Indest, Miles O. <MIndest@mcguirewoods.com>; Giles,
Nicholas J. <NGiles@mcguirewoods.com>; Marc Tabolsky <mtabolsky@hicksjohnson.com>; Talbot,
Andrew E. <atalbot@mcguirewoods.com>
**Cc:** Popov, Chris <cpopov@velaw.com>; Halper, Jason <jhalper@velaw.com>; Brauerman, Sara
(Bussiere) <sbrauerman@velaw.com>; Dickson, Andrew B. <adickson@velaw.com>; Ryan Dry
<rdry@drylaw.com>; Steven Cannon <scannon@drylaw.com>; Teague, Chelsea
<cteague@velaw.com>
**Subject:** RE: W&T Offshore Inc. et al v. Endurance Assurance Corp et al, No. 4:24-CV-03047

Counsel, please see the attached correspondence.

Best,
Meg

**Megan S. Lewis**
Partner
McGuireWoods LLP
T: +1 202 857 1716 | M: +1 202 941 3654
mlewis@mcguirewoods.com

---

**From:** Eva, Alyx <aeva@velaw.com>
**Sent:** Thursday, August 14, 2025 11:06 PM
**To:** Lewis, Megan S. <mlewis@mcguirewoods.com>; Madriz, Yasser A.
<YMadriz@mcguirewoods.com>; Huebinger, Jason <JHuebinger@mcguirewoods.com>; Indest,
Miles O. <MIndest@mcguirewoods.com>; Talbot, Andrew E. <atalbot@mcguirewoods.com>; Marc
Tabolsky <mtabolsky@hicksjohnson.com>
**Cc:** Popov, Chris <cpopov@velaw.com>; Halper, Jason <jhalper@velaw.com>; Brauerman, Sara
(Bussiere) <sbrauerman@velaw.com>; Dickson, Andrew B. <adickson@velaw.com>; Ryan Dry
<rdry@drylaw.com>; Steven Cannon <scannon@drylaw.com>
**Subject:** W&T Offshore Inc. et al v. Endurance Assurance Corp et al, No. 4:24-CV-03047

**EXTERNAL EMAIL; use caution with links and attachments**

Counsel,


Please see the attached correspondence following up on today's meet and confer.

Thank you,
Alyx


**Alyx Eva**
**Senior Associate**

E  aeva@velaw.com
W  +1.713.758.2348
845 Texas Avenue
Suite 4700
Houston, TX 77002
Vcard | Bio | velaw.com

---

**CONFIDENTIALITY NOTICE:** The information in this email may be confidential and/or privileged. This email is
intended to be reviewed by only the individual or organization named above. If you are not the intended recipient or an
authorized representative of the intended recipient, you are hereby notified that any review, dissemination or copying
of this email and its attachments, if any, or the information contained herein is prohibited. If you have received this
email in error, please immediately notify the sender by return email and delete this email from your system.


Thank You.

---

*This e-mail from McGuireWoods may contain confidential or privileged information. If you are not the intended
recipient, please advise by return e-mail and delete immediately without reading or forwarding to others.*