IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| W&T OFFSHORE, INC., AND W&T ENERGY VI, LLC, | | |
| | Plaintiffs, | |
| v. | | Civil Action No. 4:24-CV-03047 |
| ENDURANCE ASSURANCE CORPORATION AND LEXON INSURANCE CO., | | |
| | Defendants. | |
| U.S. SPECIALTY INSURANCE COMPANY, | | |
| | Plaintiff, | |
| v. | | Civil Action No. 4:24-CV-04113 |
| W&T OFFSHORE, INC., AND W&T ENERGY VI, LLC, | | |
| | Defendants. | |
| UNITED STATE FIRE INSURANCE COMPANY, | | |
| | Plaintiff, | |
| v. | | Civil Action No. 4:24-CV-04395 |
| W&T OFFSHORE, INC., AND W&T ENERGY VI, LLC, | | |
| | Defendants. | |
| PENNSYLVANIA INSURANCE COMPANY, | | |
| | Plaintiff, | |
| v. | | Civil Action No. 4:24-CV-04400 |
| W&T OFFSHORE, INC., | | |
| | Defendant. | |

**UNITED STATES FIRE INSURANCE COMPANY'S RESPONSE TO
W&T OFFSHORE, INC. AND W&T ENERGY VI, LLC'S MOTION TO QUASH
U.S. FIRE'S NON-PARTY SUBPOENA TO ERNST & YOUNG, LLP**

Defendant, United States Fire Insurance Company ("US Fire") files this Response ("Response") to W&T Offshore, Inc. and W&T Energy VI, LLC's (collectively, "W&T") Motion to Quash U.S. Fire's Non-Party Subpoena to Ernst & Young, LLP or, alternatively, for a Protective

Order ("Motion to Quash") [Dkt. 169] and respectfully states:

**I.     W&T has made its financial condition a central issue in this case.**

1.    To an extent, U.S. Fire agrees that W&T's financial condition is irrelevant, as the written indemnity agreement ("GIA") gives U.S. Fire sole discretion, regardless of W&T's financial condition, to demand release from and/or collateralization of its risk under its Bonds. This is the crux of U.S. Fire's and the other Sureties' claims against W&T under their respective GIA's.[1] If the Court agrees, they should prevail.

2.    However, W&T – not U.S. Fire – has made W&T's financial condition a central issue in this case, thus making evidence of W&T's financial condition relevant.[2] If, as U.S. Fire expects, the E&Y documents show that W&T's financial condition was deteriorating, then they serve as a belt and suspenders approach that confirms and supports specific enforcement of U.S. Fire's and the other Sureties demands for release and/or collateral, nullifies W&T's defenses to Sureties claims under the GIA's, and, importantly, exposes as groundless W&T's federal and state anti-trust claims against the Sureties, which W&T predicates on its unchanged financial condition.

---

[1] Defendants, Endurance Assurance Corporation ("Endurance"), Lexon Insurance Co. ("Lexon") and Pennsylvania Insurance Company ("Penn"), make a similar argument for specific enforcement of their release and/or collateral demand claims on W&T. Collectively, U.S. Fire, Endurance, Lexon, and Penn are referred to herein as "Sureties."

[2] W&T has placed its financial condition at the heart of its defenses and its affirmative federal and state anti-trust claims. Thus, U.S. Fire disagrees that the E&Y subpoena is "irrelevant." W&T's affirmative defenses of bad faith and violations of the Sherman Antitrust Act, for example, alleged in its Answer [Dkt. 160] primarily depend on W&T's allegation that its financial condition remained unchanged from previous years. *See, e.g.*, Paragraphs 57 and 67 [Dkt 160, Paras. 57, 67]. The causes of action alleged by W&T in its First Amended Complaint for Declaratory Relief and Damages [Dkt. 36] are premised on its allegations that "W&T has remained solvent and capable of meeting its financial obligations," "At all times…W&T has also remained solvent and capable of meeting its financial obligations," and "W&T's financial status has remained substantially the same since the Sureties issued bonds to W&T, making it abundantly evident the Sureties' call for collateral was made for nefarious purposes" [Dkt 36, Paras. 2, 73, and 88]. It is contradictory for W&T to argue that its financial well-being proves U.S. Fire's bad faith and anti-trust violations, yet, in this Motion, insist that its financial condition is "irrelevant." Surety expects the E&Y documents to provide a clearer picture of the company's financial condition, proving or disproving W&T's defenses and claims.

## II. The E&Y Subpoena complements, not circumvents, the discovery process.

4. The E&Y subpoena serves to guarantee full disclosure of documents and information relevant to this case. Only if the E&Y subpoena is entirely duplicative of document requests served on W&T and only if the E&Y subpoena requests documents that, although in E&Y's possession, are under W&T's control would the E&Y subpoena arguably circumvent Rule 34. *Ntakirutimana v. CHS/Community Health Systems, Inc.*, Case No. L–09–114, 2011 WL 13135608 *1 (S.D. Tex June 28, 2011). But the E&Y subpoena is not entirely duplicative of document requests to W&T, nor are all documents requested under W&T's control.[3]

5. While some duplication may occur, E&Y has its own audit work papers, internal and external communications, reports, and analyses—materials not belonging to, in the possession of, or under the control of W&T. These are proper subjects of a Rule 45 subpoena.[4] W&T's general objections that the subpoena is disproportionate or imposes an undue burden or hardship are not good grounds for granting the Motion and depriving Surety of the E&Y documents.

## III. The E&Y Subpoena Is Proportionate under Rule 45.

6. W&T has pushed for an aggressive discovery plan. Now, it wants to delay discovery. The E&Y subpoena, which focuses on W&T's financial condition during the relevant period, aims to move this case forward to final resolution.

WHEREFORE, Defendant, United States Fire Insurance Company, respectfully requests that this Court deny the Motion to Quash.

---

[3] Responding to Defendants' argument that it expected Plaintiffs and the third parties to produce documents even though entirely duplicative of Plaintiffs production, the Court stated, "It appears to the Court…that issuing a request for production of documents to a party and an [entirely] duplicative third-party subpoena, when the party is in "control" of the documents…may be improper under the Federal Rules" *Ntakirutimana* at *1.

[4] In *Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812 (5th Cir. 2004), the Court affirmed the propriety of a non-party subpoena even where the party possessed similar documents, holding that the relevant test looks at relevance, need, and burden, not duplication. *See Louisiana Corral Mgmt., LLC v. Axis Surplus Ins. Co.*, 650 F. Supp. 3d 491 (E.D. La. 2023); *MetroPCS v. Thomas*, 327 F.R.D. 600 (N.D. Tex. 2018).

Respectfully submitted this 14th day of October 2025.

/s/ Ryan *D. Dry*
Ryan D. Dry
Texas Bar No. 24050532
S.D. Tex. Bar No. 618363
Steven K. Cannon
Texas Bar No. 24086997
S.D. Tex Bar No. 3356957
**DRY LAW, PLLC**
909 18th Street
Plano, TX 75074
(972) 797-9510 Tele/Fax
rdry@drylaw.com
scannon@drylaw.com

***ATTORNEYS FOR UNITED STATES FIRE INSURANCE COMPANY***

## CERTIFICATE OF SERVICE

I hereby certify that, on October 14, 2025, a true and correct copy of the foregoing document was filed and served by the Electronic Case Filing System for the United States District Court for the Southern District of Texas on those parties registered to receive electronic notice.

*/s/ Ryan D. Dry*
Ryan D. Dry