IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| W&T OFFSHORE, INC., AND W&T ENERGY VI, LLC, | | |
| | Plaintiffs, | |
| v. | | Civil Action No. 4:24-CV-03047 |
| ENDURANCE ASSURANCE CORPORATION AND LEXON INSURANCE CO., | | |
| | Defendants. | |
| U.S. SPECIALTY INSURANCE COMPANY, | | |
| | Plaintiff, | |
| v. | | Civil Action No. 4:24-CV-04113 |
| W&T OFFSHORE, INC., AND W&T ENERGY VI, LLC, | | |
| | Defendants. | |
| UNITED STATE FIRE INSURANCE COMPANY, | | |
| | Plaintiff, | |
| v. | | Civil Action No. 4:24-CV-04395 |
| W&T OFFSHORE, INC., AND W&T ENERGY VI, LLC, | | |
| | Defendants. | |
| PENNSYLVANIA INSURANCE COMPANY, | | |
| | Plaintiff, | |
| v. | | Civil Action No. 4:24-CV-04400 |
| W&T OFFSHORE, INC., | | |
| | Defendant. | |

**PENNSYLVANIA INSURANCE COMPANY AND UNITED STATES FIRE INSURANCE COMPANY'S UNOPPOSED MOTION TO SUPPLEMENT THEIR JOINT MOTION TO DISMISS PLAINTIFFS W&T OFFSHORE, INC. AND W&T ENERGY VI, LLC'S FIRST AMENDED COMPLAINT FOR DECLARATORY RELIEF AND DAMAGES**

Defendants Pennsylvania Insurance Company ("Penn") and United States Fire Insurance Company ("US Fire") (Penn and US Fire are collectively referred to herein as the "Sureties")

submit this **Unopposed** Motion to Supplement Their Joint Motion to Dismiss Plaintiffs W&T Offshore, Inc. and W&T Energy VI, LLC's First Amended Complaint for Declaratory Relief and Damages (the "Motion"). [Dkt. 63]. The sole purpose of this Motion is to provide the Court with the full transcript of the National Association of Surety Bond Producers (NASBP): Oil & Gas Industry an Update on BOEM Regulation, dated November 11, 2024, (the "Transcript")[1] which W&T Offshore, Inc. and W&T Energy VI, LLC's (collectively, "W&T") referred to extensively in its First Amended Complaint for Declaratory Relief and Damages (the "Complaint") [Dkt. 36] and its Response to the Sureties' Joint Motion to Dismiss. [Dkt. 76]. This Motion does not provide any supplemental argument or authorities with respect to the Joint Motion to Dismiss.

W&T filed the Complaint on December 11, 2024. [Dkt. 36]. The Complaint contains extensive references, including quotations, to the Transcript throughout. [Dkt. 36, ¶¶ 4, 37, 90, 116-121, 128]. On or about February 12, 2025, the Sureties filed their Joint Motion to Dismiss. [Dkt. 63]. At that time, the Sureties did not attach a copy of the Transcript to the Joint Motion to Dismiss, as they did not yet have a copy. W&T filed a Response to the Joint Motion to Dismiss on or about March 24, 2025, which also included references to the Transcript. [Dkt. 63, pp. 2, 11, 15, 16, 18]. Since the filing of the Joint Motion to Dismiss, the Sureties have obtained a copy of the Transcript.

"[C]ourts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling Rule 12(b)(6) motions to dismiss, in particular documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). Generally, the pleadings include the complaint and any documents attached to it. *Morgan v. Texas Dept. of State*

---

[1] A copy of the Transcript is attached hereto as **Exhibit A**.

*Health Servs.*, Civil Action No. 3:18-cv-02626-L, 2022 WL 256508, *2 (N.D. Tex. Jan. 27, 2022) (citing *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000)). Additionally, "[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [the plaintiff's] claims." *Id.*

Here, W&T incorporated the Transcript into the Complaint by reference by extensively referencing and quoting from the Transcript. [Dkt. 36]. Further, the Transcript is central to W&T's Complaint as evidenced by W&T's use of the Transcript in its Response to the Motion to Dismiss. [Dkt. 76]. In an effort to be transparent and for completeness, the Sureties seek to supplement the Joint Motion to Dismiss only to the extent the Transcript would become an exhibit to such Joint Motion to Dismiss and appropriate for this Court to consider in its entirety in making any ruling on the Joint Motion to Dismiss [Dkt. 63].

For these reasons, the Sureties respectfully request that the Court enter an order allowing them to supplement the Joint Motion to Dismiss [Dkt. 63] by attaching the Transcript as an exhibit to such motion.

**[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]**

RESPECTFULLY SUBMITTED this 21st day of October, 2025.

                                              */s/ Ryan D. Dry*
                                              Ryan D. Dry
                                              Texas Bar No. 24050532
                                              S.D. Tex. Bar No. 618363
                                              Steven K. Cannon
                                              Texas Bar No. 24086997
                                              S.D. Tex Bar No. 3356957
                                              **DRY LAW, PLLC**
                                              909 18th Street
                                              Plano, TX 75074
                                              (972) 797-9510 Tele/Fax
                                              rdry@drylaw.com
                                              scannon@drylaw.com

                                              ***ATTORNEYS FOR PENNSYLVANIA INSURANCE COMPANY and UNITED STATES FIRE INSURANCE COMPANY***

## CERTIFICATE OF SERVICE

I hereby certify that, on October 21, 2025, a true and correct copy of the foregoing document was filed and served by the Electronic Case Filing System for the United States District Court for the Southern District of Texas on those parties registered to receive electronic notice.

                                              */s/ Ryan D. Dry*
                                              Ryan D. Dry

## CERTIFICATE OF CONFERENCE

Pursuant to Local Rule 7.1(D) and Judge Hanen's Civil Procedure Rule 7(C), the undersigned counsel certifies that, on October 20, 2025, he conferred in good faith with Megan S. Lewis counsel for W&T Offshore, Inc. and W&T Energy VI, LLC, regarding this motion to supplement the Joint Motion to Dismiss [Dkt. 63], and counsel expressed that she does not oppose the filing of the Transcript.

                                              */s/ Ryan D. Dry*
                                              Ryan D. Dry