
Jason Halper jhalper@velaw.com
**Tel** +1.212.237.0240

January 2, 2026

<u>*Via ECF E-File*</u>

Honorable Dena Hanovice Palermo
U.S. District Court, Southern District of Texas
515 Rusk Avenue, Room 7727
Houston, Texas 77002

Re:   Civil Action No. 4:24-CV-03047; *W&T Offshore, Inc. et al. v. Endurance Assurance Corp., et al.*; in the United States District Court for the Southern District of Texas

Dear Judge Palermo:

Lexon Insurance Company and Endurance Assurance Corporation ("Lexon") seek a discovery conference and leave to file a motion for protective order to address W&T Offshore, Inc. and W&T Energy VI, LLC's ("W&T") misuse of third-party discovery.

W&T served 67 non-party subpoenas to oil and gas companies, trade associations, brokers, reinsurers, and sureties with, in the aggregate, more than 200 excessively broad requests that (1) ignore the Court's instruction to engage in party discovery before serving third-party discovery; (2) seek discovery from parties with no relation to this dispute; and (3) go beyond the scope of discovery permitted by the Court's October 23, 2025 order.[1]

First, W&T's excessively broad requests contradict the spirit of this Court's instruction to the parties regarding discovery. At the October 16, 2025, status conference, in the context of quashing a subpoena served on non-party Ernst & Young, the Court cautioned the **parties** to produce "waves" of documents which, upon review, may lead to requests for further documents, rather than blindly serving non-party subpoenas. Dkt. 192, Oct. 16, 2025 Hr'g Tr. at 19:20–20:5 ("[W]ithout knowing what they have, without seeing what's in those documents, you're just guessing. And [] we can't operate on that basis."). In serving 67 nonparty subpoenas at this stage, W&T is engaging in exactly the kind of discovery practice it argued against and that the Court warned was inappropriate.

---

[1] On January 2, 2026, counsel for Lexon, including Chris Popov, Nicole Castle, and Alyx Eva, conferred with counsel for W&T, including Megan Lewis and Nicholas Giles regarding the third-party subpoenas. W&T indicated that it was unwilling to withdraw or limit its requests to the non-parties and unwilling to adjourn the upcoming compliance deadlines (January 12, 15, and 16). W&T then confirmed in writing that the parties are at impasse.

**Vinson & Elkins LLP Attorneys at Law**                                   The Grace Building, 1114 Avenue of the Americas, 32nd Floor
Austin Dallas Denver Dubai Dublin Houston London                           New York, NY 10036
Los Angeles New York Richmond San Francisco Tokyo Washington               **Tel** +1.212.237.0000 **Fax** +1.212.237.0100 velaw.com

**V&E**

Second, W&T has failed to articulate an appropriate basis for seeking discovery from these 67 third-parties, most of which are not identified in W&T's First Amended Complaint or in any other of W&T's filings. *See, e.g., Crosby v. Louisiana Health Serv. & Indem. Co.*, 647 F.3d 258, 264 (5th Cir. 2011) (discovery rules have "never been a license to engage in an unwieldy, burdensome, and speculative fishing expedition") (citation omitted). W&T has never alleged that any of these specific non-parties were involved in or injured by any purported conspiracy, and therefore, W&T should first assess party discovery. *See, e.g., MetroPCS v. Thomas*, 327 F.R.D. 600, 627–28 (N.D. Tex. 2018) (granting motion to quash third-party deposition regarding third-party's alleged participation in conspiracy when, despite plaintiff's insistence, "there [was] nothing to suggest that [the third-party was] conspiring with defendants named" in the lawsuit). W&T's subpoenas are a distraction from the contractual issues at the core of this case and burdens Lexon and the other Defendants with the unnecessary time and expense of wading through likely irrelevant documents produced by non-parties.

Finally, W&T's non-party subpoenas appear to be an attempt to navigate around the limits of permissible discovery ordered by this Court. On October 23, 2025, the Court issued an order on the parties' motions to compel, limiting the scope of disputed discovery to Defendants' collateral calls to W&T and other independent oil and gas operators and rate increases tied to those collateral calls. Dkt. 199. W&T's requests are much broader. For instance, in several of its third-party subpoenas, W&T seeks all documents "reflecting, referencing, memorializing, or summarizing any communications" between the recipient and "any other Surety or Reinsurer about the pricing or terms of Bonds, including but not limited to, the amount of premiums, the timing or amount of any demands for collateral, or limits on capacity or issuance of Bonds." *See, e.g,* Dkt. 233.1, Ex. 1, W&T's Rule 45 Subpoena for the Production of Documents to Ace American Insurance Company.

A motion for protection is the appropriate vehicle to challenge W&T's excessive subpoena practice. *See, e.g., Huber v. Tex. Woman's Univ.*, No. CV H-06-00303, 2006 WL 8446878, at *2 (S.D. Tex. June 16, 2006) (granting defendant's motion for protective order against third-party subpoenas because they were "impermissibly overbroad . . . much broader than the rules of federal procedure allow"). Lexon respectfully requests that the Court grant Lexon leave to file a motion for protection against W&T's excessive and overreaching subpoenas and that the Court schedule argument on such motion.

                Sincerely,

                */s/ Jason Halper*
                Jason Halper