**McGuireWoods**

McGuireWoods LLP
888 16th Street N.W.
Suite 500
Washington, DC 20006
Phone: 202.857.1700
Fax: 202.857.1737
www.mcguirewoods.com

Megan S. Lewis
Direct: 202.857.1716
mlewis@mcguirewoods.com

January 5, 2026

**Via CM/ECF and Electronic Mail:** (*palermochambers@txs.uscourts.gov*)
The Honorable Dena Hanovice Palermo
U.S. District Court, Southern District of Texas

Re: *W&T Offshore, Inc., et al. v. Endurance Assurance Corp., et al.*, 4:24-cv-3047

Dear Judge Palermo:

W&T Offshore, Inc. and W&T Energy VI, LLC (collectively, "W&T") submit this response to Defendant Lexon's letter requesting a discovery conference, ECF 237, which seeks leave to file a motion for protection related to third-party subpoenas issued by W&T.

This is an antitrust case. The subpoenas served by W&T seek relevant and discoverable information from market participants in connection with W&T's properly pleaded antitrust claims.[1] They are targeted, narrow in scope, and appropriately balance the relevance against the burden imposed on non-parties, consistent with Fed. R. Civ. P. 45. Tellingly, to W&T's knowledge, not a single non-party has approached the Court to quash or modify the subpoenas. It is only Lexon—who has not asserted any ownership interest or agency relationship with regard to any of the information sought by the subpoenas—who seeks to preclude W&T from obtaining information about the scope of their antitrust conspiracy.

Your Honor, let me first describe W&T's measured approach to third-party engagement. We have been mindful of burden. We have liberally granted extensions to any third party who has requested it, and we have agreed to narrow requests where parties have expressed concern. But also—several third parties have informed W&T that they do not have any responsive information, or that they ceased operations in the offshore market before the time period of W&T's subpoena. The absence of information itself is useful and appropriate to understand the scope of the antitrust market and its participants. This is precisely the type of respectful and collaborative engagement that Courts expect with regard to third-party discovery.

The subpoenas themselves were served on four categories of market participants: (1) other independent oil & gas operators that have purchased surety bonds; (2) other sureties and reinsurers that have been involved with offshore bonds in the same market as Defendants; (3) brokers who have been involved with Defendants' bonds and/or in the conspiracy; and (4) trade associations that have organized and facilitated meetings at which surety companies discussed strategies and exchanged non-public information. The time period on the majority of the subpoenas is June 2023

---

[1] On December 19, 2025, the Court granted Lexon's motion to withdraw its motion to dismiss W&T's antitrust claims, ECF No. 235. Lexon has thus conceded that W&T's claims are properly pleaded under both the per se and rule of reason theories, and W&T is entitled to discovery.

to the present; and the majority of the subpoenas contain only 4 or 7 requests. Those requests are specifically tailored to each category of recipient—with many seeking documents "sufficient to show" relevant information, such as participants in the relevant market, as well as bond pricing and capacity in the relevant market. Such information is routinely produced in antitrust cases and is necessary to establish anticompetitive pricing and terms under a rule of reason theory. And of course—W&T has asked for communications between competitor sureties or reinsurers related to bond pricing or terms such as collateral, and documents reflecting any agreement or common plan related to coordination with competitors regarding such matters. If the answer is that there was no conspiracy and no such communications exist, that should be a straightforward response and Lexon should have no concerns with such requests.

Second, I want to assure the Court that W&T is not in any way attempting to circumvent any order of this Court. The Court's First Amended Docket Control Order, ECF 225, does not restrict third-party discovery, and indeed, third-party discovery has been served by both sides in this action—among other subpoenas, in August 2025, Defendant U.S. Fire served W&T's broker with a subpoena seeking 25 categories of documents. W&T did not move to quash that subpoena; the parties have been working through privilege issues and recently received a production from that entity. There is no reason that W&T's much narrower third-party subpoenas should be handled any differently. Defendant U.S. Fire's subpoena to E&Y, which U.S. Fire withdrew after the Court indicated it would quash it, was much different—it sought W&T's own financial information from a third party. None of W&T's subpoenas do so, and W&T has invited any of the Defendants to inform us if such a circumstance exists. Nothing has been identified to date.

Last, we have not interpreted Your Honor's comments at the October 16, 2025, hearing as suggesting an overall approach that discovery must proceed in "waves," as Lexon suggests, and that W&T must prove its case at each wave in order to get to the next one. We understood the Court's comments to be encouraging the parties to get discovery and rolling document productions underway. W&T served discovery on the parties in June. It is now January 2026. For over six months, W&T has been repeatedly asking for the Defendants to provide discovery. <u>None of the Defendants has complied with the Court's October 23, 2025, discovery order</u>. For example, despite being ordered to produce documents related to oil and gas operators on whom they made collateral calls and rate increases, Defendants still have not done so. W&T is at a loss of how or when it will obtain the party discovery to which it is entitled, and in any event, it is entitled to seek evidence from the hands of others, who may have less motive to obfuscate. *Open Cheer & Dance Championship Series, LLC v. Varsity Spirit, LLC*, 2025 WL 592484 at *2 (N.D. Tex. Feb. 24, 2025) (Where "allegations of conspiracy . . . are involved . . . broad discovery may be needed to uncover evidence of invidious design, pattern or intent.").

Respectfully submitted,

Megan S. Lewis
Counsel for W&T

cc: All counsel of record (via ECF)