IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| W&T OFFSHORE, INC., AND <br> W&T ENERGY VI, LLC, <br><br> v. <br><br> ENDURANCE ASSURANCE CORPORATION, <br> AND LEXON INSURANCE CO., *ET AL.* | § § § § § § § § § <br><br> LEAD CASE NO. 4:24-CV-3047 <br> CONSOLIDATED ACTION |

## W&T'S ANSWER TO ENDURANCE ASSURANCE CORPORATION AND LEXON INSURANCE COMPANY'S SECOND AMENDED COUNTERCLAIM

NOW INTO COURT, through undersigned counsel, come W&T Offshore, Inc. ("W&T Offshore") and W&T Energy VI, LLC ("W&T Energy") (collectively, "W&T"), who file this answer to the Second Amended Counterclaim (Dkt. 244, "the Counterclaim") of Endurance Assurance Corporation ("Endurance") and Lexon Insurance Company ("Lexon," and collectively with Endurance, the "Sompo Sureties"):

**ANSWER[1]**

1. W&T admits that W&T, on the one hand, and the Sompo Sureties, on the other, are parties to that certain Payment and Indemnity Agreement No. 1380 effective as of September 14, 2020 (the "Indemnity Agreement"). W&T further admits that both Endurance and Lexon joined in and issued bonds covered by the Indemnity Agreement. The remainder of the allegations contained in paragraph 1 of the Counterclaim are denied. The Indemnity Agreement and the bonds issued by the Sompo Sureties pursuant thereto are the best evidence of their contents.

---

[1] W&T states that the headings throughout the Counterclaim do not constitute well-pleaded allegations of fact and, therefore, require no response. To the extent a response is required, W&T denies the allegations in the headings of the Counterclaim.

1

2. W&T admits that the Bureau of Safety and Environmental Enforcement ("BSEE") and the Bureau of Ocean Energy Management ("BOEM") regulate W&T's activities on the Outer Continental Shelf. The remainder of the allegations contained in paragraph 2 of the Counterclaim constitute legal conclusions to which a response is not required. To the extent a response is required, W&T denies the remainder of the allegations contained in paragraph 2 of the Counterclaim.

3. W&T admits that, in accordance with the regulations issued by BOEM, W&T posted bonds in favor of the United States for oil and natural gas operations on the Outer Continental Shelf. The remainder of the allegations contained in paragraph 3 of the Counterclaim constitute legal conclusions to which a response is not required. To the extent a response is required, W&T denies the remainder of the allegations contained in paragraph 3 of the Counterclaim.

4. The allegations contained in paragraph 4 of the Counterclaim constitute legal conclusions to which a response is not required. To the extent a response is required, W&T denies the allegations contained in paragraph 4 of the Counterclaim.

5. W&T denies the allegations contained in paragraph 5 of the Counterclaim. The Indemnity Agreement and the bonds issued by the Sompo Sureties pursuant thereto are the best evidence of their contents.

6. W&T denies the allegations contained in paragraph 6 of the Counterclaim. The Indemnity Agreement and the bonds issued by the Sompo Sureties pursuant thereto are the best evidence of their contents.

7. W&T denies the allegations contained in paragraph 7 of the Counterclaim.

8. W&T denies the allegations contained in paragraph 8 of the Counterclaim.

9. W&T denies the allegations contained in paragraph 9 of the Counterclaim.

10. W&T denies the allegations contained in paragraph 10 of the Counterclaim.

11. W&T denies the allegations contained in paragraph 11 of the Counterclaim.

12. W&T admits that the Sompo Sureties charge premiums to W&T in connection with the Bonds they have issued to W&T. The remainder of the allegations contained in paragraph 12 of the Counterclaim constitute legal conclusions to which a response is not required. To the extent a response is required, W&T denies the remainder of the allegations contained in paragraph 12 of the Counterclaim.

13. W&T denies the allegations contained in paragraph 13 of the Counterclaim for lack of information sufficient to justify a belief as to the truth thereof.

14. W&T admits that the Sompo Sureties sent a letter dated July 9, 2024, and that Exhibit 2 is a true and correct copy of that letter. W&T further admits that it made multiple collateral proposals, all of which were rejected by the Sompo Sureties. The remainder of the allegations contained in paragraph 14 of the Counterclaim are denied. Exhibit 2 is the best evidence of its contents.

15. W&T admits that it made multiple collateral proposals, all of which were rejected by the Sompo Sureties. The remainder of the allegations contained in paragraph 15 of the Counterclaim are denied.

