# EXHIBIT A

# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| W&T OFFSHORE, INC., AND W&T ENERGY VI, LLC, | § § § § | |
| v. | § § § | **LEAD CASE NO. 4:24-cv-3047**<br>**CONSOLIDATED ACTION** |
| ENDURANCE ASSURANCE CORPORATION and LEXON INSURANCE CO., et al. | § § § § § | |

## [PROPOSED] AMENDED PROTECTIVE ORDER

WHEREAS, W&T Offshore, Inc. and W&T Energy VI, LLC (collectively, "***W&T***") and Sureties Endurance Assurance Corporation, Lexon Insurance Company, United States Fire Insurance Company, and Pennsylvania Insurance Company ("***Sureties***," and with W&T, the "***Parties***" and each a "***Party***") believe that certain information that is or will be encompassed by discovery demands by the Parties involves the production or disclosure of trade secrets, confidential business information, or other proprietary information; and

WHEREAS, the Parties seek a protective order limiting disclosure thereof in accordance with Federal Rule of Civil Procedure 26(c):

The Court ORDERS that the following restrictions and procedures (the "***Protective Order***") apply to certain information, documents, and excerpts from

documents that the Parties produce to each other during initial disclosures and in response to discovery requests.

1. "Confidential Information" refers to private, secret, or restricted information of any Party that by its nature must be maintained in confidence to protect the interests of the Party. Counsel for any Party, or a non-party whose information is being produced in this Litigation, may designate any document, information contained in a document, information revealed in an interrogatory response, or information revealed during a deposition as Confidential Information where determined in good faith that such designation is necessary. The Party making such designation must stamp the documents or information with an indication of "CONFIDENTIAL." Deposition testimony may be designated as Confidential Information by making a statement on the record or in writing and directing the court reporter to mark the affected pages of the transcript.

2. (a) "Highly Confidential Information" refers to Confidential Information that, if disclosed other than as permitted in Paragraph 6 of this Protective Order, the producing Party reasonably and in good faith believes will be substantially likely to cause injury to the producing Party. For purposes of this Protective Order, so-designated information includes, but is not limited to, product formula information, design information, non-public financial information, customer identification data, and certain study methodologies. Counsel for any Party, or a non-

party whose information is being produced in this Litigation, may designate any document, information contained in a document, information revealed in an interrogatory response, or information revealed during a deposition as Highly Confidential where determined in good faith that such designation is necessary. The Party designating information as Highly Confidential must stamp the documents or information with an indication of "HIGHLY CONFIDENTIAL." Deposition testimony may be designated as Highly Confidential by making a statement on the record or in writing and directing the court reporter to mark the affected pages of the transcript.

(b) "Highly Confidential – Outside Counsel Only" refers to competitively sensitive information, such as terms, rates, or other pricing-related information for surety bonds or documents that reflect confidential business strategies of non-party independent oil and gas operators. The Parties will use their best efforts to mark documents that contain competitively sensitive information as Outside Counsel Only. Counsel for any Party, or a non-party whose information is being produced in this Litigation, may designate any document, information contained in a document, information revealed in an interrogatory response, or information revealed during a deposition as Highly Confidential – Outside Counsel Only where determined in good faith that such designation is necessary. The Party designating information as Highly Confidential – Outside Counsel Only must stamp the documents or

3

information with an indication of "OUTSIDE COUNSEL ONLY." Deposition testimony may be designated as Highly Confidential – Outside Counsel Only by making a statement on the record or in writing and directing the court reporter to mark the affected pages of the transcript.

3. Unless otherwise ordered by the Court or provided for in this Protective Order, any Party receiving Confidential Information or Highly Confidential Information:

    a. Must hold and maintain such information or document solely for use in connection with this action; and

    b. Must not disclose the information or document to any other person.

4. The Parties must make a good-faith effort to resolve any challenge to another Party's confidentiality designation. The challenging Party may seek resolution by the Court in the absence of agreement.

