IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| W&T OFFSHORE, INC., AND W&T ENERGY VI, LLC, | § § § | |
| v. | § § | LEAD CASE NO. 4:24-CV-3047 |
| | § | CONSOLIDATED ACTION |
| ENDURANCE ASSURANCE CORPORATION, AND LEXON INSURANCE CO., *ET AL.* | § § § § | |

## [PROPOSED] ORDER APPOINTING SPECIAL MASTER

Before the Court is Plaintiffs W&T Offshore, Inc. and W&T Energy VI, LLC Motion to Appoint Special Master. Having considered the motion, as well as any responses and replies and the arguments of counsel, the Court GRANTS the motion and ORDERS as follows:

1.     The Court appoints _____ as Special Master, who has already provided the affidavit required under Rule 53(b)(3). The Special Master shall proceed with all reasonable diligence. Fed. R. Civ. P. 53(b)(2).

### A.     Duties and Authority

2.     The Special Master's authority shall be defined as stated in Rule 53(c) but shall be limited to discovery issues and disputes. *See* Fed. R. Civ. P. 53(c)(1) (providing that the Special Master has authority to "regulate all proceedings;" "take all appropriate measures to perform the assigned duties fairly and efficiently;" and

1

"if conducting an evidentiary hearing, exercise the appointing court's power to compel, take, and record evidence"). The Special Master shall have authority to:

    i.    oversee all discovery in this matter, including but not limited to all depositions and discovery served on third parties;

    ii.    establish discovery and other schedules, consistent with the Court's scheduling order; direct and supervise the production of discovery, including electronically stored information; review and attempt to resolve informally any discovery conflicts, including issues such as the discoverability of particular information, privilege, confidentiality, and access to trade secrets and other records; and generally supervise formal discovery and any informal exchanges of information;

    iii.    rule on any objections raised in discovery in this matter, including in depositions;

    iv.    oversee all discovery disputes that may arise before trial, including related discovery conferences and motions; and

    v.    implement any order on coordinated discovery that may be entered by this Court.

3.    To accomplish these tasks, the Court anticipates that the Special Master will hold regular status conferences with the parties, with such conferences to be held at least twice each month with additional conferences or hearings to be held as

2

the Special Master deems necessary.  Pursuant to Rule 53(e), and if the Court so requests, the Special Master will prepare formal reports and issue formal recommendations to the Court on the subjects covered by this appointment.  If the Special Master considers it advisable to make any other report to the Court, he will do so in accordance with Rule 53(e) and (f).

4.      The Special Master may "impose on a party any noncontempt sanction provided by Rule 37 or 45, and may recommend a contempt sanction against a party and sanctions against a nonparty."  Fed. R. Civ. P. 53(c)(2).  The Special Master shall have the discretion to decide whether an in-person hearing is necessary to resolve a dispute or whether the dispute may be resolved through a telephonic hearing.  The Special Master may communicate *ex parte* with the Court regarding the instant case.  No party shall communicate *ex parte* with the Special Master unless otherwise expressly authorized by the Special Master or the Court.

5.      Any decision or ruling issued by the Special Master shall be filed and served pursuant to Rule 53(d). *See* Fed. R. Civ. P. 53(d)–(e) (noting that "[a] master who issues an order must file it and promptly serve a copy on each party.  The clerk must enter the order on the docket[;]" and "[a] master must report to the court as required by the appointing order.  The Special Master must file the report and promptly serve a copy on each party, unless the court orders otherwise.").  Specifically, the Special Master shall either: (1) reduce any formal order, finding,

report, or recommendation to writing and file it electronically on the case docket via Electronic Case Filing; or (2) issue any formal order, finding, report, or recommendation on the record, before a court reporter.

6.      Pursuant to Rule 53(f)(2), any party who wishes to challenge any decision of the Special Master shall, no later than 14 days from the filing date of the Special Master's decision, file a motion for review of the Special Master's decision and notice the motion for hearing in accordance with the Court's procedures.  The parties shall not include—and the Court will not consider—any evidence or argument that was not presented to the Special Master.  The standard of review the Court will apply to any motion for review shall be governed by Rule 53(f).  Absent timely objection, the orders, reports, or recommendations of the Special Master shall be deemed approved, accepted, and ordered by the Court, unless the Court explicitly provides otherwise.

7.      All papers submitted by the parties to the Special Master shall be filed with the Court.  The Special Master will specify the procedure for filing and lodging of such papers with her.

8.      Pursuant to Rule 53(b)(2)(C), the Special Master must maintain orderly files consisting of all documents submitted to her by the parties, and any of their written orders, findings, and/or recommendations. The Special Master must preserve these files until such time that the Court grants permission for their destruction.

4

**B.    Compensation**

9.    Pursuant to Rule 53(g), the Special Master shall be compensated at their normal and customary hourly rate for work done pursuant to this Order, and will be reimbursed for any out-of-pocket expenses (e.g., costs of accountants, auditors, and clerical or other necessary personnel). The Special Master may also utilize and charge for services of other individuals at lower hourly rates than hers to assist her with any of her duties. The Special Master may be reimbursed for travel expenses but will not charge for travel time. The Special Master will prepare a monthly invoice for her services, expenses, and costs, which she will provide to counsel for Plaintiffs and Defendants.

10.    The parties will promptly and timely pay all hourly rates, expenses, and costs of the Special Master as follows:

- 25% to be paid by Plaintiffs W&T Offshore, Inc. and W&T Energy VI, LLC;

- 25% to be paid by Defendants Endurance Assurance Corporation and Lexon Insurance Company;

- 25% to be paid by Defendant Pennsylvania Insurance Company, and;

- 25% to be paid by Defendant United States Fire Insurance Company.

Payments shall be made by Plaintiffs' counsel and Defendants' respective counsel directly to the Special Master and not to the Court. Any disputes regarding

compensation, costs and expenses of the Special Master, or the allocation of payment of such fees and costs among the parties, will be brought to the Court's attention.

11.    The Special Master may recommend to the Court that the cost imposed by any particular invoice, or invoices, should be divided differently among the parties based on the circumstances and nature of the Special Master's work. The Court will consider any such recommendation and make adjustments as necessary.

### C.    Confidentiality Order

12.    Pursuant to the Amended Protective Order, (Dkt. 269), the Court orders that the Special Master, and any person with whom the Special Master works pursuant to this Order, shall have access to and is authorized to review any documents and materials subject to the Amended Protective Order that may be accessed by this Court and its personnel.  The Court clarifies, in case of any doubt, that providing such materials to the Special Master, and any person with whom the Special Master works pursuant to this Order, does not waive any protections under the Amended Protective Order.

SO ORDERED.

_____          _____
**Date**                                          **DENA HANOVICE PALERMO**
                                                        **UNITED STATES MAGISTRATE JUDGE**