# McGuireWoods

**McGuireWoods LLP**
888 16th Street N.W.
Suite 500
Washington, DC 20006
Phone: 202.857.1700
Fax: 202.857.1737
www.mcguirewoods.com

**Megan S. Lewis**
Direct: 202.857.1716
mlewis@mcguirewoods.com

May 29, 2026

**Via CM/ECF and Electronic Mail:** (***palermochambers@txs.uscourts.gov***)
The Honorable Dena Hanovice Palermo
U.S. District Court, Southern District of Texas

Re: *W&T Offshore, Inc., et al. v. Endurance Assurance Corp., et al.*, 4:24-cv-3047

Dear Judge Palermo:

W&T Offshore, Inc. and W&T Energy VI, LLC (collectively, "W&T") submits this letter to request the Court set a status conference on the Court's first available date after June 23, 2026.

## I.      Docket Control Order

On May 7, 2026, the Court granted W&T's motion for leave to amend and docketed W&T's SAC.  ECF 309; 310. On May 8, 2026, W&T sent opposing counsel a proposal for a new DCO, with new time periods for discovery that would account for discovery from the new Defendants, and to complete fact/expert discovery of parties. However, more than three weeks later, there is still no agreement on a schedule, let alone on the scope of discovery under the SAC.

W&T attempted to find compromise, but the resistance and delays that it has encountered even on a simple DCO are emblematic of the slow-rolling that it encountered in the first discovery period and the same stonewalling noted in the Court's May 7, 2026 order. W&T proposed a "split the difference" DCO on May 20, 2026, and yet, when defense counsel ("Sompo") responded two days later, the suggestion was to "find time" on certain days <u>a full week later</u> to talk through "any remaining differences." It is a DCO; there was no need to delay its entry for over a week by trying to align multiple parties' attorneys' schedules for something that should be able to be accomplished in a matter of hours via email exchanges. This conduct is precisely why W&T is reluctant to agree to the shortened schedule Sompo proposed. To short-circuit this continued gamesmanship, W&T respectfully requests the Court enter a DCO that it deems appropriate. The most recent proposals from W&T and Sompo are **Exhibits A** and **B** hereto.

## II.      Substantive Discovery Issues

On May 23, 2026, W&T served Defendants with new discovery requests tailored to the SAC. As evident from the Defendants' prior conduct, and in the exemplars below, the Defendants appear intent on continuing to delay and obfuscate on substantive discovery issues. In the first discovery period, the setting of a status conference by the Court was the key mechanism by which W&T could get movement on discovery issues. Rather than delay and allow Defendants to waste more months of the new discovery period, W&T believes that if the Court sets a status conference to address the progress of discovery and any disputes immediately after Defendants' responses and objections are due, it may prompt Defendants to work more cooperatively and efficiently.

While W&T will continue to attempt to engage with Defendants to find compromise, there are already areas of dispute that will need to be addressed on W&T's prior discovery requests, and it is clear that the parties will continue to be at impasse in several key areas. W&T has been trying to confer with Defendants ***for months*** to understand their positions. Instead of straightforward

answers, Defendants have sent lengthy self-serving emails that hide behind fuzzy language, provide no clarity on what exists but is being withheld, and make false representations about W&T's own discovery responses on totally unrelated issues. For example, W&T has <u>repeatedly</u> asked Sompo: did they work with brokers other than McGriff and IndemCo on bonding to independent oil and gas operators? If the answer is no, end of question. If the answer is yes, who else have they worked with, and what is the basis for withholding the identities of those brokers? ***<u>This discovery has been pending for almost a year now.</u>***  W&T cannot get a straight answer.

After nearly four months, and with the full knowledge that W&T was preparing to ask the Court for assistance, just yesterday, Sompo provided—for the first time in the discovery period—a production of text messages. This is their pattern of behavior, delay and drag things out as long as possible, and only provide some materials at the eleventh hour. Moreover, the production is technologically deficient, woefully inadequate, and based upon an improper methodology that W&T has repeatedly told Sompo they oppose. Moreover, Sompo has refused to provide W&T with information about the total number of text messages it has had with its competitors, and whether any communications with competitor sureties are being withheld. As of yesterday, Penn and USFIC stated that they would start producing text messages on a rolling basis, also without any commitment to disclosing the number of any texts with competitors being withheld.

Numerous other discovery issues are pending, and W&T has attempted, unsuccessfully, to get clarity on Defendants' positions on the scope of discovery under the SAC: (1) discovery back to January 1, 2019, as a reasonable time period predating the allegations in the SAC (which asserts the conspiracy began as early as 2020); (2) discovery that encompasses all competitor communications (including those made through brokers); and (3) documents that show the financial terms for surety bonds—i.e., premiums/rates and collateral requirements—issued or offered to independent oil and gas operators during that time period. This proposed scope of discovery is not controversial in antitrust cases. Yet, Defendants have declined to answer these threshold questions, stating that they will respond to W&T's new discovery requests in "due course" and under the time period under the Federal Rules. Thus, to avoid additional delays, W&T respectfully asks the Court to set a status conference as promptly as possible after June 23, 2026, the due date under the Federal Rules.

### III.     Unsealing of Portions of the SAC

On May 21, W&T sent defense counsel an unredacted copy of the SAC with highlighting to identify the provisionally sealed portions that W&T intended to seek to unseal.[1] While Defendants agree that a handful of redacted allegations should be unsealed, the parties cannot agree on a substantial number of the redactions. W&T's unsealing proposal is attached as **Exhibit C (filed under seal)**.

### IV.     Conclusion

To avoid further delays, W&T respectfully requests that the Court set a status conference promptly after June 23, 2026 in order to expedite discovery in the new period. W&T defers to the Court if it would like formal briefing on any of the items referenced herein.

---

[1] W&T is separately conferring with counsel for newly added Defendant IndemCo, who has not yet entered an appearance.

Respectfully submitted,

Megan S. Lewis
Counsel for W&T

cc:     All counsel of record (via ECF)
        Sealed Exhibit C via email