# Vinson&Elkins

Jason Halper jhalper@velaw.com
**Tel** +1.212.237.0240

June 2, 2026

**_Via ECF E-File_**
Judge Dena Hanovice Palermo
U.S. District Court, Southern District of Texas

Re:    *W&T Offshore, Inc. et al. v. Endurance Assurance Corp., et al.*, 4:24-cv-3047

Dear Judge Palermo:

Lexon respectfully submits this response to W&T's request for a status conference (Dkt. 328). As it did in its unsuccessful motion to appoint a special master, W&T's letter (in non-compliant 12-point font) attempts to manufacture the appearance of discovery misconduct where none exists based on mischaracterizations of the discovery record.

**The Docket Control Order Negotiations.** W&T sent its proposal on May 8; Lexon responded in two business days with a counter-proposal setting interim deadlines for discovery, dispositive motions, and pretrial dates and asked to meet and confer. W&T let six days pass and then, on May 18, refused to discuss Lexon's proposal, stating "our proposal makes more sense" and that W&T would "request a status conference." Only after Lexon requested a joint submission did W&T offer a "split the difference" counterproposal that imposed needless burdens without explanation. *See* Dkt. 328-2 (reflecting Lexon's response). W&T demanded edits by close of business on May 26; Lexon responded the next day and again asked to confer, which W&T only agreed to on May 29, hours before filing its letter accusing Lexon of delay. Ultimately, the two proposals are not substantially different in time to trial, but Lexon's proposal attempts to alleviate burdens for all parties.

**W&T's Discovery Complaints Are Baseless.** Lexon has engaged extensively with W&T through detailed correspondence and lengthy meet and confers. Text message production is a case in point. On March 11, 2026, Lexon disclosed a comprehensive review protocol using search terms tailored to identify responsive text messages, consistent with previously agreed methodologies, which yielded over 75,000 text messages for review. W&T's refusal to engage on Lexon's approach or propose additional terms caused significant delays, but ultimately, Lexon proceeded under its disclosed protocol. Now, barely 24 hours after Lexon produced over 3,000 text messages, W&T labels the production "deficient." W&T's only complaint is that it disagrees with Lexon's search methodology, yet it identifies no actual deficiency. W&T would require Lexon to gather contact information for every surety and broker in each custodian's phone and review those

**Vinson & Elkins LLP Attorneys at Law**

Austin Dallas Denver Dubai Dublin Houston London

Los Angeles New York Richmond San Francisco Tokyo Washington

The Grace Building, 1114 Avenue of the Americas, 32nd Floor

New York, NY 10036

**Tel** +1.212.237.0000 **Fax** +1.212.237.0100 velaw.com



text threads manually. There is no authority or logic supporting the extreme burden associated with W&T's position. Tellingly, while Lexon disclosed its methodology, W&T refuses to identify its own text collection approach, including the recipients whose texts were searched and the responsiveness criteria applied. W&T must provide such disclosure.

**W&T's Discovery Demands Are Grossly Overbroad.** W&T seeks to relitigate grievances that are not ripe or that this Court already resolved. *See* Dkt. 199. In light of the SAC, Lexon agreed to extend the discovery period from June 29, 2023 back to January 1, 2020, which will result in searches for additional offshore oil and gas operators, and expand its review to include offshore oil and gas operators for which Lexon raised premium rates even if not in connection with collateral demands. W&T's Fourth Set of Requests for Production demands still more: (1) documents back to January 1, 2019; (2) discovery related to *onshore* oil and gas operators (not involved in the alleged conspiracy); (3) documents related to surety bonds issued outside the oil and gas industry; and (4) all communications—untethered to any subject matter or industry—with all sureties, brokers,[1] and operators. These demands are breathtaking in scope, inconsistent with the Court's prior order,[2] and grossly disproportionate to the needs of this case. They are also not ripe: W&T served these requests on May 23, and Lexon's responses are not due until June 22.

**Unsealing Portions of the SAC.** On May 21, W&T alerted Lexon that it intended to ask the Court to unseal portions of the SAC and demanded Lexon's position by close of business on Memorial Day. Upon request, W&T extended the arbitrary deadline to May 26, just two business days after its initial request. In response, Lexon offered a compromise to unseal information in Paragraphs 172, 182-184, 194, 197-198, 200, and 202-204 of the SAC. Lexon requests that Paragraphs 105-107, 120-123, and 127 remain under seal. The remaining paragraphs involve other Defendants or non-parties and Lexon takes no position. W&T refused this compromise. The reason for W&T's refusal is transparent: W&T cherry-picked documents to cite in its SAC for public disclosure, consistent with its strategy of litigating this case in the media and to its investors.[3]

---

[1] W&T's complaint regarding brokers is hollow. Lexon identified brokers engaged by offshore oil and gas operators who received collateral demands between June 29, 2023 and December 11, 2024 on January 13, 2026. If additional brokers are identified in its expanded review, Lexon will provide the names and produce responsive documents.

[2] The Court limited discovery into third-parties to "documents sufficient to show collateral calls and rate increases tied to collateral call[s] they made to independent oil and gas operators, and documents sufficient to show communications with other sureties, reinsurers, McGriff and IndemCo regarding those collateral calls or rate increases tied to collateral calls." Dkt. 199.

[3] *See, e.g.*, Michelle Casady, *In W&T's Fight with Insurers over $250M Collateral Demands, Jurisdiction, V&E's Representation Questioned*, The Texas Lawbook (Dec. 18, 2024), https://texaslawbook.net/in-wts-fight-with-insurers-over-250m-collateral-demands-jurisdiction-ves-representation-questioned/; Press Release, W&T Offshore, Inc., W&T Announces Positive Court Finding Regarding Remaining Surety Provider Claims (June 30, 2025), https://www.wtoffshore.com/investors/news/press-releases/detail/494/wt-announces-positive-court-finding-regarding-remaining; Richard Stine, *Insurers Denied $105 Million in Collateral from Texas Oil Driller*, BUS. INS. (May 20, 2026), https://www.businessinsurance.com/insurers-denied-105-million-in-collateral-from-texas-oil-driller/.

V&E

Sincerely,

*/s/ Jason Halper*

Jason Halper