# McGuireWoods

**McGuireWoods LLP**
888 16th Street N.W.
Suite 500
Washington, DC 20006
Phone: 202.857.1700
Fax: 202.857.1737
www.mcguirewoods.com

**Megan S. Lewis**
Direct: 202.857.1716
mlewis@mcguirewoods.com

June 5, 2026

**Via CM/ECF and Electronic Mail:** (*palermochambers@txs.uscourts.gov*)
The Honorable Dena Hanovice Palermo
U.S. District Court, Southern District of Texas

Re: *W&T Offshore, Inc., et al. v. Endurance Assurance Corp., et al.*, 4:24-cv-3047

Dear Judge Palermo:

Plaintiffs W&T Offshore, Inc. and W&T Energy VI, LLC (collectively, "W&T") submit this letter on a discovery impasse related to Defendants' production of text messages. Counsel have conferred via videoconference on March 3 and April 23, 2026, and by dozens of emails between February 19 and June 4, 2026, with representatives including undersigned counsel on behalf of W&T, and Chris Popov, Alyx Eva, Andy Jackson, and Andrew Dickson for the Sompo Defendants, and Ryan Dry and Samuel Kaplan for Defendants U.S. Fire (USFIC) and Penn.

## I.    W&T Served Discovery Requests Encompassing Text Messages in June 2025 and Defendants Have Delayed and Obfuscated Their Production

On June 30, 2025, W&T served Defendants with discovery requests that encompassed text messages; none were produced. On February 11, 2026, W&T raised the absence of text message productions from the Defendants, and Defendants initially resisted any production of text messages. Over the course of the intervening months, after meet and confers and email exchanges, Defendants agreed to produce text messages from certain custodians. W&T received the first production of text messages from Sompo on May 28, 2026, from Penn on May 29, 2026, and to date has received zero text messages from USFIC. These productions are deficient, and the parties are at impasse on several key areas. In this letter, W&T is focusing on the most critical text messages: (1) direct communications between competitor sureties, and (2) communications between the surety and the brokers identified in the Second Amended Complaint. W&T reserves all rights and does not purport to identify all other deficiencies with the sureties' productions.

Even in the deficient productions to date, it is now clear that the sureties were texting their competitor sureties. Text messages are one of the most critical sources of evidence in antitrust conspiracy cases—not only do they often contain direct evidence of the conspiracy, but even messages such as "call me" or "let's meet for lunch" are significant pieces of evidence to show the timing of meetings and other communication, as well as the closeness of the relationship between two individuals who are supposed to be vigorous competitors. In short, in the ordinary course of a business, there are few reasons that competitors should be talking (or texting) directly with each other—and the volume of such communications should be minimal. If there are hundreds of text messages between competitors, that, in and of itself, is relevant and probative of the existence of a conspiracy. Further, text messages, by their nature of their short form and frequent use of slang and emojis, cannot be adequately identified through the use of boolean-style search terms that are commonly used for email searches (e.g. "surety w/5 bond"). That is why the ESI order in this case contemplated that on mobile device data, the parties would "confer to define appropriate parameters for production, including the format for production . . ." ECF No. 165 at 10.

## II.    Sompo Has Refused to Use An Appropriate Methodology for Text Messages

During a March 3 meet and confer, W&T described its own methodology for searching its own text messages—which was to identify the text chains with the individuals believed to be of the most significance to the sureties' claims, i.e. W&T's direct communications with sureties and brokers, and conduct a manual review and production from those messages.[1]  W&T produced text messages on February 21 and March 4.  Since March 3, W&T has made clear that it opposes any methodology of text message review that exclusively uses email-style search terms for text messages.  That type of methodology will intentionally omit key text messages between conspirators by failing to even pull them into review sets.  Sompo's experienced counsel knows this—but has refused to use any methodology other than that, even on the critical competitor-to-competitor communications.  Sompo's suggestion (made as recently as June 2 in its letter to the Court) that W&T has failed to provide any comments or suggestions to its search terms rests on a false premise.  <u>W&T has never agreed that search terms are appropriate for texts</u>—of course it will not agree to edit Sompo's search terms when the use of search terms is a non-starter.  The parties are impasse since Sompo refuses to use any methodology other than insufficient search terms that are designed to omit key communications.  Tellingly, Sompo has also refused to disclose to W&T how many competitor-to-competitor text messages exist, but were omitted from its production.

## III.    Sompo Has Produced Text Messages in a Format That Violates the ESI Order

Sompo's text message production is missing date and time metadata for hundreds of messages, does not display the names or numbers of those participating in the conversation on the document images, and produces texts as individual messages which breaks up communications and has a compounding obfuscating effect when combined with the improper use of search terms. It fails to "show any and all text and images which would be visible to the reader using the native software that created the document." See ESI Order at 3.  They have failed to produce contact lists—again, compounding the obfuscation when combined with the issue described above.  As of this filing, Sompo has not responded to W&T's request to correct these deficiencies.

## IV.    Sompo and Penn Have Made Improper Confidentiality Designations on Text Messages with Competitor Sureties

Both Sompo and Penn improperly designated text messages with competitors as "Outside Counsel Only" or "Highly Confidential" under the protective order, which has the effect of preventing W&T from sharing such messages with its client.  As of this filing, neither Defendant has responded to W&T's request to lower these designations.

## V.    All Defendants Refuse to Produce All Direct Text Messages with Competitor Sureties

As confirmed by emails dated June 3 and 4, 2026, all Defendants have refused to agree to produce all direct text messages with their competitors.  As stated above, such communications are critically important in antitrust cases.

---

[1] At the sureties' later request, W&T is in the process of going back and reviewing additional text messages for production, and at the Defendants' request, agreed to run search terms in addition to conducting its manual review.  But W&T does not agree that solely using search terms is sufficient.

Respectfully submitted,

Megan S. Lewis
Counsel for W&T

cc:    All counsel of record (via ECF)