# McGuireWoods

**McGuireWoods LLP**
888 16th Street N.W.
Suite 500
Washington, DC 20006
Phone: 202.857.1700
Fax: 202.857.1737
www.mcguirewoods.com

**Megan S. Lewis**
Direct: 202.857.1716
mlewis@mcguirewoods.com

June 8, 2026

**Via CM/ECF and Electronic Mail:** (**palermochambers@txs.uscourts.gov**)
The Honorable Dena Hanovice Palermo
U.S. District Court, Southern District of Texas

      Re: *W&T Offshore, Inc., et al. v. Endurance Assurance Corp., et al.*, 4:24-cv-3047

Dear Judge Palermo:

W&T submits this letter to correct the mischaracterizations and omissions in the letter filed by the Sompo Defendants on June 5 at ECF No. 336 ("Letter"). W&T has repeatedly disclosed its text message review methodology, as the representative examples below confirm.

## March 3, 2026 Meet and Confer

•     "[W]e don't think search terms are particularly conducive to . . . searching mobile ESI for text messages and [] that's not . . . the methodology we used. . . . [W]e went to our custodians and you know those of whom had text message communications [w]ith sureties and brokers, we collected those text messages and did a manual review and where they were responsive, we produced the responsive exchanges in 24 hour snippets."

•     "[We] conducted an appropriate internal investigation and evaluated which of our custodians . . . used text messages to communicate with brokers and sureties about bonding related issues. So that is what we did. We have produced text messages. There are more coming because we went back and determined that the search terms were not capturing all the text messages, which is why we went back and did a manual review."

•     "[I]nitially [texts] were part of the broader ESI set for which we did apply search terms. And so some of those obviously did hit on search terms, which is why those went into that production that you got . . . . [H]aving realized that [] was not capturing the full scope of the text messages that we believed were with the brokers . . . we went back and we did a manual review and you will be getting a supplement of additional text messages."

## April 23, 2026 Meet and Confer

•     "[A]s far as what we have done on our text messages, I think, as I said, on March 3rd, we looked at the custodians that had, you know, some communications with sureties or bonding or responsibilities with regard to bonding, which of course is predominantly [W&T's Treasurer]. And we looked at the text messages through a manual review with the individuals that he was communicating with that related to bonding and look[ed] for communications with any of the sureties. And again, look[ed] for any communications with sureties or with brokers also in the phone of the CEO [] and did a manual review of those."

•     "[I]f you are asking me that you would like me to go back and look at whether or not there are text messages that pertain to collateral, happy to do that. And it sounds like you also want me

to look for text messages pertaining to W&T's financial status. So I can go back and look and see what, if any, text messages exist on that and let you know whether we are going to produce or stand on a burden or relevance objection to those. So I'm happy to do that."

- "[W]e determine that a manual review based on [. . . the] party communicated with on the text chain, I think is the more appropriate way to proceed on that. . . . If you want me to run the [email-based search] terms, I can run the terms, but I'm not going to, you know, commit to reviewing all of the text messages that come back from that."

**May 10, 2026 Letter from W&T to Sompo**

- "As conveyed during the meet and confer (and previously), W&T confirmed that it conducted a manual review of [W&T's Treasurer] and [CEO]'s text messages with surety companies and brokers and produced responsive messages. While we are not waiving any objection, in the interest of compromise, we have agreed to collect and review text messages from [W&T's CFO], to the extent that they exist."

- "As we stated during the meet and confer, W&T will agree to review whether there are internal text messages with other W&T custodians that pertain to bonding (including collateral or premiums) or W&T's financial status and, if any such messages exist, to inform Defendants whether W&T will produce them or stand on an objection."

- "We confirm that W&T is standing on its objections to adding George Hittner as a custodian.  You may represent that the parties are at impasse on this issue."

**May 20, 2026 Email from W&T to Sompo**

- "As you know, our position has been consistent and remains that email-style (i.e., keyword-based) search terms are not suitable for texts, given both the brevity of each message and the common use of abbreviations and vernacular. Rather, we think text message threads between relevant individuals—between Defendants and other sureties, for instance—should be reviewed manually across the relevant time period, and we expect that almost all of those would be responsive.  As we have repeatedly told you, that is what we have done to date in our text messages for communications with brokers and sureties.  We are continuing our review process for text messages on the items you have asked us to follow up on. At the specific request of defense counsel, we're going to run search terms across our text message set, in addition to the manual review we have been conducting.  But that does not mean that we have agreed to any search-term-based limitation for your text message review for key categories."

Respectfully submitted,

Megan S. Lewis
Counsel for W&T

cc:      All counsel of record (via ECF)