IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| W&T OFFSHORE, INC., AND W&T ENERGY VI, LLC, | § § § § § | |
| Plaintiffs, | § § | LEAD CASE NO. 4:24-CV-3047 CONSOLIDATED ACTION |
| v. | § § | |
| ENDURANCE ASSURANCE CORPORATION AND LEXON INSURANCE CO., et al. | § § § § § | |
| Defendants. | § § | |

**PENNSYLVANIA INSURANCE COMPANY, APPLIED SURETY UNDERWRITERS, UNITED STATES FIRE INSURANCE COMPANY, AND AMYNTA HOLDINGS' OPPOSED MOTION FOR LEAVE TO FILE CONFORMING MOTION TO DISMISS**

Defendants Pennsylvania Insurance Company, Applied Surety Underwriters LLC (together "Penn") and United States Fire Insurance Company and Amynta Holdings LLC (together "U.S. Fire") (collectively "Penn and U.S. Fire"), by and through their undersigned counsel, respectfully request leave of Court to file their joint, conforming Motion to Dismiss Second Amended Complaint for Failure to State a Claim (the "Motion to Dismiss"), attached hereto as Exhibit A.

Counsel for Penn and U.S. Fire has conferred with counsel for W&T, and W&T has stated that it opposes the requested relief.

## MEMORANDUM IN SUPPORT

On June 5, 2026, Penn and U.S. Fire filed an Unopposed Motion for Leave to File their Motion to Dismiss W&T's Second Amended Complaint exceeding the Court's 25-page limitation. [Dkt. 344]. Penn and U.S. Fire sought leave under Rule VII(3) of this Court's Civil Procedures because W&T's Second Amended Complaint spans 86 pages, asserts numerous claims against multiple defendants, and raises new threshold pleading issues that Penn and U.S. Fire sought to address in a single filing.

On June 29, 2026, the Court entered an order denying Penn and U.S. Fire's motion for leave to exceed the page limit and striking their motion to dismiss. [Dkt. 347]. The Court did not specify a deadline for refiling. In response, Penn and U.S. Fire have promptly conformed their motion to the 25-page limit, and now seek leave to place that compliant filing before the Court. Penn and U.S. Fire thus request that the relief be granted because they have proceeded with diligence and in good faith and because the requested relief is modest, will not unduly prejudice W&T, and will permit the Court to consider important threshold Rule 12 issues.

### I.    LEGAL STANDARD

Whether to permit a conforming filing in place of a timely but overlength one is committed to the Court's sound discretion, which is ordinarily exercised to correct a nonwillful procedural defect. To the extent any applicable deadline is deemed to have expired, Rule 6(b)(1)(B) of the Federal Rules of Civil Procedure permits a

court, for good cause, to extend a deadline after it has expired "if the party failed to act because of excusable neglect." FED. R. CIV. P. 6(b)(1)(B). The excusable-neglect standard is an equitable one that requires courts to consider all relevant circumstances, including "the danger of prejudice, the length of the delay, the reason for the delay, and whether the movant acted in good faith." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993).

District courts also have discretion to permit correction of nonwillful procedural defects. In *Digital Generation, Inc. v. Boring*, the court allowed a party to file an amended reply after the original reply exceeded the page limit because the amended filing was "substantially similar in substance to the original reply," did "not include new arguments or legal authority," and relied on the same evidence. 869 F. Supp. 2d 761, 771 (N.D. Tex. 2012).  This discretion is consistent with Rule 83(a)(2), which provides that a "local rule imposing a requirement of form must not be enforced in a way that causes a party to lose any right because of a nonwillful failure to comply." *Darouiche v. Fidelity Nat'l Ins. Co.*, 415 F. App'x 548, 552 (5th Cir. 2011) (quoting FED. R. CIV. P. 83(a)(2)).

