# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| W&T OFFSHORE, INC., AND W&T ENERGY VI, LLC, | § § § | |
| v. | § § | LEAD CASE NO. 4:24-CV-3047 CONSOLIDATED ACTION |
| ENDURANCE ASSURANCE CORPORATION, AND LEXON INSURANCE CO., *ET AL.* | § § § § § | |

## W&T'S RESPONSE TO DEFENDANTS' MOTION FOR LEAVE TO REFILE STRICKEN MOTION TO DISMISS

Plaintiffs W&T Offshore, Inc. and W&T Energy VI, LLC ("W&T") file this response to the Motion for Leave to Refile a Motion to Dismiss, ECF No. 348, by Defendants Pennsylvania Insurance Company, Applied Surety Underwriters LLC, (together "Penn") and United States Fire Insurance Company and Amynta Holdings LLC (together "U.S. Fire") (collectively with Penn, the "Sureties"). By Order dated June 8, 2026, the Court struck the Sureties' Motion to Dismiss from the docket and did not set a refiling deadline. *See* ECF No. 347. The Sureties now ask the Court to redo that order as well.

W&T opposes this Motion, and it would be prejudiced by the Sureties' continued failure to comply with the Court's instructions and rules. It has already incurred substantial legal costs and fees in responding to the Sureties' frivolous motion to dismiss that raises successive and meritless arguments that were already

1

addressed in the Court's order denying the Sureties' first motion to dismiss. *See* ECF 283. Indeed, W&T previously sent the Sureties a letter (attached hereto as Exhibit A) asking the Sureties to withdraw their motion to dismiss, reserving rights to seek fees and costs incurred in responding to their baseless motion. Yet, instead, they are now doubling down, and not only attempting to refile their motion to dismiss, but causing W&T (and the Court) to expend even more time and expense responding to this Motion. Their conduct in continuing to pursue the refiling of a meritless, and now untimely, motion is needlessly increasing litigation costs and should be denied.

For clarity of the record, W&T corrects the mischaracterization of its position in the Sureties' instant Motion. It is not accurate to suggest that W&T agreed that lengthy motions were appropriate and that W&T was "aware of Penn and U.S. Fire's grounds for dismissal." Mot. at 3-4. W&T's position that was conveyed to opposing counsel is attached as Exhibit B. While W&T indicated that counsel could indicate that the motion for excess pages could be styled as unopposed, W&T made clear that "we are not independently agreeing that an 8-page extension is necessary. . . ." W&T did not receive an advance copy nor details on the arguments to be set forth in the motion to dismiss and only learned the full extent of the repetitive and frivolous arguments once the motion to dismiss was filed.

The Sureties had a clear choice when it came to filing their successive Motion

2

to Dismiss, with ample guidance from the Court to guide their decision. It is not "excusable neglect." Instead of filing a timely answer, and heeding the Court's repeated admonitions to get to the merits, they chose to file a noncompliant, over-length motion to dismiss that raises almost identical arguments that were rejected by the Court's detailed ruling on the first Motion to Dismiss mere months earlier. To the extent that the Sureties are now suffering the repercussions of their procedural and strategic choices, that is an issue between those clients and their counsel. It is not a basis on which to grant them relief, nor to continue to impose additional cost, delay, and burden on W&T or this Court.

## **CONCLUSION**

For the foregoing reasons, W&T respectfully requests that the Court deny the Sureties' Motion and order them to promptly answer the Second Amended Complaint and proceed with the merits of this case.

Dated: July 1, 2026

Respectfully submitted,

McGuireWoods LLP

*/s/ Megan S. Lewis*
Megan S. Lewis
*Admitted Pro Hac Vice*
mlewis@mcguirewoods.com
888 16th Street N.W., Suite 500
Washington, DC 20006
(202) 857-1716 Telephone
(202) 857-1737 Facsimile

Nicholas J. Giles
*Admitted Pro Hac Vice*
ngiles@mcguirewoods.com
800 East Canal Street
Richmond, Virginia 23219
(804) 775-4760 Telephone
(804) 698-2040 Facsimile

**ATTORNEYS FOR W&T OFFSHORE, INC. AND W&T ENERGY VI, LLC**

**OF COUNSEL:**

**Marc Tabolsky**
Texas State Bar No. 24037576
S.D. Texas Bar No. 37154
mtabolsky@hicksjohnson.com
Hicks Johnson PLLC
1550 Lamar Street
Suite 1900
Houston, TX 77010
(713) 357-5150

4

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 1, 2026, Plaintiffs filed this document electronically with the Clerk of the Court using the CM/ECF System, which will send notification of such filing to all parties of record in the captioned case.

*/s/ Megan S. Lewis*
Megan S.  Lewis