RYAN DRY
PARTNER
972.797.9511 TELEPHONE
972.797.9510 FACSIMILE
rdry@drylaw.com



July 21, 2026

*Via ECF Filing*
Judge Dena Hanovice Palermo
c/o Ms. Carol Felchak, Case Manager
515 Rusk Street, Room 8608
Houston, Texas 77002

> Re:    *W&T Offshore, Inc. et al. v. Endurance Assurance Corp. et al.*, No. 4:24-CV-03047—
> Discovery Disputes at Impasse (Penn and USFIC)

Dear Ms. Felchak:

Pennsylvania Insurance Company ("Penn") and United States Fire Insurance Company ("USFIC") submit this letter to identify discovery disputes with Plaintiffs (collectively, "W&T") that have reached impasse. The parties have conferred extensively—in writing and in recorded meet-and-confers—and have resolved a number of disputes; Penn and USFIC have also agreed to forbear from pursuing certain others at present. The issues below, however, are at impasse, and there is no basis to conclude that further conferral will obviate the need for the Court's attention.

**First: W&T's refusal to disclose the basis for its claimed "direct evidence" of conspiracy.** Penn and USFIC asked W&T to state the basis for its claim that it possesses direct evidence of a conspiracy to coordinate collateral demands in 2024. *See, e.g.*, W&T's Responses to USFIC's First ROGs, served Sept. 15, 2025, Interrogatory No. 7. W&T "responds by directing USFIC to the acts and statements alleged in W&T's First Amended Complaint" (*id*.) and has most recently refused to provide additional information on the basis that the relevant interrogatories are "contention interrogatories" that need not be answered now. M. Lewis July 14, 2026 Email. That is incorrect at least as to W&T's claim that it has "direct evidence" of conspiracy: direct evidence, by definition, rests on personal knowledge and direct observation, not inference. *See Int'l Constr. Prods., LLC v. Ring Power Corp.*, 2023 WL 7127515, at *4 (11th Cir. Oct. 30, 2023). As discussed previously, Penn and USFIC do not believe that the Second Amended Complaint asserts "direct evidence" of conspiracy, ECF 357 at 6-8, ECF 365 at 4-9. However, if W&T continues to claim it has "direct evidence" of conspiracy, there is no reason it should not be able to identify that direct evidence now. If it cannot, it should say so and withdraw the contention rather than continue to litigate on the strength of an assertion it declines to substantiate. Penn and USFIC request an order at a minimum requiring W&T to identify the full basis for its claim that it has "direct evidence" of conspiracy, or withdraw the contention.

**Second: W&T's refusal to produce documents regarding its Asset Retirement Obligations.** These obligations bear directly on W&T's financial condition—specifically, the extent of its long-term decommissioning obligations and whether it is reserving adequately to meet them, the precise considerations that drive surety underwriting and collateral decisions. To reduce burden, Penn and USFIC narrowed their requests to two discrete categories referenced in W&T's own production: (i) annual PowerPoint presentations prepared by W&T's Decommissioning team concerning ARO changes

July 21, 2026
Page 2

and projections[1]; and (ii) Quarterly ARO Update Forms. W&T has nonetheless refused, asserting that it has produced "ample ARO information." Penn and USFIC seek an order compelling production of that discrete set.

**Third: W&T's refusal to provide basic information regarding its auditor and the change from Ernst & Young.** W&T has placed its financial condition and audit history at issue, yet refuses to provide three discrete items: (i) the volume of information provided to its auditor (so the parties can assess the burden of producing that information or a subset—W&T has said only that "there are thousands"[2]); (ii) ordinary-course communications addressing the reasons for the change from Ernst & Young; and (iii) a verified interrogatory response attesting to the reason for the change. W&T has elsewhere attributed that reason to cost, but in response to an interrogatory directly asking for the reasons, it failed to provide the reasons. Instead, it simply stated that it "made the decision to solicit bids from registered public accounting firms to provide services to W&T" without explaining *why* it did so. *See* W&T's Response to USFIC's Interrogatory No. 11. If W&T claims that cost was the reason for the change, it should be willing to provide a verified response saying so. While there are disputes about other documents provided to Ernst & Young, those are not yet ripe. At this time, Penn and USFIC request an order compelling all three items.

**Fourth: W&T's refusal to substantiate its claimed inability to obtain replacement bonding.** W&T alleges that its inability to obtain bonding for other transactions is the product of conspiracy, yet its interrogatory response states only: "W&T does not necessarily possess information as to the specific entities that the broker of record reaches out to for a particular bonding request." *See* W&T's Responses to USFIC's First ROGs, served Sept. 15, 2025, Response No. 1. Asked to identify who was contacted and what terms were offered, W&T declined, asserting the information rests with its broker, McGriff. A party may not premise allegations on information its broker allegedly relayed while refusing to obtain and disclose the remainder. While the parties agree that McGriff's third-party production has been deficient and are prepared to address that jointly, W&T's own interrogatory obligations are independent of McGriff's. Penn and USFIC request an order compelling a complete, verified answer to Interrogatory No. 1, including the information available to W&T through McGriff, its broker of record.

Penn and USFIC respectfully request a conference with the Court at its convenience, or such other procedure as the Court directs. Penn and USFIC reserve all rights as to disputes not raised herein.

Respectfully submitted,

Ryan Dry

cc: all counsel

---

[1] W&T's own documentation reflects that each quarterly update and annual presentation undergoes formal, multi-level management review, with hard copies signed as evidence of approval. WT-006-0000251; WT-006-0000256.

[2] M. Lewis June 2, 2026 Email.