# Vinson&Elkins

Jason Halper  jhalper@velaw.com
**Tel** +1.212.237.0240

July 22, 2026

***Via ECF E-File***
Honorable Dena Hanovice Palermo
U.S. District Court, Southern District of Texas

Re:    *W&T Offshore, Inc. et al. v. Endurance Assurance Corp., et al.*, 4:24-cv-3047

Dear Judge Palermo:

In light of the upcoming status conference, Lexon respectfully submits this response to the letter filed by W&T (Dkt. 335). The claimed discovery deficiencies, **filed on June 5, stem from emails sent by W&T on June 4 demanding a response by "noon ET tomorrow."** This was not the cooperative conferral contemplated by this Court's Local Rules. Rather, it is a continuation of W&T's litigation tactic designed to manufacture disputes for judicial intervention. Regardless, W&T's letter is substantively unfounded, and an attempt to circumvent this Court's prior rulings.

## I.    Most Purported Impasses Are Now Resolved, As the Court Would Expect

Most of the purported disputes are now resolved.  Lexon agreed to redesignate the confidentiality level of certain text messages identified by W&T and to reproduce text messages missing date/time metadata, the latter being an issue resulting from a vendor error on a single custodian that would have been remedied without Court intervention had W&T allowed any reasonable time for conferral.

Notably, Lexon did not violate the ESI Order. Section 2(q) of the ESI Order provides that the parties "agree to preserve [mobile device data] until such time that they can confer to define appropriate parameters for production, including the format for production and metadata fields to be included." Dkt. 165 at 10. Despite W&T failing to confer to define production parameters and issuing a "take it or leave it" demand that text messages be produced in W&T's preferred format—even though not mandated by the ESI Order—in the spirit of compromise, Lexon has since made a reproduction of its text messages to accommodate W&T's requests.

## II.    Lexon's Text Message Review Methodology Is Appropriate

W&T's attack on Lexon's use of search terms for text message review as an "inappropriate methodology" is meritless. First, keyword-based searching is a widely accepted

**Vinson & Elkins LLP  Attorneys at Law**
Austin  Brussels  Dallas  Denver  Dubai  Dublin  Houston  London
Los Angeles  New York  Richmond  San Francisco  Tokyo  Washington

The Grace Building, 1114 Avenue of the Americas, 32nd Floor
New York, NY 10036
**Tel** +1.212.237.0000  **Fax** +1.212.237.0100  velaw.com



methodology for ESI review, including for short-form communications. Email, which routinely contains shorthand, abbreviations, and informal language comparable to text messages, is universally searched using keyword-based methodologies, and no court has held that doing so is inappropriate. W&T offers no authority for its assertion that search terms are inherently inadequate for text messages simply because they may contain "slang and emojis." Indeed, W&T itself has agreed to run search terms on its own text messages, conceding the role of search-term methodology in text message review.

Second, W&T provides no basis for its assertion that text messages are "one of the most critical sources of evidence" in this case. There are numerous legitimate reasons for employees of sureties and brokers to communicate, including preexisting business relationships, trade associations, joint ventures, and new bonding opportunities, none of which implicates anticompetitive conduct.

Third, the existence of "hundreds of text messages" is not evidence of anything. The law does not permit an inference of conspiracy from the mere volume of communications. "[M]ere contacts and communications, or the mere opportunity to conspire, among antitrust defendants is insufficient evidence from which to infer an anticompetitive conspiracy." *Ginzburg v. Mem'l Healthcare Sys., Inc.*, 993 F. Supp. 998, 1022 (S.D. Tex. 1997) (citation and quotation omitted).

### III.   **W&T's Demand for All Text Messages Between Competitors Is an Impermissible End-Run Around This Court's Prior Order**

W&T's demand for "all direct text messages with competitor sureties" is an attempted end-run around this Court's prior ruling. At the October 22, 2025 hearing, this Court expressly held: "So we're not going to do all communications. Everybody knows that all communications is not an appropriate demand." Dkt. 192 at 50:5-7. The Court directed the parties to produce "documents sufficient to show" relevant communications tied to specific conduct. Dkt. 199.

W&T's Fourth Requests for Production seek exactly what this Court rejected, demanding "[a]ll text messages . . . between You and any other Surety" (RFP 6), "between You and IndemCo" (RFP 7), and "between You and CAC Specialty" (RFP 8). W&T cannot repackage demands denied by the Court by narrowing the medium (text messages only) while maintaining the same impermissible scope (all communications with any competitor, without subject matter limitation). These requests contain no subject matter limitation, no temporal limitation tied to the alleged wrong, and no connection to the allegations in the complaint. This is precisely the fishing expedition this Court declined to authorize.



Sincerely,

*/s/ Jason Halper*
Jason Halper