IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| W&T OFFSHORE, INC., AND W&T ENERGY VI, LLC, | § § § | |
| v. | § § § | LEAD CASE NO. 4:24-CV-3047 CONSOLIDATED ACTION |
| ENDURANCE ASSURANCE CORPORATION, AND LEXON INSURANCE CO., *ET AL.* | § § § § | |

## W&T'S NOTICE OF PENDING ISSUES

Plaintiffs W&T Offshore, Inc. and W&T Energy VI, LLC ("W&T") file this Notice to summarize, for the Court's reference and convenience, the issues that it believes are ripe for the Court's consideration at the upcoming status conference on July 28, 2026.

## Current Defendants

The Defendants are grouped herein for the Court's convenience to identify related entities:[1] A) Endurance Assurance Corporation and Lexon Insurance Company (referred to collectively by their common parent company name "Sompo"); B) Pennsylvania Insurance Company ("Penn") and Applied Surety Underwriters LLC ("Applied"); C) U.S. Fire Insurance Company ("USFIC") and

---

[1] By providing this information as a reference for the Court, W&T is not making any representations or concessions about the legal relationship between the entities.

1

Amynta Holdings LLC d/b/a Amynta Surety Solutions ("Amynta"); and D) Acrisure, LLC d/b/a IndemCo ("IndemCo"). Sompo, Penn/Applied, and USFIC/Amynta are the "Surety Defendants;" IndemCo is the "Broker Defendant."

### **Volume and Dates of Document Discovery Produced to Date**

As of this filing, based on W&T's records, the chart below lists the number of productions, dates, and number of documents each party has produced.

| Vol. | W&T | | Sompo | | Penn | | USFIC | |
|---|---|---|---|---|---|---|---|---|
| | Date | # | Date | # | Date | # | Date | # |
| 1 | 8/10/2025 | 1 | 8/15/2025 | 2 | 8/22/2025 | 1 | 8/22/2025 | 1 |
| 2 | 10/3/2025 | 1 | 10/16/2025 | 36 | 12/8/2025 | 1 | 8/25/2025 | 1 |
| 3 | 10/9/2025 | 119 | 12/5/2025 | 28 | 12/10/2025 | 6 | 12/8/2025 | 2 |
| 4 | 10/15/2025 | 93 | 12/22/2025 | 109 | 1/11/2026 | 125 | 12/10/2025 | 19 |
| 5 | 11/14/2025 | 166 | 1/13/2026 | 218 | 1/30/2026 | FN 2 | 1/12/2026 | 39 |
| 6 | 12/5/2025 | 27 | 2/6/2026 | 225 | 2/21/2026[2] | 639 | 2/22/2026 | 2,017 |
| 7 | 12/19/2025 | 311 | 2/13/2026 | 298 | 2/22/2026 | 715 | 2/23/2026 | 3,875 |
| 8 | 1/7/2025 | 1 | 2/20/2026 | 2,803 | 2/23/2026 | 2,774 | 6/10/2026 | 182 |
| 9 | 1/12/2026 | 447 | 2/23/2026 | 2,574 | 5/29/2026[3] | 35 | 7/21/2026 | 139 |
| 10 | 2/21/2026 | 636 | 5/28/2026 | FN 4 | 6/10/2026 | 80 | **TOTAL** | **6,275** |
| 11 | 2/23/2026 | 1,942 | 6/12/2026 | 960 | 7/21/2026 | 170 | | |
| 12 | 3/4/2026 | 763 | 7/15/2026 | 349 | **TOTAL** | **4,546** | | |
| 13 | 3/31/2026 | 258 | 7/20/2026[4] | 350 | | | | |
| 14 | 4/22/2026 | 341 | **TOTAL** | **7,953**[5] | | | | |
| 15 | 5/29/2026 | 1,714 | | | | | | |
| 16 | 6/23/2026 | 622 | | | | | | |
| 17 | 7/20/2026 | 523 | | | | | | |
| | **TOTAL** | **7,965** | | | | | | |

---

[2] Replacement production for January 30, 2026 production.

[3] Penn produced an overlay file of this production on June 10, 2026.

[4] Replacement production for May 28, 2026 production.

[5] In addition to its formal document productions, Sompo informally produced a single document to W&T on November 5, 2025. This total includes that document.

