# McGuireWoods

**McGuireWoods LLP**
888 16th Street N.W.
Suite 500
Washington, DC 20006
Phone: 202.857.1700
Fax: 202.857.1737
www.mcguirewoods.com

**Megan S. Lewis**
Direct: 202.857.1716
mlewis@mcguirewoods.com

July 24, 2026

**<u>Via CM/ECF</u>**
The Honorable Dena Hanovice Palermo
U.S. District Court, Southern District of Texas

      Re: *W&T Offshore, Inc., et al. v. Endurance Assurance Corp., et al.*, 4:24-cv-3047

Dear Judge Palermo:

      W&T Offshore, Inc. and W&T Energy VI, LLC (collectively, "W&T") submit this response to Defendant Pennsylvania Insurance Company ("Penn") and U.S. Fire Insurance Company's ("USFIC") discovery impasse letter filed on July 21, 2026 at ECF No. 372.

**(1) W&T has not "refused" to disclose evidence.** Defendants are continuing to attempt to relitigate the legal question about "direct evidence" that the Court already addressed in its ruling denying Defendants' motion to dismiss. ECF No. 283 at 18, 20–22. That is not the purpose or role of the discovery process. *See Werner Enters., Inc. v. PICUS S.A. De C.V.*, No. 5:14-CV-104, 2016 WL 11736166, at *2 (S.D. Tex. 2016) (noting that "[t]he purpose of discovery is to facilitate the exchange of relevant facts, not to examine the parties' contentions about the facts' legal implications"). Moreover, it is improper to ask contention interrogatories that ask W&T to recite the evidence on which it intends to rely, when discovery is so incomplete. *See id.* (denying motion to compel and commenting that "[p]remature contention requests are particularly wasteful where, as here, many of them concern the proponents' own conduct"). Further, there is no requirement that W&T currently have in hand each piece of evidence (direct or otherwise) that it will ultimately rely upon to prove its case. Indeed, that is the whole point of discovery. In particular, in antitrust cases, "the proof is largely in the hands of the alleged conspirators." *Hospital Bldg. Co. v. Trustees of Rex Hospital*, 425 U.S. 738, 746 (1976) (citation omitted); *see also In re Rail Freight Fuel Surcharge Antitrust Litig.*, No MDL Doc. No. 1869, 2009 WL 3443563, at *4 (D.D.C. Oct. 23, 2009) (refusing to require "plaintiffs to prove their case to compel discovery in order to prove their case."). Notwithstanding the improper requests, W&T agreed to supplement its responses at the appropriate time—it has not "refused" anything.

**(2) W&T has not "refused" to produce documents regarding Asset Retirement Obligations.** Defendants' ARO dispute ignores both what W&T has already produced and what Rule 26 requires. W&T has already produced voluminous ARO information and data, a fact Defendants fail to mention in their letter. For example, W&T has produced summary charts, discounted and undiscounted projections of ARO, board presentations about ARO, as well as well-level production detail covering <u>all of its assets</u>—not just those bonded by Penn and USFIC, including spreadsheets covering a "5-year review" of ARO data from 2019 through real-time 2026 data. That production answers the substance of Defendants' requests and satisfies W&T's discovery obligations. In fact, during multiple meet and confers, W&T objected to the burden and breadth of the Defendants' requests and repeatedly asked Defendants to identify what substantive ARO information they still lacked. *See, e.g.*, May 6, 2026 Meet and Confer Tr. at 23; June 29, 2026

Meet and Confer Tr. at 17–18.  They failed to do so.  Defendants have been unable to articulate any relevance to any claim or defense for the information they seek—and there is none.  Historical internal summaries of ARO have no bearing on what the sureties did, or did not, think about W&T's financial condition in 2024, when they demanded collateral.

**(3) W&T has not "refused" to provide information about its switch from E&Y to Deloitte.**  At the October 16, 2025 hearing, the Court informed defense counsel that it was "not going to order [W&T] ever to comply with the breadth of the scope of what they served on E&Y."  Oct. 16, 2025 Hr'g Tr. at 37:5–7.  Not only has W&T produced the information that it represented that it would produce at that hearing (*id*. at 36:9–15), but W&T has gone well beyond those materials in a futile effort to appease Defendants and avoid needlessly involving the Court.  W&T has produced engagement letters (which include information about auditor fees), reports by the auditors, significant accounting matter memos, board minutes and resolutions, emails with the auditors about bonds, and a text message from its CEO about the auditors.  Yet Defendants nevertheless still seek more discovery into unspecified "ordinary course" communications without any relevance or justification.  W&T's interrogatory response provides narrative information and a link to a document, which is permissible under Rule 33(d).  W&T is willing to supplement its response to identify specific Bates numbers of additional documents it has produced.

**(4) W&T has not "refused" to answer the interrogatory about replacement bonding.**  W&T answered the interrogatory about replacement bonding based on the information in its possession, custody, and control.  W&T explained that it contacted its broker, McGriff, telephonically, and was informed orally of the results. W&T does not possess additional information that allows it to identify entities McGriff contacted or terms that McGriff may have discussed.  Defendants appear to contend that W&T's outside counsel must compel McGriff, a third party, to reconstruct oral communications from approximately two years ago, relay that information to W&T, and then have W&T verify McGriff's answers under oath. But W&T has no such obligation.  *See Morris v. Wyeth, Inc.*, No. 09-0854, 2010 WL 1141224, at *2 (W.D. La. 2010) ("[A] party's duty to provide responses to interrogatories is generally limited to obtaining information from persons and entities of which it has actual control").  Instead, W&T's interrogatory obligations are limited to information available to W&T after a reasonable inquiry.  *Id*.  W&T has provided that information.  Further, McGriff was subpoenaed by *both* W&T and USFIC, and the parties apparently agree that McGriff's production currently is deficient.  W&T invited USFIC to jointly meet and confer with McGriff, but USFIC has not responded to that invitation.  W&T therefore has requested its own meet and confer with McGriff, and will provide any additional documents produced to Defendants.  In short, W&T has met its discovery obligations; Defendants' request for an order compelling W&T to procure and verify information that only McGriff possesses should be denied.

Respectfully submitted,

Megan S. Lewis
Counsel for W&T

\

cc:    All counsel of record (via ECF)