**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

|  |  |  |
|---|---|---|
| **W&T OFFSHORE, INC., AND** | § | |
| **W&T ENERGY VI, LLC,** | § | |
| | § | |
| | § | |
| | § | |
| **v.** | § | **LEAD CASE NO. 4:24-cv-3047** |
| | § | **CONSOLIDATED ACTION** |
| | § | |
| **ENDURANCE ASSURANCE** | § | |
| **CORPORATION and LEXON** | § | |
| **INSURANCE CO., et al.** | § | |

**DEFENDANTS' RESPONSE TO PLAINTIFFS' NOTICE OF PENDING ISSUES AND PROPOSED AGENDA FOR JULY 28, 2026 STATUS CONFERENCE**

Defendants and Counterclaim-Plaintiffs Endurance Assurance Corporation ("Endurance") and Lexon Insurance Company (together with Endurance, "Lexon") and Defendants United States Fire Insurance Company ("U.S. Fire"), Pennsylvania Insurance Company ("Penn"), Amynta Holdings LLC d/b/a Amynta Surety Solutions ("Amynta"), and Applied Surety Underwriters LLC ("Applied") (collectively, "U.S. Fire/Penn" or "Defendants"), respectfully submit this response to the Notice of Pending Issues (Dkt. 381, the "Notice"), filed on July 23, 2026, by Plaintiffs and Counterclaim-Defendants W&T Offshore, Inc. and W&T Energy VI, LLC (together, "W&T"). As explained below, W&T's submission is a procedurally improper, highly argumentative "agenda" that is not permissible under the Rules of

1

this Court or necessary or helpful given the extensive correspondence already submitted by the parties.  The submission should be stricken.  To the extent the Court nonetheless considers it, Defendants herein have set forth a proposed agenda without argument that simply attempts to categorize the disputes and refer the Court to the filings relevant to that dispute.

## I.  PROPOSED AGENDA FOR THE JULY 28 CONFERENCE

As is procedurally proper, Defendants will argue their positions with respect to the pending disputes at the hearing and respectfully requests the Court disregard the narratives and arguments improperly presented to the Court through W&T's Notice. Defendants respectfully submit the following agenda for the Court's consideration, and will be prepared to address any other matters the Court deems appropriate:

### 1. Production of W&T's Communications with the Government

- Lexon Letter Motion to Compel (Dkt. 184 (10/17/25)).
- W&T Response to Dkt. 184 (Dkt. 186 (10/20/25)).
- W&T In Camera Submission Cover Letter (Dkt. 201 (10/30/25)).
- Lexon Letter to Court (Dkt. 203 (11/02/25)).
- W&T's Motion for Reconsideration (Dkt. 258 (1/30/26)).
- Lexon's Response in Opposition to W&T's Motion for Reconsideration (Dkt. 265 (2/10/26)).
- W&T's Reply to Lexon's Response in Opposition to Motion for Reconsideration (Dkt. 266 (2/11/26)).
- W&T's Motion for Protective Order (Dkt. 286 (4/14/26)).
- Lexon's Response in Opposition to Dkt. 286 (Dkt. 307 (4/30/26)).
- Penn & U.S. Fire's Response in Opposition to Dkt. 286 (Dkt. 308 (4/30/26)).

- W&T's Reply to Defendants' Responses in Opposition to Dkt. 286 (Dkt. 312 (05/07/26)).
- W&T's Response to the Court's Order on Work Product, Dkt. 370 (Dkt. 384 (7/24/26)).

## 2. Text Message Methodology Disputes

- W&T's Letter Regarding Lexon's Text Message Methodology (Dkt. 335 (6/5/26)).
- Lexon's Letter in Response to Dkt. 335 (Dkt. 375 (7/22/26)).
- Lexon's Letter Regarding W&T's Text Message Methodology (Dkt. 336 (6/5/26)).
- W&T's Letter in Response to Dkt. 336 (Dkt. 341 (6/8/26)).
- Penn and U.S. Fire's Letter in Response to Dkt. 335 (Dkt. 387 (7/27/26)).

