**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

§
§
**W&T OFFSHORE, INC., AND**  §
**W&T ENERGY VI, LLC,**  §
§
§
**v.**  §  **LEAD CASE NO. 4:24-cv-3047**
§  **CONSOLIDATED ACTION**
§
**ENDURANCE ASSURANCE**  §
**CORPORATION and LEXON**  §  **ORAL ARGUMENT**
**INSURANCE CO., et al.**  §  **REQUESTED**
§

**DEFENDANTS PENNSYLVANIA INSURANCE COMPANY, APPLIED
SURETY UNDERWRITERS LLC, UNITED STATES FIRE INSURANCE
COMPANY, AND AMYNTA HOLDINGS LLC RESPONSE TO W&T's
MOTION FOR LEAVE TO FILE SUR-REPLY**

Defendants Pennsylvania Insurance Company, and Applied Surety

Underwriters LLC, (together, "Penn"), and United States Fire Insurance Company,

and Amynta Holdings LLC (together, "U.S. Fire") respectfully submit this

Opposition to Plaintiffs' Motion for Leave to File a Sur-Reply in connection with

the Sureties' Motion to Dismiss Plaintiffs' Second Amended Complaint.

W&T's Motion for Leave (ECF No. 367) does not even attempt to justify the

filing of a sur-reply under the relevant standard. A sur-reply is warranted only where

the party seeking it identifies new arguments or evidence improperly raised for the

first time in a reply brief that were not fairly responsive to an opposition. *Butler v.*

*S. Porter*, 999 F.3d 287, 297 (5th Cir. 2021) (explaining that "surreplies are 'heavily

---

US FIRE & PENN'S OPPOSITION TO MOTION                                    PAGE 1
FOR LEAVE TO FILE SUR-REPLY

disfavored'"); *see also Austin v. Kroger Texas, L.P.*, 864 F.3d 326, 336 (5th Cir. 2017) (holding that the district court did not abuse its discretion by denying the plaintiff's motion to file a surreply because the defendant "did not raise any new arguments in its reply brief"). Here, W&T has not pointed to anything in the Sureties' Reply that exceeds the scope of a fair response to W&T's Opposition. Rather than identifying any such new argument, W&T's motion appears to reflect nothing more than dissatisfaction with the sufficiency of the arguments in their opposition and the desire to supplement its prior briefing. That is not a proper basis for a sur-reply, and on that basis, the Court should deny the motion.

Several other points also warrant denial of the request:

- First, W&T opposes giving the Sureties leave to file a brief of equal length in response. *See* ECF 367, Certificate of Conference, at 5. This further suggests that W&T is not trying to ensure the Court has all available information, but instead is simply trying to secure the last word when the Federal Rules and general practice normally afford that privilege to the movant.

- Second, in the rare instances where they are warranted, sur-replies typically seek leave to respond on a discrete issue. W&T's does not. Instead, it lists a broad range of topics that it had every chance to address its prior opposition and that would effectively encompass

practically all issues raised in connection with its antitrust claims.   *See* ECF No. 367 at 2 (asking to supplement its discussion of the November transcript and "clarify W&T's direct-evidence allegations, circumstantial allegations, and plus-factor allegations" as well as point out cases Penn and U.S. Fire supposedly "ignored").

- Third, W&T already availed itself of the option offered by the Court to stand on its prior brief, which was seven pages longer than the brief Penn and U.S. Fire filed after the Court denied their leave to file an over-length brief.[1]  It should not be permitted to secure a sur-reply on top of a 32-page brief, *at the same time as it opposes giving the Sureties the opportunity to respond*.  Those are not the actions of a litigant who is confident in its position or one who simply wants to ensure that the Court has all available information necessary to make its decision.

- Fourth, on the first page of its opposition in a bolded and underlined footnote, W&T boasts that it was sending a letter to the Defendant Sureties asking for withdrawal of the motion and reserving the right to seek costs and fees.  While meaningless and performative, the claim that the motion is an obvious waste of time blatantly conflicts with W&T's claimed need

---

[1] Penn and U.S. Fire do not object to the Court's decision to allow them to do so, which the Court explained was rooted in the desire to conserve resources.

for a surreply.  W&T should not be able to talk out of both sides of its mouth.

Notwithstanding these points, the Sureties do not object to the filing of a sur-reply if Penn and U.S. Fire are afforded an opportunity to respond with a brief of equal length and the Court believes it would be helpful to its consideration of the pending Motion to Dismiss.  Further, and as stated in the separately submitted Request for Oral Argument, Penn and U.S. Fire respectfully submit that any remaining questions should be addressed at an oral argument to be consolidated with a hearing on the separately filed motion of Defendant Acrisure LLC d/b/a Indemco which likewise challenges the sufficiency of W&T's antitrust claims but is not yet fully briefed.  [ECF No. 363]

RESPECTFULLY SUBMITTED this 27th day of July, 2026.

/s/ Samuel C. Kaplan

Samuel C. Kaplan
*Admitted pro hac vice*
**BOIES SCHILLER FLEXNER LLP**
1401 New York Ave, NW
Washington, DC 20005
Email: skaplan@bsfllp.com
Telephone: (202) 274-1163

Ryan D. Dry
Texas Bar No. 24050532
S.D. Tex. Bar No. 618363
Steven K. Cannon
Texas Bar No. 24086997

S.D. Tex Bar No. 3356957

**DRY LAW, PLLC**
909 18th Street
Plano, TX 75074
(972) 797-9510 Tele/Fax
rdry@drylaw.com
scannon@drylaw.com

***ATTORNEYS FOR
PENNSYLVANIA INSURANCE
COMPANY and UNITED STATES
FIRE INSURANCE COMPANY***

## CERTIFICATE OF SERVICE

I hereby certify that, on July 27, 2026, a true and correct copy of the foregoing document was filed and served by the Electronic Case Filing System for the United States District Court for the Southern District of Texas on those parties registered to receive electronic notice.

*/s/ Samuel C. Kaplan*
Samuel C. Kaplan
