**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

|  |  |  |
|---|---|---|
| **W&T OFFSHORE, INC., AND** | § | |
| **W&T ENERGY VI, LLC,** | § | |
|  | § | |
|  | § | |
|  | § | |
| **v.** | § | **LEAD CASE NO. 4:24-cv-3047** |
|  | § | **CONSOLIDATED ACTION** |
| **ENDURANCE ASSURANCE** | § | |
| **CORPORATION and LEXON** | § | |
| **INSURANCE CO., et al.** | § | |
|  | § | |

**REQUEST FOR ORAL ARGUMENT AT SUBSQUENT HEARING OF PENNSYLVANIA INSURANCE COMPANY, APPLIED SURETY UNDERWRITERS LLC, UNITED STATES FIRE INSURANCE COMPANY, AND AMYNTA HOLDINGS LLC ON THEIR MOTION TO DISMISS THE SECOND AMENDED COMPLAINT**

Pursuant to Rule VII.12 of the Procedures Manual of Magistrate Judge Palermo, Defendants Pennsylvania Insurance Company and Applied Surety Underwriters LLC (together, "Penn") and United States Fire Insurance Company and Amynta Holdings LLC (together, "U.S. Fire") respectfully request oral argument on their Motion to Dismiss the Second Amended Complaint, to be held on a date subsequent to the July 28 status conference [ECF No. 358] (the "Motion"). Additionally, for the sake of efficiency and given the related nature of the issues and the overlapping but not coextensive nature of the issues, Penn and U.S. Fire respectfully request that any such argument be consolidated with argument on the

separately filed motion to dismiss of Defendant Acrisure LLC d/b/a Indemco, which likewise challenges the sufficiency of W&T's antitrust claims but is not yet fully briefed.  [ECF No. 363].

1.    Penn and U.S. Fire respectfully submit that oral argument will assist the Court in evaluating several important issues related to W&T's antitrust claims.  The first is the nature of "direct evidence" and the specific application of that standard to the allegations in the Second Amended Complaint ("SAC").  The second is the application of the standard established by *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), to W&T's allegations of purportedly coordinated collateral demands and whether the SAC alleges anything more than parallel conduct that is equally or more readily explained by the independent action of each surety.  The third is the sufficiency of W&T's new rate-fixing and information-sharing allegations against Penn and U.S. Fire specifically, under that same standard.

2.    Oral argument would be particularly helpful in helping to resolve these issues in light of the length and number of allegations in the complaint.  Penn and U.S. Fire contend that W&T is using the number of allegations to conceal the absence of a valid antitrust claim, both generally and against Penn and U.S. Fire specifically, and to create an appearance of heft and illusion of substance that disappear upon close scrutiny of the SAC's allegations.  W&T further enhances that illusion by (i) demonstrably misstating key documents [ECF 358 at 18–22 and ECF

365 at 13–15] and even its own allegations [ECF 365 at 7–8], (ii) heavily using bolded and conclusory pronouncements that are unsupported and that its allegations do not earn, and (iii) relying in its opposition on ranges of paragraphs and conclusory discussion to avoid actually identifying what precisely in the SAC it believes constitutes "direct evidence" or justifies an inference of conspiracy against Penn and U.S. Fire.  [ECF 365 at 6–7 and 11, 16–17]

3.      Oral argument would give the Court the opportunity to focus the parties on the allegations the Court deems the most significant and give the parties the opportunity to address the Court's questions and concerns.

4.      Additionally, and although W&T has not requested oral argument, its request for leave to file a surreply reflects its own view that the Court would benefit from further clarification of the issues raised in the briefing (even as it unaccountably opposes giving Penn and U.S. Fire the right to respond to its filing).  Oral argument would provide a more efficient and targeted means of addressing any remaining questions the Court has while giving both sides an equal opportunity to respond to the Court's concerns and questions.

5.      For these reasons, Penn and U.S. Fire respectfully request that the Court set the Motion for oral argument and, if the Court determines that oral argument would be helpful on the two pending motions to dismiss, consolidate any hearing on their Motion with a hearing on Acrisure's Motion to Dismiss.  If the Court elects to

schedule oral argument, Penn and U.S. Fire respectfully request that briefing be held either at the next status conference following July 28 or at the Court's earliest convenience thereafter.

Dated: July 27, 2026    Respectfully submitted,

/s/ Samuel C. Kaplan

Samuel C. Kaplan
*Admitted pro hac vice*
**BOIES SCHILLER FLEXNER LLP**
1401 New York Ave, NW
Washington, DC 20005
Email: skaplan@bsfllp.com
Telephone: (202) 274-1163

Ryan D. Dry

Texas Bar No. 24050532
S.D. Tex. Bar No. 618363
Steven K. Cannon
Texas Bar No. 24086997
S.D. Tex Bar No. 3356957

**DRY LAW, PLLC**
909 18th Street
Plano, TX 75074
(972) 797-9510 Tele/Fax
rdry@drylaw.com

*ATTORNEYS FOR PENNSYLVANIA INSURANCE COMPANY and UNITED STATES FIRE INSURANCE COMPANY*

## CERTIFICATE OF SERVICE

I hereby certify that, on July 27, 2026, a true and correct copy of the foregoing document was filed and served by the Electronic Case Filing System for the United States District Court for the Southern District of Texas on those parties registered to receive electronic notice.

*/s/ Samuel C. Kaplan*
Samuel C. Kaplan