United States District Court
Southern District of Texas

**ENTERED**

August 06, 2026

Nathan Ochsner, Clerk

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| W&T OFFSHORE, INC. and<br>W&T ENERGY VI, LLC,<br><br>v.<br><br>ENDURANCE ASSURANCE<br>CORPORATION and LEXON<br>INSURANCE, CO., *et al.*, | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Lead Case No. 4:24-cv-3047<br>Consolidated Action |

## <u>ORDER</u>

On July 31, 2026, the Court ordered Plaintiffs W&T Offshore, Inc. and W&T Energy VI, LLC (collectively "W&T") to produce to Defendants Endurance Assurance Corporation, Lexon Insurance Company (collectively "Lexon"), Pennsylvania Insurance Company, U.S. Fire Insurance Company, Applied Surety Underwriters LLC, Amynta Holdings LLC (collectively "Penn" for the purposes of this order), and Acrisure LLC[1] (collectively "Defendants") the documents it submitted *in camera*. Order, ECF No. 408. On August 3, 2026, W&T filed a motion for clarification, seeking an expedited ruling. ECF No. 410. The Court ordered Defendants to file an expedited response. Order, ECF No. 411. Defendants Lexon and Penn filed responses, ECF Nos. 415, 416, containing comprehensive details of the process leading up to the Court's ruling, including

---

[1] Acrisure filed a response that "[h]aving been served with the Second Amended Complaint less than three months ago, Acrisure is not in a position to make representations on the scope of additional discovery that may be needed or appropriate." ECF No. 414.

citing the multitude of hearings the Court held during which the issue of W&T's withholding of these documents from production was argued. *See, e.g.,* ECF Nos. 199, 200, 248, 249, 402. Moreover, both sides briefed the issue, starting no later than October 17, 2025 with Lexon's motion to compel production of W&T's communications with the government. ECF Nos. 184; 186; 190; 201; 203; 258; 265; 266; 286; 307; 308; 312; 384. On March 30, 2026, the Court ordered W&T to file a motion for protection, which to that point it had not done, to justify its belated claim of privilege. Order, ECF No. 280.

Both sides have had more than ample opportunity to brief and argue this issue. To the extent W&T claims that the lawyer they needed was not present in the courtroom at the last hearing, the Court notes that Dan Cogdell, a senior and experienced lawyer who submitted the briefing on these issues as lead counsel since January 30, 2026, ECF Nos. 258, 266, 286, 312, 384, 410, was present in the courtroom during the entire hearing on July 28, 2026. Yet, only Megan Lewis argued to prove up any privilege that attached to each of the submitted documents and in response Defendant's objections and arguments on W&T's waiver. Nothing stopped W&T's counsel from making any argument they deemed appropriate. To the extent W&T argues that the Court did not have the authority to reconsider its oral ruling, it argued the opposite in its motion to reconsider, citing Rule 54(b) and case law for the proposition that "the Court is 'free to reconsider and reverse its decision for any

reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law.'" ECF No. 258 n. 1 (quoting *Austin v. Kroger Texas, LP*, 864 F.3d 326, 336 (5th Cir. 2017)).

The Court has ruled. The order is clear on its face. W&T has to produce the two binders of documents they submitted *in camera*. The Court also ordered that the production would be subject to the protective order in this case if W&T decided to designate any of the documents as confidential. The order says nothing else.

Therefore, W&T's motion, ECF No. 410, is **DENIED**.

**IT IS SO ORDERED.**

Signed in Houston, Texas, on August 6, 2026.

_____
**Dena Hanovice Palermo**
**United States Magistrate Judge**