United States District Court
Southern District of Texas
ENTERED
September 03, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| W&T OFFSHORE, INC., AND W&T ENERGY VI, LLC, | § | |
| | § | Lead Case No. 4:24-cv-3047 |
| v. | § | |
| | § | |
| ENDURANCE ASSURANCE CORPORATION AND LEXON INSURANCE, CO., ET AL., | § | |

**MINUTE ORDER**

On September 3, 2026, the Court held a conference on the status of discovery[1] and addressed Lexon's letter motions to compel, ECF Nos. 429 & 430,[2] and W&T's letter motion to compel, ECF No. 431.[3]

First, Lexon complained about W&T's designation of documents it produced to the government as "highly confidential—outside counsel eyes only." ECF No. 429. Lexon argued that W&T's documents numbers 1–231 consist of largely publicly available materials and therefore there is no basis for these documents to be designated as "highly confidential" under the operative protective order and under binding Fifth Circuit authority. W&T argued that the documents designated as "highly confidential—outside counsel eyes only" are the collection of documents the Court previously found

[1] The district judge to whom this case is now assigned referred all pretrial proceedings to the undersigned. Order, ECF No. 77.

[2] W&T filed a response. ECF No. 433.

[3] Defendants responded. ECF Nos. 439 & 440.

to reveal counsels' mental impressions and are not publicly available or were not given to the Department of Justice. W&T continued that because these are their attorney work product, they do not find it appropriate to share these impressions with the individuals who may be deponents and witnesses in this matter. Nonetheless, to cut matters short, W&T was willing to redesignate the documents as confidential. The Court **ORDERED** that the 231 documents be de-designated from "highly confidential" to "confidential."

Next, the Court considered Lexon's motion about W&T's attendance and involvement with trade associations. ECF No. 430. Lexon argued that W&T is involved with trade associations, including those that W&T has alleged Lexon utilized to perpetrate their antitrust conspiracy. Lexon asserted that it is entitled to this discovery to show that its participation in these trade associations was a legitimate business activity. W&T asserted that they have not refused to produce this information, but have met with Lexon regarding the broadness of their requests and continue to search for this information, so this discovery issue is not at impasse. The Court **ORDERED** W&T to produce information responsive to the four requests contained in Lexon's PowerPoint slide. As for the remaining requests, the parties shall continue to confer to reach an agreement on the scope of production.

Third, W&T filed a motion seeking further production of Defendants' text messages with other sureties. ECF No. 431. W&T seeks production of "all" text messages from four custodians in contact with 51 competitors it identified. Lexon argues that W&T has failed to limit their request from "all communications" to relevant

text messages limited in time, topic, and scope. W&T argued that they have narrowed the time and relevant individuals but are not required to limit the topics because this is an antitrust case and it is entitled to broad discovery. The Court **ORDERED** that W&T is not entitled to "all" texts. Instead, Lexon will continue to perform searches using search terms. W&T may provide input for additional search terms, that Lexon will process as has been done previously. In addition, Lexon will manually search the texts of 10 high level custodians, in consultation with W&T as to who the 10 will be, and produce any additional responsive documents. To the extent not encompassed in this Order, W&T shall draft an agreed order detailing the Court's **rulings** on this issue and provide it to Defendants' counsel by September 4, 2026. The parties will submit a final agreed order to the Court by Tuesday, September 8, 2026.

Fourth, W&T filed a motion complaining about Defendants' email search terms and their refusal to engage in negotiations about the search terms. ECF No. 431. The Court **ORDERED** the parties to agree upon search terms by September 10, 2026. If they fail to agree on search terms, the Court will hold a hearing to determine the search terms.

The Court finally **ORDERED** that all parties must exchange letters detailing what they have searched in response to document requests, their search methodology, what has been produced, what has not been produced and why. These letters shall be exchanged by Thursday, September 10, 2026.

The Court sets this matter for another status conference on October 7, 2026 at

1:00 p.m. A Zoom link to follow.

**IT IS SO ORDERED.**

Signed at Houston, Texas, on September 3, 2026.

**Dena Hanovice Palermo**
**United States Magistrate Judge**