United States District Court
Southern District of Texas
**ENTERED**
September 21, 2026
Nathan Ochsner, Clerk

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| W&T OFFSHORE, INC., AND W&T ENERGY VI, LLC, | § | |
| | § | |
| V. | § | LEAD CASE NO. 4:24-CV-3047 |
| | § | CONSOLIDATED ACTION |
| ENDURANCE ASSURANCE CORPORATION, AND LEXON INSURANCE CO., *ET AL.* | § | |
| | § | |
| | § | |

**ORDER ON LEXON DEFENDANTS' TEXT MESSAGES WITH COMPETITORS**

Before the Court is Plaintiffs W&T Offshore, Inc. and W&T Energy VI, LLC ("W&T")'s motion to compel, from Defendants Endurance Assurance Corporation and Lexon Insurance Company (collectively "Lexon"), the searches and production of text message communications[1] with competitors. *See* ECF Nos. 431; 440. Consistent with the Court's Orders dated September 3, 2026, ECF No. 449 and September 14, 2026, ECF No. 461, the Court orders that for the text messages involving competitors collected from the Lexon Text Message Custodians:

[1] "Text message" refers to any short-form type of communication or messaging application, to include SMS, iMessage, WhatsApp, Signal or similar type of platform for communication. The parties previously agreed that the text message custodians for Lexon are Patrick Hennesy, Matthew Curran, Pablo Gomez, and Matthew Olsen ("Lexon Text Message Custodians"). The parties also previously agreed that text messages would be reviewed and produced in "24-hour" format and not as individual text messages.

(1) Lexon will continue to perform searches of text messages using search terms, including the additional search terms that Lexon and W&T agreed upon on September 16, 2026.[2] Lexon will process those terms and review the resulting messages for responsiveness and production.

(2) In addition, Lexon will manually review for responsiveness and privilege, without filtering through the use of search terms, text messages between the Lexon Text Message Custodians (while employed at Lexon) and any of the following individuals (at a time when that contact was not employed at the same company as the text message custodian(s) involved in the message):

1. Austin Wheeler
2. Brian Steele
3. Craig Gortner
4. David Rose
5. Hillary Killian
6. Jason Kilpatrick
7. Jim Gordon

---

[2] This search-term-based review will include all messages, regardless of employment status, currently in Lexon's possession from the Lexon Text Message Custodians between January 1, 2020 and June 9, 2025. Notwithstanding the parties' agreement on search terms herein, reasonable follow ups based on produced documents or deposition testimony, including requests for additional search terms to be applied to text message communications, remain available to either party.

8. Josh Betz

9. Pierce Pontikes

10. Sarah Heineman

(3) Before the next status conference, for text messages between the Lexon Text Message Custodians (while employed at Lexon) and any of the individuals listed in Paragraph (2) that are not subject to manual review or review after application of the search terms described in Paragraph (1), Lexon will provide a categorical log. The log will include (a) the number of messages in such category; (b) the date range associated with such messages; and (c) any other categories agreed to by the parties.

(4) Lexon agrees to review text messages in accordance with the scope articulated in Lexon's September 10, 2026 letter to W&T ("Scope of Discovery"). Additionally, the scope of responsive text messages between the Lexon Text Message Custodians (while employed at Lexon) and the 95 surety contacts identified by Lexon will include communications about social events, such as dinners, golf outings, or trips, or other social activities, such as fantasy football, in which employees of two or more surety companies are in attendance or otherwise involved. Lexon will be permitted to redact any sensitive personal information, such as by way of illustration medical issues or information related to children, to the extent such information is contained within responsive documents.

(5) By the substantial completion deadline, for text messages that were within the scope of Lexon's review described in Paragraphs (1) and (2) above, but which are determined after Lexon's review to be non-responsive and are therefore not produced, Lexon will provide to W&T a log of such messages with information sufficient to enable an assessment of the basis for withholding the messages, such as information about the nature of the communication, volume, dates, and participants. The parties will confer and agree on the format and contents of the log.

(6) Nothing in this order is intended to limit the parties' ongoing review and productions of other information, nor preclude the parties from reaching agreements or seeking modification of this order based on additional information that arises in the course of this litigation.

**SO ORDERED.**

September 21, 2026

**Date**

Dena Palermo

**DENA HANOVICE PALERMO**
**UNITED STATES MAGISTRATE JUDGE**