**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

W&T OFFSHORE, INC., AND
W&T ENERGY VI, LLC,
Plaintiffs,
v. — Civil Action No. 4:24-CV-03047
ENDURANCE ASSURANCE
CORPORATION AND
LEXON INSURANCE CO.,
Defendants.

---

U.S. SPECIALTY INSURANCE
COMPANY,
Plaintiff,
v. — Civil Action No. 4:24-CV-04113
W&T OFFSHORE, INC., AND
W&T ENERGY VI, LLC,
Defendants.

---

UNITED STATES FIRE INSURANCE
COMPANY,
Plaintiff,
v. — Civil Action No. 4:24-CV-04395
W&T OFFSHORE, INC., AND
W&T ENERGY VI, LLC,
Defendants.

---

PENNSYLVANIA INSURANCE
COMPANY,
Plaintiff,
v. — Civil Action No. 4:24-CV-04400
W&T OFFSHORE, INC.,
Defendant.

---

**UNITED STATES FIRE INSURANCE COMPANY'S NOTICE OF ISSUANCE OF AMENDED SUPPLEMENTAL SUBPOENA TO PRODUCE DOCUMENTS TO MARSH & MCLENNAN AGENCY LLC, THE SUCCESSOR IN INTEREST OF MCGRIFF INSURANCE SERVICES, LLC**

United States Fire Insurance Company ("USFIC"), by and through its undersigned counsel and pursuant to Rule 45 of the Federal Rules of Civil Procedure, hereby gives notice that the *Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action*, which is attached hereto as **Exhibit A**, will be served on Marsh & McLennan Agency, LLC, the successor in interest of McGriff Insurance Services, LLC for the production of documents on or before October 12, 2026 at 10:00 AM Central Daylight Time. This Amended Supplemental Subpoena supersedes the Supplemental Subpoena noticed on September 4, 2026 (ECF 450), which was not served on Marsh & McLennan Agency, LLC.

Dated: September 24, 2026 Respectfully submitted,

*/s/ Ryan D. Dry*

Ryan D. Dry
Texas Bar No. 24050532
S.D. Tex. Bar No. 618363
Steven K. Cannon
Texas Bar No. 24086997
S.D. Tex Bar No. 3356957
**DRY LAW, PLLC**
909 18th Street
Plano, TX 75074
(972) 797-9510 Tele/Fax
rdry@drylaw.com
scannon@drylaw.com

**BOIES SCHILLER FLEXNER LLP**
Samuel C. Kaplan
1401 New York Ave, NW
Washington, DC 20005
Email: skaplan@bsfllp.com
Telephone: (202) 274-1163

Mary-Olga Lovett
Texas Bar No. 00789289
S.D. Tex. Bar No. 17731
**MO LOVETT LAW, PLLC**
2001 Kirby Drive, Ste. 700
Houston, Texas 77019
(713) 589-5103 (office)
(713) 553-1882 (cell)
mo@molovettlaw.com
dnixon@molovettlaw.com

**ATTORNEYS FOR PENNSYLVANIA INSURANCE COMPANY AND UNITED STATES FIRE INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

I hereby certify that, on September 24, 2026, a true and correct copy of the foregoing document was filed and served by the Electronic Case Filing System for the United States District Court for the Southern District of Texas on those parties registered to receive electronic notice.

*/s/ Ryan D. Dry*
Ryan D. Dry

# **EXHIBIT A**

**Subpoena to Produce Documents, Information or Objects**
**or Permit Inspection in a Civil Case**
**Form AO 88B (Rev. 02/14)**

# UNITED STATES DISTRICT COURT

for the

Southern District of Texas

| | | |
|---|---|---|
| W&T Offshore, Inc. and W&T Energy VI, LLC<br>*Plaintiff*<br>v.<br>Endurance Assurance Corporation and Lexon Insurance, Co., et al.<br>*Defendant* | )<br>)<br>)<br>)<br>)<br>) | Civil Action No. 4:24-CV-03047 |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Custodian of Records for Marsh & McLennan Agency, LLC, the successor in interest of McGriff Insurance Services, LLC c/o its Registered Agent, CT Corporation System at 1999 Bryan St., Ste. 900, Dallas, TX 75201

