BSF | BOIES SCHILLER FLEXNER

September 30, 2026

***Via ECF Filing***
Judge Dena Hanovice Palermo
c/o Ms. Carol Felchak, Case Manager
515 Rusk Street, Room 8608
Houston, Texas 77002

Re: *W&T Offshore, Inc. et al. v. Endurance Assurance Corp. et al.*, No. 4:24-CV-03047—Discovery Dispute at Impasse Regarding External Communications of W&T's George Hittner (Penn and USFIC)

Dear Ms. Felchak:

Defendants Pennsylvania Insurance Company ("Penn") and U.S. Fire Insurance Company ("USFIC"), write on behalf of the Surety Defendants regarding a discovery impasse with Plaintiffs (collectively, "W&T").[1] Plaintiffs have refused to produce, or even search for, relevant communications between W&T General Counsel George Hittner and third parties. The parties have conferred on this request, and based on W&T's stated position, further conferral will not resolve the dispute.

At the January 13, 2026, hearing, the Court declined to order that Mr. Hittner be made a full custodian on the rationale that emails he sent or received would likely appear in other custodians' productions. Ex. A, Jan. 13, 2026 Hr'g Tr. at 82:2-24. The Court denied the sureties' motion to designate Mr. Hittner "without prejudice to refiling after the production of W&T documents," expressly providing that "if Defendants find based on that production that Mr. Hittner holds relevant information, Defendants may revisit the issue." Order, ECF No. 248 at 5.

Two developments have occurred that warrant revisiting the issue. First, despite the fact that there is no reason to believe that *all* of Mr. Hittner's communications within W&T would be privileged, Penn and USFIC have narrowed their request to external communications alone. This will reduce unnecessary burdens from having to log potentially privileged internal communications.

Second, even the handful of Hittner-related documents that have surfaced in other custodians' files show that Mr. Hittner has played a central role in W&T's surety-related issues, including in communicating with relevant external parties. For example, [redacted] Ex. B, WT-016-1208 at 1209. Similarly, representatives of [redacted] Ex. C, WT-016-1625 at 1625. [redacted] *Id.* These documents demonstrate that [redacted]

[1] Counsel for Defendants Endurance Assurance Corporation and Lexon Insurance Company have authorized undersigned counsel to state that Defendants join this request.

BSF

Further, and even without the direct surety-related communications, the record demonstrates that Mr. Hittner was a hands-on general counsel who did not hesitate to contact third parties on his own *even where W&T's outside litigation counsel already was handling the matter*. [redacted]

Mr. Hittner has also emphasized his central role in this case in prior statements to this Court. [redacted] (emphasis in original). Although the Court struck that letter, ECF No. 138 n.2, Penn and USFIC cite it here to show Mr. Hittner's own description of his role.

Given this central role, there is no apparent basis under any circumstances for simply assuming that W&T's searches of other custodians would uniformly capture Mr. Hittner's communications. They should instead be searched to ensure that is the case. And regardless, even the limited production to date affirmatively refutes such a notion. [redacted] Further and more broadly, W&T has produced, by Penn and USFIC's count, *zero* communications sent by Mr. Hittner to any recipient internal or external, and only 37 total communications sent to him by anyone (including "To" and "Cc" communications).

Basic parity and fairness also justify requiring W&T to search Mr. Hittner's third-party communications. At W&T's insistence, USFIC is searching the emails and phone of its in-house counsel Robert Lavitt based on W&T's contention that Mr. Lavitt has a business-facing role. There is no reason why Mr. Hittner should not be required to do the same with respect to third-party communications. Indeed, assuming Mr. Hittner is required to do so, the burdens would still be greater on U.S. Fire/Amynta inasmuch as Mr. Lavitt is a custodian for all purposes, including internal communications. By contrast, W&T is refusing to search external communications that W&T almost certainly will not have to log.

BSF

W&T has not attempted to suggest it would be unduly burdensome to search for and review Mr. Hittner's communications with third parties. Nor could they. The parties have agreed on search terms, and if there prove to be a large number of non-duplicative communications to search, then that only shows the importance of conducting that search. By contrast, if there is only a small number, then it would not be burdensome to review and produce the communications.

Accordingly, Penn and USFIC respectfully request that the Court order W&T to produce relevant, non-privileged communications Mr. Hittner exchanged with persons and entities outside W&T. Penn and USFIC further request a conference with the Court at its convenience, or such other procedure as the Court directs, and reserve all rights as to disputes not raised herein.

Very sincerely yours,

Samuel C. Kaplan