Vinson&Elkins

Jason Halper jhalper@velaw.com
**Tel** +1.212.237.0240

September 30, 2026

***Via ECF E-File***
Honorable Dena Hanovice Palermo
U.S. District Court, Southern District of Texas

Re: *W&T Offshore, Inc. et al. v. Endurance Assurance Corp., et al*, 4:24-CV-03047

Dear Judge Palermo:

Endurance Assurance Corp. and Lexon Insurance Co. (together, "Lexon") respectfully request that the Court order Plaintiffs ("W&T") to produce documents and communications concerning the financial ratio analyses that assess W&T's financial performance sought in RFPs 15 and 73 ("Financial Requests") from January 1, 2020 through June 9, 2025 ("Relevant Time Period").[1] Financial ratio analyses capture W&T's and its stakeholders' contemporaneous characterization of W&T's financial health and risk profile. Accordingly, these documents and communications would reflect W&T's and its creditors, investors, and surety providers' assessments of the financial metrics that are most representative of its financial position, operating performance, liquidity, and long-term ability to meet its plug & abandonment obligations. Such metrics are commonly used by sureties and rating agencies to evaluate creditworthiness and make determinations about rate changes and collateral demand triggers.[2]

At the May 19, 2025 status conference, W&T's counsel conceded "**this entire case boils down to an alleged deterioration about financial condition. This is exactly what this case is all about**."[3] Rule 26(b)(1) permits discovery of nonprivileged information "relevant to any party's claim or defense" and "proportional to the needs of the case." These Financial Requests meet that standard because W&T has placed its financial condition squarely at issue. The SAC (Dkt. 325) alleges that W&T strengthened its balance sheet, maintained strong liquidity, and reduced net debt by over a billion dollars (¶ 84), and that its financial status has remained substantially the same, and in fact has improved, since the bonds were issued (¶ 167). Lexon is entitled to test those assertions against the underlying records. W&T cannot rely on its financial health to support its claims while resisting discovery into it. W&T also alleges that

[1] Certain requests seek documents through the present because W&T claims ongoing damages. Lexon reserves the right to seek supplemental productions of current financial information.
[2] Lexon's requests also seek monthly balance sheets, income statements, and cash-flow statements (RFPs 15 and 71); and W&T's general ledger and supporting information (RFP 72). W&T refused to produce this information. Lexon offered, while reserving all rights, to defer its requests for the monthly balance sheets, income statements, cash-flow statements, and general ledger information if W&T produced the financial ratio analyses. W&T did not accept that invitation.
[3] Status Conf. Tr. at 29:17–19, May 19, 2025 (emphasis added).

Defendants' collateral demands were made in bad faith and without justification. *See* SAC (Dkt. 325) ¶¶ 247–52, 305–17, 338–39. The financial ratio analyses are needed to assess whether W&T's condition was deteriorating when collateral was demanded rather than relying on selected public summaries or hindsight. They also bear on W&T's damages and causation. W&T alleges that it has been "damaged in its business" (SAC ¶ 334) and has stated that, if it prevails, its claims against the sureties could reach "hundreds of millions of dollars." *See* W&T Offshore, Inc., Earnings Call (Aug. 6, 2026). The requested records will allow Lexon to test whether any claimed business harm was caused by the collateral demands—as opposed to a preexisting financial decline, commodity-price exposure, or other factors.

W&T's agreed production of selected materials—SEC filings and public earnings calls—does not substitute for the requested discovery.[4] SEC Forms 10-K and 10-Q provide investor-facing, aggregated quarterly or annual data, not internal financial-ratio analyses prepared for management or the board (which may differ materially from W&T's public narrative). W&T cannot selectively present favorable financial performance figures in its pleadings while withholding the underlying records needed to test those assertions. The sword-and-shield doctrine does not permit that selective use of financial information.

W&T argues[5] that its financial condition is irrelevant because Lexon's July 9, 2024 collateral-demand letter "did not cite W&T's financial condition as a reason." *See* W&T's Amended Objections and Responses to Lexon's Third Requests for Production, dated Apr. 13, 2026. That argument fails for two reasons. First, the Indemnity Agreement does not require Lexon to state a reason for a collateral demand; it grants Lexon "sole and absolute discretion" to require collateral. (Payment and Indemnity Agreement No. 1380, dated Sept. 14, 2020 at ¶ 3). Second, regardless of the letter's contents, W&T placed its financial condition at issue. Lexon is entitled to test those assertions. *See, e.g., Nunn v. State Farm Mutual Auto. Ins. Co.*, No. 3–08–CV–1486–D, 2009 WL 10690409, at *1 (N.D. Tex. 2009) (holding financial discovery is warranted when the resisting party "voluntarily" puts it at issue); *Batson v. Neal Spelce Associates, Inc.*, 112 F.R.D. 632, 638-639 (W.D. Tex. 1986) (same).

---

[4] W&T confirmed in its September 10, 2026 letter that it would only produce documents it deems "sufficient to show" W&T's financial condition, *i.e.*, "10-K and 10-Q reports, earnings releases, reserve reports, lease operating statements, and financial presentations to investors and ratings agencies," all of which are public-facing and improperly leaves to W&T's discretion which documents it will produce. W&T Ltr. to Lexon Sept. 10, 2026, at 9.

[5] W&T has not asserted burden, nor could it: Lexon seeks a discrete number of readily identifiable financial statements that courts routinely order produced. *See Acosta v. Austin Electric Services LLC*, 324 F.R.D. 210, 212 (D. Ariz. 2017) ("a general ledger . . . contains significant information from various sources . . . this is not grounds for refusing to produce it").

Respectfully submitted,

*/s/ Jason Halper*
Jason M. Halper