Simpson Thacher & Bartlett LLP

900 G STREET NW, SUITE 900
WASHINGTON, D.C. 20001

TELEPHONE: +1-202-636-5500
FACSIMILE: +1-202-636-5502

Direct Dial Number
+1-202-941-3654

E-mail Address
megan.lewis@stblaw.com

October 23, 2026

**Via CM/ECF**
The Honorable Dena Hanovice Palermo
U.S. District Court, Southern District of Texas

Re: *W&T Offshore, Inc., et al. v. Endurance Assurance Corp., et al.*, 4:24-cv-3047 (S.D. Tex.)

Dear Judge Palermo:

Pursuant to the Court's October 13, 2026 Order (ECF 491), Plaintiffs W&T Offshore, Inc. and W&T Energy VI, LLC ("W&T") submit this letter regarding the deficient subpoena compliance of non-party Marsh & McLennan Agency, LLC, successor in interest to McGriff Insurance Services, LLC ("McGriff"). McGriff was W&T's broker for surety bonds and a key market participant during the relevant period of the Second Amended Complaint.

McGriff is a third party that has not complied with subpoenas issued in this litigation, and W&T therefore respectfully seeks relief from this Court. W&T previously filed a motion to compel McGriff's compliance with its subpoena (ECF 489), pursuant to the Court's Procedure V.5. *See id.* at V.5 ("Parties seeking relief against a non-party to the litigation may file a motion instead of requesting a conference."). However, the Court struck that filing and advised W&T to utilize the Court's process of seeking a conference for discovery disputes (ECF 491). In compliance with that instruction, W&T sets forth below its efforts to meet and confer with counsel for the parties in this litigation, as well as counsel for non-party McGriff.

**Meet and Confer with Counsel for Parties**

Undersigned counsel conferred telephonically on October 8, 2026 with Sam Kaplan, counsel for U.S. Fire Insurance Company, which also issued subpoenas to McGriff. He stated that his clients took no position on W&T's motion to compel. By email dated October 8, 2026, counsel Sara Brauerman on behalf of the Lexon Defendants similarly stated that she took no position on the motion; on the same date, counsel Laurie Novion on behalf of Defendant IndemCo confirmed she took no position on W&T's motion. On October 15, 2026, undersigned counsel requested each Defendant's position on W&T's request for permission to re-file the motion to compel, or in the alternative, to require McGriff's counsel to appear at the November 10, 2026 status conference. By email dated October 15, each counsel confirmed that they are unopposed to this request.

**Meet and Confer with Counsel for Non-Party McGriff**

W&T served its subpoena (ECF 207-1) on November 7, 2025. McGriff's written responses dated March 20, 2026, contained boilerplate objections but agreed to produce non-privileged

documents responsive to most requests. *See* Ex. A. Its April 28, 2026 production contained only 524 documents, which covered a limited time period and omitted internal records and third-party communications. W&T reached out to McGriff's counsel of record, Tommy Horan of the firm Thompson Coe, but did not learn until late July that Mr. Horan was no longer at the firm. In early August, Michael Cedillo of Thompson Coe indicated he would handle the matter. W&T's counsel, Corinne Hockman, and Mr. Cedillo participated in an August 11, 2026, 1:30 PM CT videoconference, after which W&T sent an August 13 letter detailing each deficient request and seeking supplementation by September 11, 2026. *See* Ex. B. In late August, W&T learned that McGriff's subpoena compliance would be handled by a new attorney at Thompson Coe, Marissa Gnatek. On September 11, 2026, Ms. Gnatek sought additional time and indicated that a production would be forthcoming by the end of September. Undersigned counsel conferred with Ms. Gnatek by video on September 28, 2026 at 2:00 PM CT, but she was unable to provide any substantive information about McGriff's efforts to comply with the subpoena, nor the scope or volume of any anticipated production. W&T served its motion to compel on McGriff's counsel on October 9, 2026 and again invited her to confer. Since the Court's October 13, 2026 order, W&T continued engaging with McGriff, culminating in an email exchange on October 20, 2026, in which Ms. Gnatek said that she was unavailable to speak by phone but was available by email. W&T replied and set forth its questions about McGriff's subpoena compliance and again requested that McGriff commit to a date certain for its production. W&T requested a response by noon on October 23, 2026. *See* Ex. C. As of this filing, McGriff's counsel has not responded and has not produced additional documents.

**<u>W&T Is at Impasse with McGriff Regarding Its Subpoena Compliance</u>**

Documents solely in McGriff's possession are critical to this case, and W&T does not have any way to obtain them other than compulsory process by this Court. McGriff was a key broker in the offshore surety bond market, and it possesses market analyses, records regarding pricing and capacity, communications between and among Defendants and their brokers, as well as critical records of the actions by McGriff in connection with its role as W&T's broker to procure surety bonds on its behalf.

McGriff does not appear to be resisting discovery on the basis of any specific objection, and even if it were, it has waived and failed to substantiate any objections. Rather, McGriff's deficient response appears to be based on inadequate searches and delays in production. W&T therefore respectfully requests that the Court permit W&T to re-file its motion to compel (ECF 489), or in the alternative, require McGriff's counsel to appear at the upcoming November 10, 2026 status conference, following which the Court should require McGriff to conduct appropriate searches and complete its production of custodial and non-custodial information in its possession, custody, or control by a date certain so that the parties may receive these documents prior to the commencement of depositions in this action.

Respectfully submitted,

Megan S. Lewis
Counsel for W&T

cc: All counsel of record (via ECF)
Counsel for McGriff (via email)