United States District Court
Southern District of Texas
**ENTERED**
November 12, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| W&T OFFSHORE, INC., AND | § | |
| W&T ENERGY VI, LLC | § | |
| | § | Lead Case No. 4:24-cv-3047 |
| v. | § | |
| | § | |
| ENDURANCE ASSURANCE | § | |
| CORPORATION AND LEXON | § | |
| INSURANCE, CO., ET AL. | § | |

# MINUTE ORDER

On November 10, 2026, the Court held a status conference. The Court heard arguments regarding W&T's various discovery disputes with Defendants Lexon, USFIC, and Penn, as raised in the Joint Status Report, ECF No. 525, and between W&T and third party, Marsh & McLennan Agency, LLC, successor in interest to McGriff Insurance Services, LLC, as raised in W&T's motion to compel, ECF No. 493. W&T motions to compel production, ECF Nos. 493, 525, are **GRANTED** and **DENIED** as follows:

**Third-Party Discovery**

Concerning issues with the third-party discovery, W&T asked the Court to impose a deadline on production of responses from Marsh, to which Marsh did not object. Marsh represented that it intends to produce all responsive documents related to the unobjected-to requests, namely documents from January 1, 2020 to present pertaining to W&T from the four custodians to which the parties agreed.

Accordingly, Marsh is **ORDERED** to produce these documents by November 20, 2026.

W&T next raised Marsh's objection to extending the scope of document production to the relevant market in this case, which includes general market analyses and documents related to other independent oil and gas operators for whom Marsh served as broker. Marsh responded that W&T's request is overly burdensome, will cause strain between Marsh and clients, and will impose significant costs and labor on Marsh to collect and review documents from over 300 offices around the country.

Marsh is **ORDERED** to produce general offshore market analyses and independent oil and gas operator information in the offshore Gulf market as previously defined in this litigation from its' Houston Office Gulf Regional Vice President, to start. In searching those documents, similar to the agreement Marsh reached with USFIC, counsel for W&T and Marsh shall negotiate search terms as it relates to the surety market and independent oil and gas operators. Counsel shall produce an agreed order for the Court's signature by November 13, 2026. Documents shall be produced on a rolling basis to be completed no later than December 1, 2026, unless the Parties agree to extend the deadline.

The Court also heard argument related to production of text messages from certain Marsh employees. W&T's motion to compel production is **DENIED** until it

has an opportunity to review production and determine whether production of these text messages are necessary.

**Discovery From Defendants**

Counsel for W&T represented that the Parties have reached a tentative agreement on certain issues but needed the Court's direction on two remaining issues.

**Issues Regarding Lexon's Production**

First, the Court heard argument on Lexon's text message production. Lexon produced a log of 16,000 withheld text messages with competitors, which W&T argued is conclusory and lacks sufficient detail for meaningful discussion as to whether the messages were properly withheld. W&T also argued that Lexon withheld messages that the other sureties have produced, demonstrating that the withheld messages are potentially discoverable and have been improperly withheld. W&T asked the Court to compel production of the 16,000 text messages as Attorney-Eyes-Only for outside counsel to review. Lexon responded with an explanation of their process of producing and withholding text messages and asserted that they have not had time to respond to W&T's concerns.

Lexon and W&T are **ORDERED** to discuss W&T's objections to Lexon's log of withheld text messages to gain clarity on the basis for withholding. In so doing, W&T shall identify any documents the other sureties produced that Lexon

allegedly improperly withheld to the extent counsel is able to identify such documents. Counsel's meet and confer shall take place within the next week. Within two weeks of the meet and confer, Lexon shall produce a revised log to address W&T specific concerns, if necessary. Any supplemental production shall occur as quickly as possible thereafter, but no later than by December 22, 2026.

**Issues Regarding Penn and USFIC Production**

Second, W&T argued that Penn and USFIC's production of certain text messages has been untimely. By way of background, Penn and USFIC initially reported no responsive messages as to a particular search term(s) and then upon a re-run, Penn and USFIC found 800 potentially responsive text threads. USFIC and Penn have not yet produced these threads as they have yet to review them for responsiveness. W&T asked that Penn and USFIC be ordered to produce the 800 text threads immediately, without screening for responsiveness. W&T also urged the Court to order USFIC and Penn to produce a log of withheld documents, similar to Lexon's required log.

Penn and USFIC are **ORDERED** to review the 800 text threads and produce responsive documents by November 17, 2026. W&T's motion to compel production of a log of withheld documents is **DENIED**. If USFIC and Penn withhold a significant portion of the 800 text threads as nonresponsive, the Court will consider requiring USFIC and Penn to produce a log.

The Court sets this matter for a status conference on December 11, 2026, at 1:00 – 2:00 p.m. A Zoom link to follow. The parties shall file a joint status report by December 10, 2026.

**IT IS SO ORDERED.**

Signed at Houston, Texas, on November 12, 2026.

Dena Palermo

**Dena Hanovice Palermo**
**United States Magistrate Judge**