THOMPSON
COE

Thompson, Coe, Cousins & Irons LLP
Attorneys and Counselors

**Michael Cedillo**
**Direct Dial: 214-871-8214**
**mcedillo@thompsoncoe.com**

**Marissa Gnatek**
**Direct Dial: 214-880-2528**
**mgnatek@thompsoncoe.com**

www.thompsoncoe.com

November 13, 2026

**<u>Via CM/ECF</u>**
Honorable Dena Hanovice Palermo
U.S. District, Southern District of Texas
United States Courthouse
515 Rusk Avenue
Room 7727
Houston, Texas 77002

Re: *W&T Offshore, Inc., et al. v. Endurance Assurance Corp., et al.*, No. 4:24-CV-03047, In the United States District Court for the Southern District of Texas

Dear Judge Palermo:

Please find enclosed our proposed Order on behalf of Non-Party Marsh & McLennan Agency, LLC ("Marsh Agency"), successor in interest to McGriff Insurance Services, LLC ("McGriff") as requested by the Court's Minute Order (ECF No. 532) issued on November 12, 2026. We believe this generally conforms to the language provided in the Court's Minute Order. U.S. Fire is *unopposed* to our proposed Order.

We attempted to confer with counsel for W&T Offshore, Inc. ("W&T") as to an Agreed Order as well but reached an impasse regarding the timing proposed for production regarding the custodial documents of Executive Vice President Ashley Koletar.

Pursuant to conferences between the parties, it was agreed the parties will confer and agree on the scope of any additional searches and search terms to be employed by Marsh Agency to identify documents responsive to W&T's and USFIC's subpoena requests, including documents related to (i) offshore bond market analysis generally and (ii) other Independent Oil and Gas Operators from whom McGriff served as a broker within Ms. Koletar's custodial documents by November 20, 2026. However, Marsh Agency and W&T could not further agree regarding a timeline for the production following the application of these search terms.

W&T's third proposed draft of the Order received late this afternoon included for the *first time* a deadline to produce documents by December 1, 2026, which was then extended to December 7, 2026. While we are mindful of the Court's Minute Order setting a deadline of

December 1, 2026, the Minute Order also contemplated that "the Parties [could] agree to extend the deadline." (ECF No 532, p. 2).

As we discussed with counsel, for the resulting production to be completed, we cannot determine the scope of such production until we have confirmation of the search terms. Even once there are agreed search terms, the application of the search terms is not instantaneous. If the resulting hit count is overly burdensome, this will require the parties to continue conferring and narrowing the search until there is a reasonable hit count upon which to perform review.

Moreover, once a reasonable set of documents for review has been identified, the sensitive and confidential nature of these documents belonging to other independent oil and gas operators, clients of Marsh Agency that are likely competitors of W&T, will require a thorough review. Thus, even if the search terms agreed to on November 20, 2026 were to produce a manageable set of documents for review, a deadline of December 1, 2026 (or even December 7, 2026) for production effectively provides one to two weeks for this review and production to be completed. This burden is further exacerbated by the fact that there is a major holiday, Thanksgiving, during this proposed timeline.

We fully intend to work in good faith with the parties to confer on search terms, expeditiously perform the searches, and return resulting hit counts. We further intend to work in good faith with the parties to review and produce the responsive documents as timely and efficiently as possible.

Nonetheless, without having certainty as to how voluminous the results will be, we cannot with any reasonable certainty guarantee production within a proposed timeline. Thus, we respectfully request the Court allow the parties to confer on a reasonable timeframe after Marsh Agency is in a better position to estimate the good faith production turnaround.

We appreciate the Court's consideration. We will continue to work in good faith with the parties and comply with the Court's Final Order.

Sincerely,

*Michael S. Cedillo*

Michael S. Cedillo