16. W&T denies the allegations contained in paragraph 16 of the Counterclaim.

17. W&T denies the allegations contained in paragraph 17 of the Counterclaim.

18. W&T denies the allegations contained in paragraph 18 of the Counterclaim.

19. W&T denies the allegations contained in paragraph 19 of the Counterclaim. The Indemnity Agreement and the bonds issued by the Sompo Sureties pursuant thereto are the best evidence of their contents.

20. W&T denies the allegations contained in paragraph 20 of the Counterclaim. The Indemnity Agreement is the best evidence of its contents.

21. W&T denies the allegations contained in paragraph 21 of the Counterclaim. The Indemnity Agreement is the best evidence of its contents.

22. W&T denies the allegations contained in paragraph 22 of the Counterclaim.

23. W&T denies the allegations contained in paragraph 23 of the Counterclaim.

24. W&T denies the allegations contained in paragraph 24 of the Counterclaim.

## PARTIES

25. W&T admits the allegations contained in paragraph 25 of the Counterclaim.

26. W&T admits the allegations contained in paragraph 26 of the Counterclaim.

## JURISDICTION

27. W&T admits the allegations contained in paragraph 27 of the Counterclaim.

28. W&T admits the allegations contained in paragraph 28 of the Counterclaim.

## FACTUAL BACKGROUND

29. W&T denies the allegations contained in paragraph 29 of the Counterclaim. The bonds issued by the Sompo Sureties are the best evidence of their contents.

30. W&T admits that BSEE and BOEM regulate W&T's activities on the Outer Continental Shelf. The remainder of the allegations contained in paragraph 30 of the Counterclaim constitute legal conclusions to which a response is not required. To the extent a response is

required, W&T denies the remainder of the allegations contained in paragraph 30 of the Counterclaim.

31. W&T admits that BSEE and BOEM regulate W&T's activities on the Outer Continental Shelf. The remainder of the allegations contained in paragraph 31 of the Counterclaim constitute legal conclusions to which a response is not required. To the extent a response is required, W&T denies the remainder of the allegations contained in paragraph 31 of the Counterclaim.

32. W&T admits that, in accordance with the regulations issued by BOEM, W&T posted bonds in favor of the United States for oil and natural gas operations on the Outer Continental Shelf. The remainder of the allegations contained in paragraph 32 of the Counterclaim constitute legal conclusions to which a response is not required. To the extent a response is required, W&T denies the remainder of the allegations contained in paragraph 32 of the Counterclaim.

33. The allegations contained in paragraph 33 of the Counterclaim constitute legal conclusions to which a response is not required. To the extent a response is required, W&T denies the allegations contained in paragraph 33 of the Counterclaim.

34. W&T denies the allegations contained in paragraph 34 of the Counterclaim. The Indemnity Agreement and the bonds issued by the Sompo Sureties pursuant thereto are the best evidence of their contents.

35. W&T admits that Endurance and Lexon issued bonds in connection with W&T's obligations to BOEM. W&T further admits that Endurance and Lexon issued bonds to nongovernmental parties in conjunction with W&T's operations on the Outer Continental Shelf.

W&T further admits that Endurance issued a bond in favor of the Texas Railroad Commission. The remainder of the allegations contained in paragraph 35 of the Counterclaim are denied.

36. The Bonds issued by the Sompo Sureties to W&T and that are referred to in the Counterclaim as the "Bonds" speak for themselves. To the extent paragraph 36 of the Counterclaim is inconsistent with the Bonds, paragraph 36 is denied.

37. W&T denies the allegations contained in paragraph 37 of the Counterclaim. The Indemnity Agreement is the best evidence of its contents.

38. W&T denies the allegations contained in paragraph 38 of the Counterclaim. The Indemnity Agreement is the best evidence of its contents.

39. W&T denies the allegations contained in paragraph 39 of the Counterclaim. The Indemnity Agreement is the best evidence of its contents.

40. W&T denies the allegations contained in paragraph 40 of the Counterclaim. The Indemnity Agreement is the best evidence of its contents.

41. W&T denies the allegations contained in paragraph 41 of the Counterclaim. The Indemnity Agreement is the best evidence of its contents.

42. W&T denies the allegations contained in paragraph 42 of the Counterclaim. The Indemnity Agreement is the best evidence of its contents.

43. W&T denies the allegations contained in paragraph 43 of the Counterclaim for lack of information sufficient to justify a belief as to the truth thereof.

44. W&T denies the allegations contained in paragraph 44 of the Counterclaim. Exhibit 3 is the best evidence of its contents.