5. Information or documents designated as "Confidential Information" must not be disclosed to any person, except:

    a. Counsel for the Parties in this lawsuit, including in-house counsel, and their respective staff;

    b. Independent experts or consultants (and their administrative or clerical staff) engaged or retained in connection with this lawsuit (which shall

not include the current employees, officers, members, or agents of parties or affiliates of parties who are not covered in 5(a));

      c.      Any employees of a Party where reasonably necessary to assist in connection with this litigation;

      d.      Any person from whom testimony is taken by deposition or at trial in this matter, but such a person may only be shown Confidential Information during and in preparation for testimony and may not retain the Confidential Information;

      e.      Any special master, mediator, or arbitrator engaged by the Parties or authorized by the Court for purposes of mediation, arbitration, or other dispute resolution regarding this litigation;

      f.      The Court, including any clerk, stenographer, or other person having access to Confidential Information by virtue of his or her position with the Court, and including the jury at trial or as exhibits to motions;

      g.      Litigation vendors, stenographers, video camera operators, translators, and other litigation support personnel; and

      h.      Any other person upon (i) order of the Court, or (ii) written stipulation of, or statement on the record by, the producing Party who provided the Confidential Information being disclosed, provided that such person signs

5

the agreement attached hereto as Exhibit A, or as otherwise agreed by the Parties.

6.     Information or documents designated as "Highly Confidential" must not be disclosed to any person, except:

    a.     Counsel for the Parties in this lawsuit, excluding in-house counsel, and their respective staff;

    b.     Ted Imperato, Deputy General Counsel for Litigation for W&T; Bob Lavitt, Senior Vice President, Surety Legal & Claims for Amynta Surety Solutions for United States Fire Insurance Company; Jeffrey A. Silver, Executive Vice President, Secretary and General Counsel of Applied Underwriters, Inc. for Pennsylvania Insurance Company; and Daniel Lurie, Global Deputy General Counsel & EVP for Endurance Assurance Corporation and Lexon Insurance Company;

    c.     Actual or potential independent experts or consultants (and their administrative or clerical staff) engaged in connection with this lawsuit (which shall not include the current employees, officers, members, or agents of parties or affiliates of parties who are not covered in 6(a));

    d.     Any person from whom testimony is to be taken by deposition or at trial in this matter, but such a person may only be shown Highly Confidential Information during and in preparation for such testimony after

that person has been noticed for deposition or put on a party's witness list for trial, may not retain the Highly Confidential Information, and must agree to be bound by this Protective Order on the record in their deposition or trial testimony. Notwithstanding anything to the contrary, Highly Confidential Information may not be shown to a deponent unless the deponent is (i) an author, recipient, or custodian of the information or (ii) a current employee of the producing party whose job responsibilities include the subject matter of the information, or if such disclosure is otherwise agreed to by the parties, which shall not be unreasonably withheld, or approved by the Court upon a motion. In all other cases, questioning that requires reference to Highly Confidential Information shall proceed in a manner that protects against unnecessary disclosure, including by sealing the transcript or limiting the witness's review to specific excerpts;

    e.    The Court, including any clerk, stenographer, or other person having access to Highly Confidential Information by virtue of his or her position with the Court, and including the jury at trial or as exhibits to motions;

    f.    Litigation vendors, court reporters, video camera operators, translators, and other litigation support personnel; and

      g.    Any other person upon (i) order of the Court, or (ii) written stipulation of, or statement on the record by, the producing Party who provided the Highly Confidential Information being disclosed, provided that such person signs the agreement attached hereto as Exhibit A, or as otherwise agreed by the Parties.

      h.    Information designated as Highly Confidential – Outside Counsel Only may be shared as designated in this paragraph, except that it shall not be shared with the individuals listed in 6(b).

7.    Prior to disclosing or displaying Confidential Information or Highly Confidential Information to any persons identified in Paragraphs 5(a), 5(b), 5(c), and 5(d) or in Paragraphs 6(a), 6(b), and 6(c) counsel must:

      a.    Inform the person of the confidential nature of the information and documents; and

      b.    Inform the person that this Court has enjoined the use of the information or documents for any purpose other than this litigation and has enjoined the disclosure of that information or documents to any other person.

8.    Prior to disclosing or displaying Confidential Information or Highly Confidential Information to any persons identified in Paragraphs 5(b) or 6(c), counsel must also obtain a signed agreement binding the person to this Protective Order in the form attached hereto as Exhibit A. The Party desiring to disclose

Confidential Information or Highly Confidential Information may seek appropriate relief from the Court in the event such person refuses to sign an agreement. Counsel are required to retain all signed Exhibit As and produce them upon request of another Party, except that for any person covered by Section 5(b) or Section 6(c), such disclosure need not occur prior to the time, if applicable, that disclosure is required under the Docket Control Order.

9. The disclosure of a document or information without designating it as Confidential Information or Highly Confidential Information shall not constitute a waiver of the right to later designate such document or information, provided that the producing Party so designates such material no later than fourteen (14) days after the close of discovery. Upon such designation, all Parties must treat such document or information as Confidential Information or Highly Confidential Information. No producing Party may hold a receiving Party accountable for any use or disclosure prior to such designation.