## II.    ARGUMENTS

Each relevant factor favors granting leave.  First, W&T faces no cognizable prejudice as reflected by the fact that it did not oppose leave to file a longer motion addressing the same threshold Rule 12 issues. W&T has been aware of Penn and

U.S. Fire's grounds for dismissal, and the requested leave will not alter the case schedule in any material way as it has been less than a month since the motion was filed and given that Penn and U.S. Fire are not seeking a stay of discovery or any other deadline pending disposition of the motion to dismiss. Granting leave also promotes judicial economy because the motion raises pleading issues that may narrow the claims, parties, and discovery before the case proceeds further.

Second, the length of any delay is minimal, and Penn and U.S. Fire have taken all reasonable steps to mitigate it. They timely filed the original motion for leave to enlarge the page limit. Further, they revised their motion to comply with the Court's page limitation and sought leave to file the conforming motion within one day of the Court's June 29, 2026 Order. That prompt action confirms that Penn and U.S. Fire are not seeking delay and are diligently attempting to comply in good faith with the Court's procedures without burdening the Court or the parties. Courts routinely consider prompt correction of procedural defects and the absence of prejudice as grounds for allowing a corrected filing. *See Digital Generation*, 869 F. Supp. 2d at 771; *Darouiche*, 415 F. App'x at 552.

Third, the reason for the requested relief reflects diligence and good faith rather than neglect. Penn and U.S. Fire did not miss the Rule 12 deadline or disregard the Court's page limit. They timely sought leave under Rule VII(3) of the Court's Civil Procedures to file an overlength motion addressing the numerous claims

asserted in W&T's 86-page Second Amended Complaint. Further, that request was unopposed.

In these circumstances, leave should be granted. Penn and U.S. Fire timely attempted to present their Rule 12 arguments, promptly cured the page-limit issue after the Court's order, and now seek only the opportunity to file a conforming motion directed to the operative complaint.

## III.    CONCLUSION

For the foregoing reasons, Pennsylvania Insurance Company, Applied Surety Underwriters LLC, United States Fire Insurance Company, and Amynta Holdings LLC respectfully request that the Court grant them leave to file their conforming Motion to Dismiss W&T's Second Amended Complaint for Failure to State a Claim and direct the Clerk to docket that filing as appropriate.

RESPECTFULLY SUBMITTED this 30th day of June, 2026.


*/s/ Ryan D. Dry*

Ryan D. Dry
Texas Bar No. 24050532
S.D. Tex. Bar No. 618363
DRY LAW, PLLC
909 18th Street
Plano, TX 75074
(972) 797-9510 Tele/Fax
rdry@drylaw.com

and

Samuel C. Kaplan
Admitted pro hac vice
BOIES SCHILLER FLEXNER LLP
1401 New York Ave, NW
Washington, DC 20005
Email: skaplan@bsfllp.com
Telephone: (202) 274-1163

Mary-Olga Lovett
Texas Bar No. 00789289
S.D. Tex. Bar No. 17731
MO LOVETT LAW, PLLC
2001 Kirby Drive, Ste. 700
Houston, Texas 77019
(713) 589-5103 (office)
(713) 553-1882 (cell)
mo@molovettlaw.com

ATTORNEYS FOR PENNSYLVANIA
INSURANCE COMPANY, APPLIED SURETY
UNDERWRITERS, UNITED STATES FIRE
INSURANCE COMPANY, AND AMYNTA HOLDINGS LLC

## CERTIFICATE OF CONFERENCE

I hereby certify that, on June 29, 2026, undersigned counsel for Penn and U.S. Fire conferred with counsel for W&T Offshore, Inc. and W&T Energy VI, LLC regarding the relief sought in this Motion. Counsel for W&T indicated that W&T opposes the relief requested herein.

*/s/ Ryan D. Dry*
Ryan D. Dry

## CERTIFICATE OF SERVICE

I hereby certify that, on June 30, 2026, a true and correct copy of the foregoing document was filed and served by the Electronic Case Filing System for the United States District Court for the Southern District of Texas on those parties registered to receive electronic notice.

*/s/ Ryan D. Dry*
Ryan D. Dry