**Ripe Pending Motions**

1. W&T's Motion for a Protective Order (SEALED)[6]

2. W&T's Motion for Sanctions against Penn and USFIC[7]

3. Penn/USFIC's Motion to Dismiss Second Amended Complaint[8]

4. Unopposed Motion to Correct Defendant Name[9]

---

[6] On March 30, 2026, the Court invited W&T to file a motion for protection, *see* ECF No. 280. W&T filed its motion on April 14, 2026 (ECF No. 286) (sealed), USFIC and Penn filed a joint opposition on April 30, 2026, ECF No. 308 (sealed), Sompo filed an opposition that same day, ECF No. 307 (sealed), and on May 7, 2026, W&T filed its consolidated reply, ECF No. 312 (sealed). On July 17, 2026, the Court ordered W&T to provide additional authority by July 24, 2026. ECF No. 370.

[7] On April 24, 2026, W&T filed a motion for sanctions against Penn and USFIC. ECF No. 302. Penn and USFIC's original opposition was stricken by the Court for noncompliance with the Court's page limitations, ECF No. 352, but they were permitted to refile a conforming brief. Penn and USFIC's revised opposition was filed on July 6, 2026, ECF No. 359. At the Court's invitation, W&T filed a notice, ECF No. 361, indicating that it was resting on its original reply, ECF No. 327. On July 17, 2026, the Court ordered W&T to provide a clarification by July 24, 2026. ECF No. 369.

[8] On June 5, 2026, Penn and USFIC filed a joint motion to dismiss W&T's SAC, which the Court struck for noncompliance with the Court's page limitations, ECF No. 350. The Court granted leave to file a conforming brief, ECF No. 353, and on July 6, 2026, Penn and USFIC filed a revised motion to dismiss, ECF No. 357 and ECF No. 358 (sealed). At the Court's invitation, W&T filed a notice, ECF No. 362, indicating that it was resting on its original opposition, ECF No. 345 and ECF No. 346 (sealed). Penn and USFIC filed a reply on July 14, 2026, ECF No. 365 and ECF No. 366 (sealed). On July 17, 2026, W&T filed a motion for leave to file a limited sur-reply, ECF No. 367, which is currently pending before the Court.

[9] On July 22, 2026, W&T filed an unopposed motion to correct the legal name of the IndemCo entity from IndemCo LP to Acrisure, LLC d/b/a IndemCo. ECF No. 374.

**Ripe Discovery Disputes**

1. <u>W&T & Sompo's Notices of Discovery Impasse on Text Messages (ECF Nos. 335, 336)</u>

On June 5, 2026, W&T filed a notice of a discovery dispute with regard to Defendants' productions of text messages.  ECF No. 335.  The dispute encompasses all Surety Defendants and three issues remain in dispute: (1) incomplete and delayed productions; (2) inappropriate methodology; and (3) scope of production.[10]  Sompo filed a response on July 22, 2026.  *See* ECF No. 375.

Item (1) remains in dispute.  Despite the parties having agreed upon text-message custodians in May, the productions remain incomplete, as to custodian, time period, and scope.[11]

Item (2) remains in dispute.  USFIC and Penn have agreed that they will not

---

[10] W&T's June 5 Notice also raised disputes over format of production and over-designation under the protective order, which have since been resolved. Format of production was not simply a "vendor error" as Sompo suggests in their filing—it was refusing for months to produce text messages in a readable 24-hour format. Sompo relented on that refusal and finally reproduced in proper format on July 20, 2026—two days before their filing.  The immediate issue of over-designation on specific text messages was resolved; however, the general issue of over-designation is likely to require a broader resolution, as previewed in section 6 of the Anticipated Discovery Disputes section below.

[11] With respect to Mr. Toppi, counsel has revealed that, in spite of receiving a preservation notice in December 2024, Mr. Toppi continued to intentionally delete text messages and as such, there were no "recoverable texts from the relevant period."  Counsel is in the process of engaging a third-party neutral forensic expert to determine the extent of Mr. Toppi's potential spoliation.

use search terms for surety-to-surety communications, but instead will conduct a manual review of the same. However, Sompo has refused to use any methodology other than email-style search terms despite that such search terms ignore the shorthand, emojis, and abbreviated vernacular commonly used in text messages.

Item (3) remains unresolved and overlaps with Defendants' refusals to produce documents set forth in item 3, below.

On June 5, 2026, Sompo filed a request for a status conference on W&T's purported "refusal to disclose its text message review methodology." ECF No. 336. W&T filed a response on June 8, 2026, ECF No. 341, which set forth in detail the number of times and quotations from meet and confer transcripts and correspondence where it has described its text review method to the Defendants.