## 3. Discovery Impasses

- W&T's Letter Motion For Status Conference Regarding Docket Control Order, Substantive Discovery Issues, Unsealing of Portions of the SAC (Dkt. 328 (5/29/26)).
- Lexon's Letter in Response to Dkt. 328 (Dkt. 330 (6/2/26)).
- Penn and U.S. Fire's Letter Regarding Discovery Disputes at Impasse (Dkt. 372 (7/21/26)).
- Lexon's Letter Regarding Definitions in W&T Fourth Set of RFPs (Dkt. 376 (7/22/26)).
- W&T's Notices of Discovery Impasse:
  - W&T's Discovery Requests for Pricing Information Related to Surety Bonds (Dkt. 377 (7/22/26)).
  - W&T's Discovery Requests for All Communications with Competitor Sureties (Dkt. 378 (7/22/26)).
  - W&T's Discovery Requests related to Brokers and Intermediaries (Dkt. 379 (7/22/26)).
  - W&T's Discovery Requests related to Bonds Issued to Other Independent Oil and Gas Operators (Dkt. 380 (7/22/26)).
- W&T's Response to Penn and U.S. Fire's Letter Regarding Discovery Disputes at Impasse (Dkt. 385 (7/24/26)).
- Penn and U.S. Fire's Letter in Response to W&T's Notices of Discovery Impasse (Dkt. 386 (7/24/26)).

- Lexon's Letter in Response to W&T's Notices of Discovery Impasse (Dkt. 388 (7/27/26)).

Penn and U.S. Fire also are prepared to address W&T's motion for sanctions, Dkt. 302, to the extent the Court deems it helpful. Penn and U.S. Fire also intend to submit under separate cover a request for oral argument related to their motion to dismiss the Second Amended Complaint, Dkt. 358, but because of the full agenda at this conference, and because IndemCo.'s motion to dismiss is not fully briefed, does not request that the motion be heard at the conference on July 28.

## II. W&T'S FILING IS PROCEDURALLY IMPROPER

W&T's Notice does not comply with this Court's requirements, as laid out in the Procedures Manual of United States Magistrate Judge Dena Hanovice Palermo (the "Procedures"). Though styled as a Notice of Pending Issues for the Court's "reference and convenience," W&T's fifteen-page filing is (1) a restatement (and, at times, a supplementation) of positions already contained in prior letters to the Court, (2) a premature airing, with argument, of issues not ripe for the Court's consideration, and (3) a one-sided account of the parties' dealings—none of which is authorized by the Procedures.

**It is not a proper discovery letter.** Section V.2 of the Procedures provides that a party seeking Court intervention on a discovery dispute may request a conference "in a brief letter (no more than 2 pages) summarizing the relief sought,"

and must specify the prior out-of-court discussions and their results. W&T's Notice satisfies none of those requirements. W&T did not consult with Defendants prior to filing, identifies no prior conference between the Parties concerning the filing, and far exceeds two pages.

**It is not a proper motion**. Section VII.1 of the Procedures requires that "[c]ounsel must make serious and timely efforts to confer with opposing counsel on all motions to try to reach agreements on the relief movant seeks," and specifies that "[t]his requires counsel to speak with each other." Section VII.3 further provides that "[a]ny party wishing to make a formal discovery motion should arrange for a conference with the Court before submission of any motion papers." W&T did neither – it did not confer with Defendants regarding this filing, nor did it seek leave of Court.

**It is not a neutral notice.** Despite the title, the Notice contains substantial arguments on the merits of the disputed issues, making it improper in that form too. Rather than simply listing the pending issues and referencing the properly filed pleadings addressing their substance, W&T presents the Court with one-sided advocacy.

For example, in the section titled "Ripe Discovery Disputes," W&T does not simply list the purported issues and reference the properly filed pleadings addressing the substance of such issues—it argues the merits.  Under the heading "W&T &

Sompo's Notices of Discovery Impasse on Text Messages," W&T devotes multiple paragraphs to arguing the merits of the text message dispute, including accusations about methodology and alleged spoliation—matters that should be limited to a proper motion or letter addressing such types of discovery disputes, not embedded in a purported "notice."

Additionally, W&T re-argues its positions stated in its four July 22, 2026 discovery dispute letters, (Dkt. Nos. 377, 378, 379 and 380), dedicating substantial discussion to each.  By contrast, it devotes no more than two sentences to Lexon's letter to the Court regarding definitions in W&T's Fourth Set of Requests for Production (Dkt. 376), dismissively it as "largely addresses the same areas of impasse"—notwithstanding that Lexon raised this issue with the Court first. It gives similarly short shrift to Penn and U.S. Fire's letter regarding discovery disputes at impasse (Dkt. 372). The Notice makes no attempt to provide the Court with a balanced account of Defendants' positions on the pending disputes. Notice at 5-9.