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: Please see attached Addendum

| Place: Dry Law PLLC, 909 18th Street, Plano, Texas 75074 or electronically to rdry@drylaw.com & scannon@drylaw.com | Date and Time: 10/12/2026 10:00 am |
|---|---|

❒ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 09/24/2026

*CLERK OF COURT*

OR

_______________________
*Signature of Clerk or Deputy Clerk*

/s/ Ryan D. Dry
*Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* United States Fire Insurance Company, who issues or requests this subpoena, are:

Ryan Dry/Steven Cannon, Dry Law, PLLC, 909 18th Street, Plano, TX 75074, rdry@drylaw.com, scannon@drylaw.com

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No. 4:24-CV-03047

## PROOF OF SERVICE

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)***

I received this subpoena for *(name of individual and title, if any)* ____________________
on *(date)* __________ .

❒ I served the subpoena by delivering a copy to the named person as follows: ____________________

____________________ on *(date)* __________ ; or

❒ I returned the subpoena unexecuted because: ____________________

____________________ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of
$ __________ .

My fees are $ __________ for travel and $ __________ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: __________

____________________
*Server's signature*

____________________
*Printed name and title*

____________________
*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** ***For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person

**(i)** is a party or a party's officer; or

**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** ***For Other Discovery.*** A subpoena may command:

**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** ***Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** ***Command to Produce Materials or Permit Inspection.***

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** ***Quashing or Modifying a Subpoena.***

**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;

**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);

**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

**(iv)** subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** ***Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** ***Claiming Privilege or Protection.***

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

**(i)** expressly make the claim; and

**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

W&T OFFSHORE, INC., AND
W&T ENERGY VI, LLC,
Plaintiffs,
v. — Civil Action No. 4:24-CV-03047
ENDURANCE ASSURANCE
CORPORATION AND
LEXON INSURANCE CO.,
Defendants.

---

U.S. SPECIALTY INSURANCE
COMPANY,
Plaintiff,
v. — Civil Action No. 4:24-CV-04113
W&T OFFSHORE, INC., AND
W&T ENERGY VI, LLC,
Defendants.

---

UNITED STATES FIRE INSURANCE
COMPANY,
Plaintiff,
v. — Civil Action No. 4:24-CV-04395
W&T OFFSHORE, INC., AND
W&T ENERGY VI, LLC,
Defendants.

---

PENNSYLVANIA INSURANCE
COMPANY,
Plaintiff,
v. — Civil Action No. 4:24-CV-04400
W&T OFFSHORE, INC.,
Defendant.

---

**AMENDED SUPPLEMENTAL ADDENDUM TO SUBPOENA TO PRODUCE DOCUMENTS TO MARSH & McLENNAN AGENCY LLC, THE SUCCESSOR IN INTEREST OF MCGRIFF INSURANCE SERVICES, LLC**

TO: Custodian of Records, MARSH & MCLENNAN AGENCY LLC, THE SUCCESSOR IN INTEREST OF MCGRIFF INSURANCE SERVICES, LLC c/o its Registered Agent, CT Corporation System, 1999 Bryan St., Ste. 900, Dallas, TX 75201.

United States Fire Insurance Company ("USFIC"), by and through its undersigned counsel, hereby serves these Requests for Production of Documents in connection with the *Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action* (the "Subpoena") issued to MARSH & MCLENNAN AGENCY LLC, the successor in interest of MCGRIFF INSURANCE SERVICES, LLC (the "Respondent") pursuant to Rule 45 of the Federal Rules of Civil Procedure. Respondent is hereby requested to make its responses and production on or before October 12, 2026, at 10:00 AM Central Daylight Time at the offices of Dry Law, PLLC, 909 18th Street, Plano, Texas 75074 or electronically to rdry@drylaw.com and scannon@drylaw.com, or as otherwise agreed to.

**DEFINITIONS AND INSTRUCTIONS**

A. "USFIC" means United States Fire Insurance Company, its current or former employees, directors, officers, agents, parents, affiliates, subsidiaries,

operating units, divisions, attorneys, accountants, and any other persons acting or purporting to act on its behalf.