45. W&T denies the allegations contained in paragraph 45 of the Counterclaim. Exhibit 3 is the best evidence of its contents.

46. W&T denies the allegations contained in paragraph 46 of the Counterclaim.

47. W&T denies the allegations contained in paragraph 47 of the Counterclaim. Exhibits 4 and 5 are the best evidence of their contents.

48. W&T denies the allegations contained in paragraph 48 of the Counterclaim for lack of information sufficient to justify a belief as to the truth thereof.

49. W&T admits that, in recent years, BOEM has issued regulations, which are the best evidence of their contents. The remainder of the allegations contained in paragraph 49 of the Counterclaim are denied.

50. W&T denies the allegations contained in paragraph 50 of the Counterclaim. The Indemnity Agreement is the best evidence of its contents.

51. W&T denies the allegations contained in paragraph 51 of the Counterclaim. The Indemnity Agreement is the best evidence of its contents.

52. The Sompo Sureties' June 20, 2024, correspondence is the best evidence of its contents. W&T denies the remaining allegations contained in paragraph 52 of the Counterclaim.

53. The Sompo Sureties' June 20, 2024, correspondence is the best evidence of its contents. W&T denies the remaining allegations contained in paragraph 53 of the Counterclaim.

54. W&T denies the allegations contained in paragraph 54 of the Counterclaim.

55. W&T denies the allegations contained in paragraph 55 of the Counterclaim.

56. W&T admits that the Sompo Sureties sent a letter dated July 9, 2024. W&T denies the remainder of the allegations contained in paragraph 56 of the Counterclaim. The July 9, 2024, letter is the best evidence of its contents.

57. W&T denies the allegations contained in paragraph 57 of the Counterclaim. W&T has made multiple proposals regarding collateral all of which were rejected by the Sompo Sureties.

58. W&T denies the allegations contained in paragraph 58 of the Counterclaim.

59. W&T denies the allegations contained in paragraph 59 of the Counterclaim.

## COUNT I
## (BREACH OF THE INDEMNITY AGREEMENT - SPECIFIC PERFORMANCE OF COLLATERAL DEMAND PROVISION)

60. The allegations contained in paragraph 60 of the Counterclaim do not require a response by W&T. To the extent a response is required, the allegations contained in paragraph 60 of the Counterclaim are denied.

61. The allegations contained in paragraph 61 of the Counterclaim constitute legal conclusions to which a response is not required. To the extent a response is required, W&T denies the allegations contained in paragraph 61 of the Counterclaim.

62. W&T denies the allegations contained in paragraph 62 of the Counterclaim. The Indemnity Agreement is the best evidence of its contents.

63. W&T denies the allegations contained in paragraph 63 of the Counterclaim. The Indemnity Agreement is the best evidence of its contents.

64. W&T admits that it received the July 9, 2024, letter but denies the remainder of the allegations contained in paragraph 64 of the Counterclaim.

65. W&T admits the allegations contained in paragraph 65 of the Counterclaim.

66. W&T denies the allegations contained in paragraph 66 of the Counterclaim.

67. W&T denies the allegations contained in paragraph 67 of the Counterclaim for lack of information sufficient to justify a belief as to the truth thereof.

68. W&T denies the allegations contained in paragraph 68 of the Counterclaim.

69. W&T denies the allegations contained in paragraph 69 of the Counterclaim.

## COUNT II
## (BREACH OF THE INDEMNITY AGREEMENT - PREMIUM PAYMENTS)

70. The allegations contained in paragraph 70 of the Counterclaim do not require a response by W&T. To the extent a response is required, the allegations contained in paragraph 70 of the Counterclaim are denied.

71. The allegations contained in paragraph 71 of the Counterclaim constitute legal conclusions to which a response is not required. To the extent a response is required, W&T denies the allegations contained in paragraph 71 of the Counterclaim.

72. W&T denies the allegations contained in paragraph 72 of the Counterclaim. The Indemnity Agreement is the best evidence of its contents.

73. W&T denies the allegations contained in paragraph 73 of the Counterclaim.

74. W&T denies the allegations contained in paragraph 74 of the Counterclaim.

75. W&T denies the allegations contained in paragraph 75 of the Counterclaim for lack of information sufficient to justify a belief as to the truth thereof.

76. W&T denies the allegations contained in paragraph 76 of the Counterclaim.

## COUNT III
## (DECLARATORY JUDGMENT – LEXON'S CONTRACTUAL RIGHT TO COLLATERAL)

77. The allegations contained in paragraph 77 of the Counterclaim do not require a response by W&T. To the extent a response is required, the allegations contained in paragraph 77 of the Counterclaim are denied.