10. If a Party learns of any unauthorized disclosure of Confidential Information or Highly Confidential Information, the Party shall immediately upon learning of such disclosure inform the producing Party of all pertinent facts relating to such disclosure and shall make all reasonable efforts to prevent disclosure by each unauthorized person who received such information.

11. Any Party seeking to file under seal any pleading, brief, or supporting material containing Confidential Information or Highly Confidential Information shall follow Judge Palermo's procedures for sealing. All pleadings or documents filed under seal must be identified as "SEALED" in the title of the document. Once filed, the filing Party must serve the sealed document to all counsel of record. No motion is necessary to file under seal. A Party that opposes the filing of any pleading, brief, or supporting material under seal shall raise such objection with the Court within fourteen (14) days of the filing of the pleading, brief, or supporting material, using the procedures outlined in Rule 7 of the Local Rules of the United States District Court for the Southern District of Texas.

12. Within thirty (30) days after entry of final judgment no longer subject to further appeal, each Party must return all Confidential Information and Highly Confidential Information and any copies thereof to the producing Party or provide certification of its destruction, unless such information is stored in disaster recovery backups or is otherwise not accessible. Notwithstanding the foregoing, the Parties and their counsel may retain work product, pleadings, motion papers, legal memoranda, correspondence, trial transcripts, and trial exhibits admitted into evidence that contain Confidential Information or Highly Confidential Information. Any materials containing such information but not destroyed shall remain subject to the terms of this Protective Order.

13. The foregoing is without prejudice to the right of any Party to apply to the Court for an order to:

    a. Further protect Confidential Information or Highly Confidential Information;

    b. Seek protection regarding the production of documents or information;

    c. Compel production of documents or information; or

    d. Modify this Protective Order.

14. Nothing in this Protective Order constitutes an admission by any Party that Confidential Information or Highly Confidential Information disclosed in this case is relevant or admissible. Each Party maintains its right to object to the use or admissibility of all Confidential Information or Highly Confidential Information pursuant to applicable law and rules.

15. Nothing in this Protective Order shall require the production of materials that a Party contends is protected from disclosure by the attorney–client privilege, the work-product doctrine, or any other privilege, doctrine, or immunity. If a Party becomes aware of any unauthorized or inadvertent disclosure of information protected by the attorney–client privilege, the work-product doctrine, or any other privilege, doctrine, or immunity, the receiving Party must immediately

11

inform the producing Party of the disclosure and allow the producing Party to initiate clawback procedures pursuant to Fed. R. Evid. 502(b) and 502(c).

16. The parties agree that this Protective Order is an Order entered under Rule 502(d) of the Federal Rules of Evidence and thus the inadvertent disclosure of information protected by the attorney–client privilege, the work-product doctrine, or any other privilege, doctrine, or immunity shall not prejudice or otherwise constitute a waiver of, or estoppel as to, any claims of privilege, doctrine, or immunity associated with such information or materials in this action or in any other federal or state proceeding.

17. Any Party may enforce this Protective Order by motion to the Court. Any violation may result in the imposition of sanctions.

18. To the extent non-parties produce material in response to discovery requests (whether via subpoenas or voluntarily), this Protective Order shall apply with equal force to those non-parties, provided, however, that nothing shall prevent any non-party from seeking additional protections from the Court. For clarity, this provision means that a non-party who produces information to a Party in connection with this litigation may also designate its materials as Confidential, Highly Confidential, or Highly Confidential – Outside Counsel Only as described in this order, and such materials shall be treated accordingly. For non-party productions, references to the "producing Party" shall refer to the producing non-party.

It is so ORDERED.

Signed on _____, at Houston, Texas.

_____
Hon. Dena H. Palermo
United States Magistrate Judge

# EXHIBIT A

Counsel intends to disclose to me documents or information in connection with the matter entitled *W&T Offshore, Inc. and W&T Energy VI, LLC v. Endurance Assurance Corporation and Lexon Insurance Company, et al., No. 4:24-cv-3047 (S.D. Tex.).*

Counsel has informed me that a Party has designated some of those documents or information as confidential. I understand that any of the documents or information labeled "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY" are confidential by order of the Court.

I agree that I will not disclose to any other person any documents labeled "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY" or information contained in those documents. I also agree not to use those documents or information for any purpose other than this litigation.

Signed: _____

Dated: _____

Signed in the presence of:

_____
Attorney