2. <u>W&T's Notice of Discovery Impasse on Pricing Information Related to Surety Bonds (ECF No. 377)[12]</u>

On July 22, 2026, W&T filed a notice of discovery impasse regarding the Surety Defendants' refusal to produce information related to pricing of surety bonds,

---

[12] W&T has endeavored to resolve or narrow these disputes; however, even when it believes it has made progress, Defendants backtrack. For example, despite agreeing in May that they did not believe the Court's October 23, 2025 Order governed the scope of discovery under the Second Amended Complaint, *see* ECF 377-1, each of the Surety Defendants now appears to have reversed their position and are reasserting it as a basis for refusing to produce discovery. Moreover, W&T continues to encounter delays in getting prompt responses. Despite W&T requesting responses much earlier, Sompo did not respond to W&T's deficiency letter until July 17, 2026, and Penn/Applied and USFIC/Amynta did not respond to W&T's deficiency letter until July 23, 2026.

which they have improperly limited to only premium rate "increases" or collateral "demands." ECF No. 377. W&T's discovery requests seek both the "transactional" type of pricing information universally produced in antitrust cases, as well as documentary records related to communications about bond pricing and terms, such as communications with competitors or brokers about such topics.

3. <u>W&T's Notice of Discovery Impasse on Production of Competitor Surety-to-Surety Communications (ECF No. 378)</u>

On July 22, 2026, W&T filed a notice of discovery impasse regarding the Surety Defendants' refusal to produce all competitor surety-to-surety communications. ECF No. 378. This issue pertains to multiple requests for production, interrogatories, and requests for admission. For the majority of these requests, Defendants have unduly narrowed both the identities of competitor sureties and limited the scope of communications they will produce to those that reference only those communications that relate to W&T, collateral demands, or rate increases. To the extent that any Defendant suggests they will voluntarily produce certain other documents "notwithstanding" any written objection, without any certainty or clarity as to what Defendants are required to produce, leaves them with an unwarranted amount of discretion to decide arbitrarily (and without sufficient disclosure) what they are producing and where they are standing on a scope or relevance objection.

4. <u>W&T's Notice of Discovery Impasse on Production of Broker Information and Communications (ECF No. 379)</u>

On July 22, 2026, W&T filed a notice of discovery impasse regarding the Surety Defendants' refusal to produce broker communications.  ECF No. 379.  As set forth therein, this issue pertains to multiple requests for production, interrogatory responses, and requests for admission.  W&T's position is that communications with brokers (and any other third-party intermediaries) are among the most significant and highly relevant evidence in this litigation—the SAC explicitly details how brokers participated in and aided the conspiracy by, among other things, conveying pricing information between competitor sureties.  Basic discovery on who Defendants engaged with for their surety bond business should not be in dispute.

5. <u>W&T's Notice of Discovery Impasse on Information Related to Surety Bonds and other Independent Oil and Gas Operators (ECF No. 380)</u>

On July 22, 2026, W&T filed a notice of discovery impasse regarding the Surety Defendants' refusal to produce information related to surety bonds outside of independent oil and gas operators who received rate "increases" or collateral "demands."  ECF No. 380.  It appears that this unwarranted objection is two-fold— first, it appears that some Defendants are excluding "onshore" independent oil and gas operators who did in fact receive rate increases and/or collaterals demands on surety bonds.  Second, it appears that Defendants are excluding documents or information pertaining to "offshore" independents who did not receive premium rate

"increases" or collateral "demands."  While W&T's complaint certainly focuses on offshore bonds, part of its discovery in this case is appropriately aimed at understanding the surety bond market and its products and customers.  Additionally, to the extent that other independents holding offshore bonds did not receive collateral demands, such evidence nonetheless would be relevant to W&T's contractual claims that the purported concern over its financial condition was pretextual.  Yet the Defendants have refused even to provide basic discovery responses identifying the scope of their customers of surety bonds.

6.  Sompo's Discovery Dispute Letter (ECF No. 376)

On July 22, 2026, Sompo filed a discovery dispute letter regarding W&T's definitions of the terms "Bond," "Broker," "Independent oil and gas operator," and "Surety or Sureties" in W&T's Fourth Requests for Production.  ECF No. 376. Sompo's letter largely addresses the same areas of impasse W&T outlined in its July 22 notices.

7.  Penn/USFIC's Notice of Discovery Impasse (ECF No. 372)

On July 21, 2026, Penn and USFIC filed a joint discovery dispute letter regarding four areas of impasse related to W&T's discovery responses and productions: (1) Penn and USFIC's insistence that W&T identify additional "direct evidence" of the conspiracy; (2) W&T's production of documents regarding its asset retirement obligations ("ARO"); (3) W&T's production of documents related to its

8

external auditor and the change to a new auditor in 2024; and (4) W&T's interrogatory response related to replacement bonding.