The Notice is also replete with highly editorialized characterizations, such as labeling the Surety Defendants' objections as "unwarranted." Notice at 7. Under "W&T's Notice of Discovery Impasse on Pricing Information," W&T includes a footnote spanning nearly a full paragraph arguing that "Defendants backtrack" and complaining about response timing—again, pure advocacy which misrepresents the Parties' positions and interactions. Notice at 5 n. 12.

**The "Anticipated Disputes" are not ripe.** The Notice also includes an entire section titled "Anticipated Discovery Disputes," the sole purpose of which appears to be raising six additional issues that W&T concedes "remain subject to ongoing discussions" and are not yet ripe. Notice at 9-15. While the Court's July 17, 2026 Order contemplates it may "consider any motions, narrow issues, and inquire about expected motions," it does not sanction one party unilaterally briefing those issues in a one-sided submission. *See e.g.,* Dkt. 368. The parties should be on equal footing with respect to any such anticipated issue; W&T's decision to raise and argue six matters unilaterally, without any input from Defendants, was procedurally improper. The Court's Procedures likewise contemplate intervention only after counsel have been "unable to reach an agreement"—and then only through a brief letter not exceeding two (2) pages. Procedures, Section V.2. W&T's Notice is a clear attempt to circumvent the Court's requirements, and the Court should disregard W&T's one-sided and procedurally improper argument on the Anticipated Disputes.

## III. CONCLUSION

W&T's Notice does not comply with the Court's Procedures for discovery letters or motions and should be disregarded as improper. Defendants respectfully submit the agenda set forth above and will address the substance of the pending discovery disputes at the July 28, 2026 status conference.

Dated: July 27, 2026

Respectfully submitted,

**VINSON & ELKINS LLP**

*/s/ Jason M. Halper*
Jason M. Halper*
Sara E. Brauerman*
Nicole Castle*
1114 Avenue of the Americas, 32nd Floor
New York, NY 10036
Tel.: (212) 237-0000
Fax: (212) 237-0100
jhalper@velaw.com
sbrauerman@velaw.com
ncastle@velaw.com

Christopher V. Popov
Texas Bar No. 24032960
Federal ID No. 34615
Alyx E. Eva
Texas Bar No. 24116334
Federal ID No. 3544812
845 Texas Avenue, Suite 4700
Houston, Texas 77002-2947
Tel.: (713) 758-2060
Fax: (713) 615-5068
cpopov@velaw.com
aeva@velaw.com

*Admitted pro hac vice*

**ATTORNEYS FOR ENDURANCE ASSURANCE CORPORATION AND LEXON INSURANCE COMPANY**

and

**DRY LAW, PLLC**
*/s/ Ryan D. Dry*
Ryan D. Dry
Texas Bar No. 24050532
S.D. Tex. Bar No. 618363
Steven K. Cannon
Texas Bar No. 24086997
S.D. Tex Bar No. 3356957
909 18th Street
Plano, TX 75074
(972) 797-9510 Tele/Fex
rdry@drylaw.com
scannon@drylaw.com

**BOIES SCHILLER FLEXNER LLP**
*/s/ Samuel C. Kaplan*
Samuel C. Kaplan
*Admitted pro hac vice*
1401 New York Ave, NY
Washington, DC 20005
Email: skaplan@bsfllp.com
Telephone: (202) 274-1163

**MO LOVETT LAW, PLLC**
Mary-Olga Lovett
Texas Bar No. 00789289
S.D. Tex. Bar No. 17731
2001 Kirby Drive, Ste 700
Houston, Texas 77019
(713) 589-5103 (office)
(713) 553-1882 (cell)
mo@molovettlaw.com

**ATTORNEYS FOR PENNSYLVANIA INSURANCE COMPANY, APPLIED SURETY UNDERWRITERS, UNITED STATES FIRE INSURANCE COMPANY, AND AMYNTA HOLDINGS LLC**

9

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 27 2026, a true and correct copy of the above and foregoing document was served on all counsel of record in compliance with the Federal Rules of Civil Procedure.

*/s/ Jason M. Halper*
Jason M. Halper