B. “McGriff,” “You,” and “Your” mean and refer to Marsh & McLennan Agency LLC, the successor in interest of McGriff Insurance Services, LLC to the extent the documents and information requested herein apply to documents and information in the possession, custody, or control of Marsh & McLennan Agency LLC, as the successor in interest of McGriff Insurance Services, LLC or to McGriff Insurance Services, LLC (collectively, “McGriff”) and their current or former employees, directors, officers, agents, parents, affiliates, subsidiaries, operating units, divisions, attorneys, accountants, and any other persons acting on or purporting to act on their behalf.

C. “W&T” means W&T Offshore, Inc. and W&T Energy VI, LLC, collectively and/or individually, as the context dictates, its current or former employees, directors, officers, agents, parents, affiliates, subsidiaries, operating units, divisions, attorneys, accountants, and any other persons acting on or purporting to act on its behalf.

D. “Lawsuit” means the above-referenced litigation, including the ongoing consolidated Case No. 4:24-CV-03047; styled *W&T Offshore, Inc. and W&T Energy VI, LLC v. Endurance Assurance Corporation, et al.* in the United

States District Court for the Southern District of Texas, Houston Division in addition to the three cases consolidated therein.

E. “Surety” means any sureties that issued bonds to W&T, including, but not limited to, United States Fire Insurance Company, Pennsylvania Insurance Company, Lexon Insurance Company, Endurance Insurance Company, U.S. Specialty Insurance Company, Philadelphia Indemnity Insurance Company, RLI, Skyward, and Indemnity National Insurance Company.

F. “Document” and “Documents” means the original and all non-identical copies of any written, typed, printed, photocopied, photographic, machine-readable, or magnetically or optically recorded matter of any kind, including but not limited to, letters, envelopes, forms, affidavits, correspondence, telegraphs, telecopies, telefaxes, paper communications, electronic communications, signed statements, tabulations, charts, memoranda, checks, appointment books, records, proposals, memoranda or other transcriptions by mechanical device, by longhand or shorthand recording, tape recorded or by electronic or any other means, computer-generated information, computer software, computer programs, e-mail, text messages, intraoffice communications, interoffice communications, all summaries of oral communications, telephonic or otherwise, microfiche, microfilm, lists, bulletins, calendars, circulars, desk pads, opinions, ledgers, minutes, agreements, journals, diaries, contracts, invoices, balance sheets, telephone messages or other

messages, magazines, pamphlets, articles, notices, newspapers, studies, summaries, worksheets, telexes, cables and all other graphic materials, writings and instruments, however produced or reproduced, and any drafts of any of the foregoing. A Document includes all electronically stored information ("ESI" – please see Paragraph J below) responsive to a Request and all other Documents appended thereto. The term "Document" shall be construed in the broadest sense permissible under Rule 34 of the FEDERAL RULES OF CIVIL PROCEDURE.

G. "Relating to" means constituting, containing, embodying, summarizing, evincing, showing, concerning, reflecting, bearing upon, identifying, describing, discussing, mentioning, stating, quoting, referring to, citing, regarding, involving, analyzing, supporting, incorporating, commenting on, dealing with, or pertaining to, directly or indirectly.

H. To bring within the scope of these Requests all information that might otherwise be construed to be outside their scope:

(i) the singular of each word shall be construed to include its plural and vice versa, and the root word and all derivations (*i.e.*, "ing," "ed," etc.) shall be construed to include each other;

(ii) "and" as well as "or" shall be construed conjunctively as well as disjunctively;

(iii) "any" shall be construed to include "all" and vice versa;

(iv) the present tense shall be construed to include the past tense and vice versa;

(v) the masculine shall be construed to include the feminine and vice versa;

(vi) "including" shall have its ordinary meaning and shall not indicate limitation to the examples or items mentioned; and

(vii) in general, all terms used herein shall be construed in an ordinary, common-sense manner, and not in a technical, strained, overly literal or otherwise restrictive manner.