78. The allegations contained in paragraph 78 of the Counterclaim constitute legal conclusions to which a response is not required. To the extent a response is required, W&T denies the allegations contained in paragraph 78 of the Counterclaim.

79. W&T admits that the Counterclaim purports to seek declaratory relief. W&T denies the remaining allegations contained in paragraph 79 of the Counterclaim.

80. W&T denies the allegations contained in paragraph 80 of the Counterclaim. The Indemnity Agreement is the best evidence of its contents.

81. W&T denies the allegations contained in paragraph 81 of the Counterclaim. The Indemnity Agreement is the best evidence of its contents.

82. W&T denies the allegations contained in paragraph 82 of the Counterclaim.

83. W&T admits the allegations contained in paragraph 83 of the Counterclaim.

84. W&T denies the allegations contained in paragraph 84 of the Counterclaim.

## COUNT IV
## (DECLARATORY JUDGMENT – LEXON'S CONTRACTUAL RIGHT TO PREMIUM PAYMENTS)

85. The allegations contained in paragraph 85 of the Counterclaim do not require a response by W&T. To the extent a response is required, the allegations contained in paragraph 85 of the Counterclaim are denied.

86. The allegations contained in paragraph 86 of the Counterclaim constitute legal conclusions to which a response is not required. To the extent a response is required, W&T denies the allegations contained in paragraph 86 of the Counterclaim.

87. W&T admits that the Counterclaim purports to seek declaratory relief. W&T denies the remaining allegations contained in paragraph 87 of the Counterclaim.

88. W&T denies the allegations contained in paragraph 88 of the Counterclaim. The Indemnity Agreement is the best evidence of its contents.

89. W&T denies the allegations contained in paragraph 89 of the Counterclaim.

90. W&T denies the allegations contained in paragraph 90 of the Counterclaim.

91. W&T admits the allegations contained in paragraph 91 of the Counterclaim.

92. W&T denies the allegations contained in paragraph 92 of the Counterclaim.

## COUNT V
## (DECLARATORY JUDGMENT – LEXON'S CONTRACTUAL RIGHT TO INDEMNITY)

93. The allegations contained in paragraph 93 of the Counterclaim do not require a response by W&T. To the extent a response is required, the allegations contained in paragraph 93 of the Counterclaim are denied.

94. The allegations contained in paragraph 94 of the Counterclaim constitute legal conclusions to which a response is not required. To the extent a response is required, W&T denies the allegations contained in paragraph 94 of the Counterclaim.

95. W&T admits that the Counterclaim purports to seek declaratory relief. W&T denies the remaining allegations contained in paragraph 95 of the Counterclaim.

96. W&T denies the allegations contained in paragraph 96 of the Counterclaim. The Indemnity Agreement is the best evidence of its contents.

97. W&T denies the allegations contained in paragraph 97 of the Counterclaim.

98. W&T denies the allegations contained in paragraph 98 of the Counterclaim.

99. W&T admits the allegations contained in paragraph 99 of the Counterclaim.

100. W&T denies the allegations contained in paragraph 100, including parts (a), (b), and (c), of the Counterclaim.

## COUNT VI
## (*QUIA TIMET*)

101. The allegations contained in paragraph 101 of the Counterclaim do not require a response by W&T. To the extent a response is required, the allegations contained in paragraph 101 of the Counterclaim are denied.

102. W&T denies the allegations contained in paragraph 102 of the Counterclaim.

103. W&T denies the allegations contained in paragraph 103 of the Counterclaim.

104. W&T denies the allegations contained in paragraph 104 of the Counterclaim.

105. W&T denies the allegations contained in paragraph 105 of the Counterclaim.

## COUNT VII
## ATTORNEYS' FEES AND COSTS

106. The allegations contained in paragraph 106 of the Counterclaim do not require a response by W&T. To the extent a response is required, the allegations contained in paragraph 106 of the Counterclaim are denied.

107. The allegations contained in paragraph 107 of the Counterclaim constitute legal conclusions to which a response is not required. To the extent a response is required, W&T denies the allegations contained in paragraph 107 of the Counterclaim.

108. W&T denies the allegations contained in paragraph 108 of the Counterclaim. The Indemnity Agreement is the best evidence of its contents.

109. W&T denies the allegations contained in paragraph 109 of the Counterclaim.

110. W&T denies the allegations contained in paragraph 110 of the Counterclaim.

111. W&T denies the allegations contained in paragraph 111 of the Counterclaim.

## AFFIRMATIVE DEFENSES

W&T asserts the following affirmative defenses:

112. The Sompo Sureties materially breached the Indemnity Agreement by violating, *inter alia*, the obligations of good faith, fair dealing, and to not abuse rights granted thereunder, and, therefore, W&T is and was discharged from any duty to comply with the Sompo Sureties' demand for collateral.