**Anticipated Discovery Disputes**

W&T provides items that remain subject to ongoing discussions, but which it anticipates may ripen into disputes prior to the next status conference. W&T raises these here, to the extent that prospective guidance from the Court might foster a compromise resolution.

1. Date Range for Discovery under the SAC

W&T is currently engaged in negotiations with the Surety Defendants on the appropriate date range for discovery predating the time period alleged in the SAC, i.e. January 1, 2020. The Court previously found that a limited period of pre-conspiracy[13] discovery is appropriate in antitrust cases and set an approximately 6-9 month time period prior to the allegations in the First Amended Complaint. *See* ECF No. 199 (setting June 29, 2023 as a "starting date"). Because the allegations in the SAC date back at least as early as January 1, 2020, W&T served discovery requests dating back to January 1, 2019, a one-year "pre-conspiracy" time period.

2. Process for Negotiation and Use of Search Terms

W&T is attempting to negotiate search terms with the Defendants that would

---

[13] W&T's use of this term is not intended to convey any concession that the evidence will not show that the conspiracy does in fact date back further in time.

9

be intended to capture responsive documents covering the scope of the SAC.  The Court's rulings on the substantive discovery disputes presumably will inform the content of those terms.  However, because W&T has been (and continues to be) at an information asymmetry because of the refusals to respond to Interrogatories and produce basic identifying discovery, W&T has asked Defendants to agree that search terms will be an iterative process—meaning that the Defendants will agree to run subsequent searches for responsive documents not captured by the original set of terms as the discovery period progresses.  Defendants' positions on agreeing to this process is unclear; thus, W&T wishes to identify this issue at the outset of this discovery period.

3. <u>Requirement to Provide Clear Responses of Materials that Exist But Are Being Withheld Based on an Objection</u>

Defendants have asserted so many objections and limitations on their discovery responses and definitions that it is impossible to ascertain what information exists, but is either not being searched for or is being withheld.  For example, in response to W&T's document request to Sompo for "documents sufficient to show" the brokers and third parties that they engaged to represent them in connection with surety bonds, they responded:

> "RESPONSE:  [Sompo] incorporates by reference as if set forth fully herein its objections to the Instructions and Definitions. [Sompo] objects to this Request as overly broad, unduly burdensome, not proportional to the needs of the case, and on the grounds that it seeks information not relevant to any party's claims or defenses, insofar as it

requests documents reflecting "all Brokers or other third parties" engaged "in connection with the sale or marketing of Bonds," without any limitation to the facts, circumstances, and issues relevant to this action. [Sompo] further objects that the Request is vague and ambiguous as the phrase "sale or marketing of Bonds" is undefined. [Sompo] will interpret the terms in this phrase according to their ordinary meaning set forth in the dictionary. [Sompo] also objects to this Request as overly broad and unduly burdensome as to time period to the extent it seeks documents prior to January 1, 2020 and after June 9, 2025.
[Sompo] responds as follows: [Sompo] will perform a reasonable search according to agreed-upon search terms and produce non-privileged documents, if any, sufficient to show [Sompo's] agreements with Brokers on the [Sompo] Bonds or Brokers involved in any raised premium rates on or any demand for collateral to other offshore oil and gas operators conducting operations in the Gulf of Mexico."

That type of response is a far cry from the specificity that the Court expects, as set forth in its Court Procedures which require that "the response must specifically identify whether information is withheld based on the objections and if so provide enough information about what is not produced or provided to enable further inquiry if appropriate." Court Procedures at V.7. W&T requests that the Court reiterate its expectations of the parties in this regard.

4.  Jurisdictional and Entity Discovery Related to Sompo Defendants

W&T has been engaged with Sompo to confirm the corporate entities and individuals involved in Sompo's surety bond business, and entities from whom documents are being produced in this litigation. For example, the named Defendants Endurance Assurance Corporation and Lexon Insurance Company issued bonds to W&T; however, the individuals involved with those bonds (who are custodians in

11

this litigation) operate under the name of "Sompo International," as reflected in their email addresses and signature blocks.   While Sompo has denied that those employees are employed by the entity Sompo International Holdings, Ltd., they have admitted that none work for either of the two named Defendants.   Consequently, W&T intends to seek additional documents to clarify the relationship between certain Sompo entities with respect to the terms of and issuance of the type of bonds at issue in this litigation, including (i) agreements, contracts, or licenses between or among Sompo-affiliated entities; (ii) documents sufficient to show decision-making authority, and (iii) the flow of funds between and among certain Sompo entities, in order to ensure that responsible entities are properly before this Court.   Although this issue is not ripe at this time, Sompo has indicated that it is unlikely to produce the requested information.