I. If any document requested herein has been lost, discarded, erased, or destroyed, or is otherwise inaccessible, each document so lost, discarded, erased, destroyed, or inaccessible shall be identified as completely as possible. Identification of each document shall include, without limitation, (1) the person or persons who prepared or authorized the document, (2) the person or persons to whom the document was sent or shown, (3) the date on which the document was prepared or transmitted, (4) the subject matter of the document, (5) the custodian of the document, (6) the date of disposal, manner of disposal, reason for disposal, persons authorizing the disposal, persons having knowledge of the disposal, and the persons disposing of the document, and (7) the person most knowledgeable about the reason for the inaccessibility of the document.

J. Electronically Stored Information (ESI):

(i) **Preservation:** Pending production of the documents and information requested herein, You must take reasonable steps to preserve all responsive ESI, including emails, shared drives, cloud accounts, and mobile devices used in Your business.

(ii) **<u>Form of Production</u>**: Produce ESI in its native electronic format (e.g., .pst for email, .xlsx for spreadsheets, .docx for word processing documents) with all metadata fields intact.

(iii) **<u>Metadata</u>**: Do not remove or alter metadata. Metadata to be preserved and produced shall include at least:

- Author/Creator
- Recipient(s)
- CC/BCC fields
- Subject line (for emails)
- File name and extension
- File path and location
- Date and time of creation, modification, and sending
- Hash values (if available)

(iv) **<u>Emails</u>**: Produce email messages in native or near-native format (e.g., .msg or .eml) with attachments linked and preserved.

(v) **<u>Spreadsheets</u>**: Produce in native format (e.g., Excel) with all underlying formulas, hidden columns, comments, and metadata preserved.

(vi) **<u>Databases/Applications</u>**: If responsive information is stored in databases or proprietary applications, provide reports or exports in searchable, usable formats (e.g., .csv, .txt, or database export), with sufficient context to understand field names and relationships.

(vii) **<u>Text Messages/Chats</u>**: Produce in native format or export with metadata showing participants, date/time, and complete message threads.

**(viii)** **<u>Load Files</u>**: If You use an e-discovery vendor, provide load files that enable review systems to ingest and preserve metadata.

## DOCUMENTS REQUESTED

1. All communications or documents reflecting or summarizing communications between McGriff and W&T concerning W&T's requests or attempts to obtain new or replacement bonds or increase riders or alternative forms of security from January 1, 2022, to the present, including but not limited to in connection with:

   A. W&T's January 2019 Purchase and Sale Agreement with Exxon and any amendments thereto;
   B. W&T's interest or contractual rights related to the Heidelberg oil field or assets.
   C. W&T's bid related to the Big Foot oil and gas field
   D. W&T's bid related to the Na Kika assets
   E. W&T's leases to oil and gas fields known as the "Holy Grail" and "Thunderbolt" in the Gulf

2. All communications, and all documents reflecting or summarizing communications, between McGriff and Exxon or its counsel from January 1, 2022 to the present concerning any bond issued or requested in favor of Exxon on behalf of W&T, including but not limited to:

   A. the penal-sum escalation schedule in Exhibit H-1 to W&T's January 2019 Purchase and Sale Agreement with Exxon;
   B. any request, demand, or inquiry by Exxon regarding the amount, adequacy, increase, rider, replacement, continuation, or cancellation of any such bond;
   C. any notice of default, reservation of rights, or other pre-arbitration correspondence;
   D. any alternative form of security proposed by Exxon or by W&T in lieu of or in addition to a bond;
   E. the arbitration Exxon commenced against W&T on or about October 7, 2025; and
   F. any subpoena, document request, or request for information directed to You by Exxon, its counsel, or the arbitral tribunal, and Your response and production.