113. The Sompo Sureties materially breached the Indemnity Agreement by making unreasonable demands for collateral thereunder, and, therefore, W&T is and was discharged from any duty to comply with the Sompo Sureties' demand for collateral.

114. The Sompo Sureties materially breached the Indemnity Agreement by rejecting W&T's offer of an adequate form of collateral thereunder, and, therefore, W&T is and was discharged from any duty to comply with the Sompo Sureties' further demands for collateral.

115. To the extent the Counterclaim relies upon or alleges causes of action under state law, the Counterclaim fails to state a claim or cause of action upon which relief may be granted. Relief on said grounds cannot be granted because the Outer Continental Shelf Lands Act ("OCSLA"), 43 U.S.C. § 1331, *et seq.*, requires the application of the law of the adjacent state as surrogate federal law in this lawsuit.

116. The Sompo Sureties' claims are barred, in whole or in part, on the grounds that the Counterclaim fails to state a claim upon which relief may be granted.

117. The Sompo Sureties' claims are barred, in whole or in part, by the doctrine of estoppel.

118. The Sompo Sureties' claims are barred, in whole or in part, by the doctrine of unclean hands.

119. The Sompo Sureties' claims are barred, in whole or in part, by the doctrine of laches.

120. The Sompo Sureties' claims are barred, in whole or in part, by the doctrine of waiver.

121. The Sompo Sureties' claims are barred, in whole or in part, because W&T at all times acted reasonably and in good faith.

122. To the extent that the Sompo Sureties' actions were undertaken in connection with or in furtherance of a violation of the Sherman Antitrust Act, 15 U.S.C. § 1, they are unlawful and the Sompo Sureties are not entitled to relief.

122. W&T reserves the right to raise all affirmative defenses that may be revealed as a result of discovery and further reserves the right to adopt the affirmative defenses raised by all other parties.

## PRAYER

WHEREFORE, W&T Offshore, Inc., and W&T Energy VI, LLC, pray that this answer be deemed good and sufficient and that after all due proceedings be had there be judgment in their favor and against the Sompo Sureties, dismissing the Counterclaim with prejudice with the Sompo Sureties bearing all costs, and for such other general and equitable relief to which they may be entitled.

Respectfully submitted,

McGuireWoods LLP

*/s/ Yasser A. Madriz*
Yasser A. Madriz
***Attorney-in-Charge***
Texas State Bar No. 24037015
S.D. Texas Bar No. 39080
ymadriz@mcguirewoods.com
McGuireWoods LLP
845 Texas Ave., Suite 2400
Houston, Texas 77002
(832) 255-6361 Telephone
(832) 214-9931 Facsimile

                          **ATTORNEYS FOR W&T OFFSHORE, INC. AND W&T ENERGY VI, LLC**

**OF COUNSEL:**

**Jason Huebinger**
Texas State Bar No. 24065460
S.D. Texas Bar No. 1717237
jhuebinger@mcguirewoods.com
**Miles O. Indest**
Texas State Bar No. 24101952
S.D. Texas Bar No. 3070349
mindest@mcguirewoods.com
McGuireWoods LLP
845 Texas Ave., Suite 2400
Houston, Texas 77002

**J. Brent Justus**
*Admitted Pro Hac Vice*
bjustus@mcguirewoods.com
**Nicholas Giles**
*Admitted Pro Hac Vice*
ngiles@mcguirewoods.com
McGuireWoods LLP
Gateway Plaza
800 East Canal Street
Richmond, Virginia 23219

**Megan Lewis**
*Admitted Pro Hac Vice*
mlewis@mcguirewoods.com
McGuireWoods LLP
888 16th Street N.W., Suite 500
Washington, D.C. 20006

and

**Marc Tabolsky**
Texas State Bar No. 24037576
S.D. Texas Bar No. 37154
mtabolsky@hicksjohnson.com
Hicks Johnson PLLC
1550 Lamar Street
Suite 1900
Houston, TX 77010
713-357-5150

**CERTIFICATE OF SERVICE**

      I hereby certify that on January 26, 2026, Plaintiffs filed this document electronically with the Clerk of the Court using the CM/ECF System, which will send notification of such filing to all parties of record in the captioned case.

                                  */s/ Yasser Madriz*
                                  Yasser Madriz