5. <u>Third-Party Discovery Disputes and Motions to Compel</u>

W&T has issued a number of third-party subpoenas in this litigation—in part due to the Defendants' refusals to produce basic information, and in part, to obtain information uniquely within the files of the third parties.   Many recipients of third-party subpoenas have been cooperative and forthcoming, producing responsive documents and engaging with counsel for W&T in good faith.  Others have lodged objections and are continuing to engage with W&T to determine whether a compromise is possible.  Consistent with its intentions to minimize burden on third

parties, W&T has deferred certain disputes while it attempts to obtain the appropriate scope of discovery from the Defendants in this action—however, Defendants continue to resist, as set forth in the pending discovery disputes. But even if certain of the third-party disputes resolve or narrow as a result of the receipt of more fulsome party discovery, W&T anticipates that certain third-party discovery disputes will nonetheless need to be resolved by the Court. W&T is endeavoring to narrow those disputes as much as possible prior to filing motions to compel.

6.  <u>Over-Designation of Confidentiality Under the Protective Order</u>

The current protective order, ECF No. 269, includes three levels of confidentiality—(1) Confidential; (2) Highly Confidential; and (3) Outside Counsel Only. At the outset of the litigation, defense counsel objected to permitting W&T's General Counsel, George Hittner, to have access to Highly Confidential materials, asserting that he had too much of a business-facing role. In the interest of expediting the entry of the protective order, W&T agreed to exclude Mr. Hittner from access to HC-designated materials. However, Defendants Penn and USFIC designated individuals with business-facing roles in their respective organizations to have access to HC-designated materials—including one of the custodians for USFIC in this very litigation, Robert Lavitt. USFIC's continued refusal to substitute another individual without a business-facing role led to the creation of the third level of protection, Outside Counsel Only. Moreover, various materials in the litigation are

13

appropriately designated as Outside Counsel Only between the Surety Defendants (e.g. competitively sensitive financial terms of W&T's surety bonds) but which are not competitively sensitive as to W&T.  However, Defendants have refused to agree to permit such documents to be shared with W&T's in-house counsel.[14]

Because W&T has been diligently complying with the Protective Order, it has hampered the ability for W&T's in-house counsel to be fully informed as to significant case developments.  For example, given the Court's denial of W&T's request to unseal various portions of the Second Amended Complaint, many of the underlying documents remain at the Highly Confidential or Outside Counsel Only designation, and W&T's counsel has been unable to share those with their own client—even documents that discuss or pertain to W&T's own bonds.  Over-designation under protective orders is an inevitability in litigation; however, the Defendants' refusal to allow W&T's in-house counsel to see documents that pertain to W&T is impeding their ability to participate fully in this case.  W&T suggests that guidance from the Court on this point may assist the parties in reaching a compromise.  The current Protective Order will likely need to be amended to add designated in-house counsel for Defendant IndemCo in any event, and, with guidance from the Court on this issue, the parties may be able to present the Court

---

[14] W&T is not seeking to have its in-house counsel access documents related to other Independent Oil and Gas Operators.

with an agreed-upon proposal before the next status conference.

Dated: July 23, 2026

Respectfully submitted,

McGuireWoods LLP

*/s/ Megan S. Lewis*
Megan S. Lewis
*Admitted Pro Hac Vice*
mlewis@mcguirewoods.com
888 16th Street N.W., Suite 500
Washington, DC 20006
(202) 857-1716 Telephone
(202) 857-1737 Facsimile

Nicholas J. Giles
*Admitted Pro Hac Vice*
ngiles@mcguirewoods.com
800 East Canal Street
Richmond, Virginia 23219
(804) 775-4760 Telephone
(804) 698-2040 Facsimile

**ATTORNEYS FOR W&T OFFSHORE, INC. AND W&T ENERGY VI, LLC**

**OF COUNSEL:**

**Marc Tabolsky**
Texas State Bar No. 24037576
S.D. Texas Bar No. 37154
mtabolsky@hicksjohnson.com
Hicks Johnson PLLC
1550 Lamar Street
Suite 1900
Houston, TX 77010
(713) 357-5150

15

## CERTIFICATE OF SERVICE

I hereby certify that on July 23, 2026, Plaintiffs filed this document electronically with the Clerk of the Court using the CM/ECF System, which will send notification of such filing to all parties of record in the captioned case.

/s/ *Megan S. Lewis*
Megan S. Lewis