3. All communications or documents reflecting or summarizing communications between McGriff and any other surety concerning W&T's requests or attempts to obtain new or replacement bonds or increase riders or alternative forms of security from January 1, 2022, to the present, including but not limited to in connection with:

   A. W&T's January 2019 Purchase and Sale Agreement with Exxon and any amendments thereto;
   B. W&T's interest or contractual rights related to the Heidelberg oil field or assets.
   C. W&T's bid related to the Big Foot oil and gas field
   D. W&T's bid related to the Na Kika assets
   E. W&T's leases to oil and gas fields known as the "Holy Grail" and "Thunderbolt" in the Gulf

4. Documents sufficient to show all sureties contacted by McGriff in connection with W&T's requests or attempts to obtain new or replacement bonds or increase riders from January 1, 2022, to the present, including but not limited to in connection with:

   A. W&T's January 2019 Purchase and Sale Agreement with Exxon and any amendments thereto;
   B. W&T's interest or contractual rights related to the Heidelberg oil field or assets.
   C. W&T's bid related to the Big Foot oil and gas field
   D. W&T's bid related to the Na Kika assets
   E. W&T's leases to oil and gas fields known as the "Holy Grail" and "Thunderbolt" in the Gulf

5. Documents sufficient to show the terms demanded by all sureties contacted by McGriff in connection with W&T's requests or attempts to obtain new or replacement bonds or increase riders from January 1, 2022, to the present, including but not limited to in connection with:

   A. W&T's January 2019 Purchase and Sale Agreement with Exxon and any amendments thereto;

B. W&T's interest or contractual rights related to the Heidelberg oil field or assets.
C. W&T's bid related to the Big Foot oil and gas field
D. W&T's bid related to the Na Kika assets
E. W&T's leases to oil and gas fields known as the "Holy Grail" and "Thunderbolt" in the Gulf

6. All documents reflecting your analysis of W&T's efforts or ability to secure bonding, and the reasons for any inability, from January 1, 2022 to the present, including but not limited to in connection with:

   A. W&T's January 2019 Purchase and Sale Agreement with Exxon and any amendments thereto;
   B. W&T's interest or contractual rights related to the Heidelberg oil field or assets.
   C. W&T's bid related to the Big Foot oil and gas field
   D. W&T's bid related to the Na Kika assets
   E. W&T's leases to oil and gas fields known as the "Holy Grail" and "Thunderbolt" in the Gulf

7. The first four documents identified on the privilege log served by McGriff on or about April 15, 2026.

8. All documents from January 1, 2022 to the present concerning W&T's credit rating, liquidity, present or projected financial condition, or the Lawsuit, including the impact of any or all of the foregoing on W&T's ability to secure bonding or alternative forms of security and the terms of its ability to secure it.

9. All documents from January 1, 2022 to the present reflecting analysis of the market for obtaining surety bonding or alternate forms of financing, including but not limited to analysis of market capacity, the impact of bankruptcies, exit of sureties from the market, and the BOEM rule, and the ability of W&T to obtain surety bonding or alternative forms of security and on what terms in light of those conditions.

10. All underwriting files in Your possession regarding Your efforts for or on behalf of W&T from January 1, 2022 to the present to (i) obtain replacement

bonds for a Surety's bonds or (ii) secure the release of a surety's liability under the bonds issued to W&T.

11. All internal documents and communications prepared by or for McGriff from January 1, 2022 to the present regarding the potential financial impact on W&T, including its stock price, of complying with any surety's demand to have W&T replace the surety's bonds or to obtain the release of the surety's liability under its bonds.

12. All internal documents and communications prepared by or for McGriff from January 1, 2022 to the present proposing, discussing, or analyzing strategy(ies) for responding to any Surety's demand to W&T to replace the Surety's bonds or to obtain the release of the Surety's liability under its bonds and/or for mitigating the potential financial impact on W&T, including its stock price, of complying with any Surety's demand.

13. All drafts or final copies of proposals, binders, or commitments issued by any surety or entity from January 1, 2022 to the present for replacement bonds or for releasing any Surety's liability under such bonds.

14. All billing records, invoices, or statements issued by You to W&T from January 1, 2022 to the present for Your services on behalf of W&T to obtain replacement bonds for any Surety's bond and/or to secure release of the Surety's liability under such bonds.

15. All internal communications among McGriff personnel from January 1, 2023 to the present, assessing or discussing (a) W&T's ability to obtain or maintain surety credit and the reasons for any limitation; (b) the reasons any surety declined, conditioned, limited, or exited W&T's bonding program; or (c) W&T's conduct or performance as a principal or indemnitor, including compliance with indemnity agreements and responses to collateral, rate, or replacement requests.

16. All documents You reviewed in responding to these Requests.