**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| W&T OFFSHORE, INC., AND W&T ENERGY VI, LLC, | § | |
| | § | |
| v. | § | LEAD CASE NO. 4:24-CV-3047 CONSOLIDATED ACTION |
| | § | |
| ENDURANCE ASSURANCE CORPORATION, AND LEXON INSURANCE CO., *ET AL.* | § | |

**[PROPOSED] STIPULATED ORDER CONCERNING DEPOSITIONS**

Plaintiffs W&T Offshore, Inc. and W&T Energy VI, LLC ("W&T" or "Plaintiff") and Defendants Endurance Assurance Corporation and Lexon Insurance Co. (together, "Lexon"); United States Fire Insurance Company and Amynta Holdings LLC d/b/a Amynta Surety Solutions (together "U.S. Fire/Amynta); and Pennsylvania Insurance Company and Applied Surety Underwriters LLC (together, "Penn/Applied"); and Acrisure, LLC d/b/a IndemCo (collectively, "Defendants") (and together with W&T, the "Parties") have stipulated to this Proposed Order concerning depositions ("Deposition Protocol Order" or "Order") and it may be modified at any time by agreement of the parties or by order of the Court. The parties may also seek relief from the Court from any provision of this Deposition Protocol Order for good cause. Nothing in this Deposition Protocol Order shall waive any party's rights under the Federal Rules of Civil Procedure or any other applicable rule

or Court order, including, but not limited to, the right to seek relief before, during, or after a deposition for any issues that arise in connection with the deposition process. Except as set forth herein, the Federal Rules of Civil Procedure for noticing and conducting depositions shall apply.

**DEPOSITION LIMITS**

1. The parties have conferred and agree, pursuant to Federal Rule of Civil Procedures 29 and 30(a)(2)(A)(i), that the number of depositions in this action shall differ from the presumptive limit of ten (10) depositions per side set forth in the Federal Rules of Civil Procedure. The parties agree to the following deposition limits:

a. Plaintiffs shall be permitted to take the following depositions:

i. seven (7) depositions of witnesses associated with[1] Lexon/Endurance;

ii. six (6) depositions of witnesses associated with U.S. Fire/Amynta;

iii. five (5) depositions of witnesses associated with Penn/Applied;

iv. five (5) of witnesses associated with IndemCo;

[1] A former employee of a Defendant is deemed a witness "associated with" that Defendant only if: (a) the witness was employed by that Defendant at any time after January 1, 2020; (b) the witness is expected to testify about matters within the scope of the witness's employment with that Defendant; and (c) the witness is not currently employed by another Defendant.

v.

v. one (1) additional deposition of, at W&T's discretion, a witness associated with either U.S. Fire/Amynta, Penn/Applied, or IndemCo;

vi. one (1) deposition pursuant to Federal Rule of Civil Procedure 30(b)(6) of each Defendant grouping; and

vii. seventeen (17) depositions of non-party witnesses.

b. Defendants shall be permitted to take the following depositions:

i. eight (8) depositions of witnesses associated with Plaintiffs;

ii. one (1) deposition pursuant to Federal Rule of Civil Procedure 30(b)(6) of Plaintiffs (subject to the provisions of paragraph 24 as to the total time to be allocated to the deposition); and

iii. seventeen (17) depositions of non-party witnesses.

c. For purposes of the deposition limitations set forth herein, any deposition noticed by more than one Defendant of the same individual or entity shall be counted as a single deposition.

d. The deposition limits set forth in the Deposition Limits section of this Order do not include depositions of expert witnesses designated pursuant to Federal Rule of Civil Procedure 26(a)(2).

e. For purposes of these limits, a former employee of a party shall be treated as a non-party witness, except as provided in Footnote 1.

f. If two or more parties seek to depose the same individual, excluding cross-examination within the scope of the direct examination, each party must serve its own separate deposition notice. Examination time for such depositions shall be allocated pursuant to paragraph 6 of this Order.

2. The parties reserve the right to seek modification of these limits upon a showing of good cause. Any party seeking additional depositions beyond the limits set forth herein shall meet and confer with opposing counsel before filing any motion with the Court.

3. Notwithstanding the deposition limits set forth in Paragraph 1 above, the Parties agree that, for any individual identified by an opposing party as a trial witness who has not already been deposed, the Party identifying the witness as a trial witness shall make all reasonable efforts to make the witness available for deposition by the opposing party reasonably in advance of trial unless (a) the individual is an employee or former employee of a Party and was identified expressly by name in the Initial Disclosures of any Party with sufficient time remaining in discovery to depose that individual or (b) the individual was designated as either a document or text message custodian during discovery.

## DEPOSITION PROCEDURES

4. Each fact witness, even if he or she has been employed by more than one party, may be deposed only once, and Federal Rule of Civil Procedure 30(d) shall govern the duration of depositions of fact and expert witnesses.

5. Any time limitation or allocation addressed herein may be amended by written stipulation of the parties or, upon motion, for good cause shown by order of the Court.

6. For any deposition noticed by more than one party, counsel for the noticing parties shall make all reasonable efforts to agree before the deposition to allocate the seven (7) hours of examination time. If the parties cannot reach agreement on the allocation of time, the parties shall seek relief from the Court no later than seven (7) days before the date of the deposition. In the event the noticing parties have neither reached agreement nor sought relief from the Court in advance of the deposition, the time shall be split evenly among all noticing parties. For any third-party deposition noticed only by plaintiff or defendants, the noticing party shall ensure that the non-noticing party has at least one hour to question the witness on matters within the scope of the direct either by reserving one of the seven hours for that purpose or by securing the consent of the third party to exceed the seven-hour limit.

## SCHEDULING AND LOCATION OF DEPOSITIONS

7. Counsel will consult in good faith with one another to coordinate, to the extent practicable, all scheduling and taking of depositions at a mutually convenient time, and shall make such efforts prior to noticing the deposition.

8. The parties and non- parties shall make all reasonable efforts to accommodate reasonable requests to reschedule depositions.

9. Party depositions shall be noticed pursuant to the Federal Rules of Civil Procedure, and all notices shall be served on counsel for all parties electronically. Any subpoenas for deposition testimony shall be served on non-party witnesses as required by law, but copies may be served electronically on counsel for all parties.

10. In response to any notice or request for deposition, if the witness is a former employee of any party and is not currently represented by counsel for that party, counsel for that party shall, within seven (7) days after receiving the notice or request for deposition, make a good faith effort to provide to the counsel noticing or requesting the deposition the date of departure and last known address of the former employee, whether counsel is authorized to accept a deposition notice on their behalf in lieu of a subpoena, and whether counsel will be representing that party for the deposition, to the extent possible.

11. If any party's counsel learns that a current employee of a party who has been designated as a document or text message custodian or otherwise identified as

a potential deponent will leave the employment of the party prior to the scheduled date of the deposition, then counsel for the employing party shall notify opposing counsel of the employee's expected date of departure unless doing so would violate an express legal prohibition in the jurisdiction in which the deponent is located or otherwise would be unreasonable under the circumstances.

12. A party may serve a deposition subpoena on a non-party without consulting any other party, but must provide reasonable advance notice to counsel for all parties prior to serving the deposition subpoena. If an opposing party informs the noticing party within five (5) business days that the opposing party intends to cross-notice the non-party's deposition, the parties shall coordinate with each other and with the non-party witness (or counsel for the non-party witness), where possible, to schedule the deposition. A party seeking to schedule the deposition of a non-party shall schedule such a deposition only on a date that another deposition has not been scheduled. However, the parties shall meet and confer if double or triple tracking of depositions becomes necessary to comply with scheduling deadlines.

13. Depositions shall not be scheduled on fewer than fourteen (14) calendar days' notice, absent written agreement of the parties or leave of Court. This requirement applies to both party and non-party depositions.

14. The parties shall endeavor to avoid scheduling depositions during periods in which they are aware that opposing counsel has a previously scheduled

conflict, including but not limited to trials, hearings, or vacations of which opposing counsel has provided prior notice.

15. The defending party shall determine the location for party depositions. Unless otherwise agreed upon, all party and non-party depositions shall be taken within the greater metropolitan area of the witness's primary residence or place of business, or the location of the counsel defending the witness (at the option of the defending party). Depositions of expert witnesses shall occur in the location selected by the counsel defending the deposition of the expert witness. The parties shall confer in good faith to solicit proposals from court reporting and videography service providers, which they shall encourage to provide specified services at discounted rates in exchange for the exclusive right to transcribe and record all depositions. The service retained shall provide court reporters authorized to take oaths in the location of the deposition and to provide certified legal videographers.

## DEPOSITION FORMAT

16. **In-Person vs. Remote Depositions**

a. Unless otherwise agreed by counsel for the witness and counsel for the party noticing the deposition, all depositions will occur in person, and counsel will consult in good faith with one another to determine the location, including the convenience of the witness. However, the parties agree to make

reasonable accommodations for remote questioning in the event of travel difficulties, illness, or similar exigencies.

b. All depositions, whether deemed in person or remote pursuant to paragraph 17 below, shall be conducted with an option for counsel not physically present to attend remotely.

17. **Remote Deposition Protocol**

a. If the witness, the witness's counsel, at least one questioning attorney for Plaintiffs, at least one questioning attorney for Defendants, the court reporter, and the videographer are not all physically present in the same room during the on-the-record portions of a deposition, the deposition shall be deemed a "Remote Deposition."

b. Any party may notice a Remote Deposition by so indicating in the notice of deposition. If a deposition was previously anticipated or agreed to be an in-person deposition, the noticing party, the witness, or the witness's counsel may request that the deposition be changed to a Remote Deposition. Such a request to change the format for the deposition should be provided as soon as reasonably practicable, but no later than seven (7) days in advance of the deposition unless a shorter period is warranted for good cause. The parties will work cooperatively to timely arrange for the necessary logistics required for the change in format of the deposition.

c. For a Remote Deposition, the parties agree that a court reporter may administer the oath to a witness remotely, even if the court reporter is not in the physical presence of the witness.

d. The parties agree, pursuant to Federal Rule of Civil Procedure 29(a), that the recorded video captured by the remote deposition platform, provided in a digital file by the court reporting service or platform vendor, may be used as if it were a recording prepared by a certified videographer, and that each side will waive any objections based on authenticity.

e. To the extent possible, the video conferencing service should display the witness, defending counsel, and deposing counsel on the video screen at all times, but in individual frames, unless one or more counsel must be taken off screen to display an exhibit. However, the witness should always be on screen. Apart from defending counsel and deposing counsel, all other counsel attending remotely shall have their video turned off unless they need to speak. There shall be no unrecorded or unnoted conversations between the witness and any counsel involved in this case (including defending counsel) during a Remote Deposition while the witness is on the record, and deposing counsel may ask the witness and his or her counsel to certify, on the record, that no such conversations have taken place.

f. A party that notices a Remote Deposition is responsible for arranging the use of an appropriate remote deposition video conferencing and exhibit presentation platform, and for arranging, if necessary, for the witness to participate in a test run of the platform software at the expense of the noticing party. Details regarding the remote deposition platform service will be made available to all parties at least (3) business days before the deposition.

g. Each deposition participant shall be responsible for acquiring, maintaining, and utilizing computer, audio, and video equipment necessary to conduct the Remote Deposition. The parties shall work collaboratively and in good faith with the remote deposition video and exhibit platforms to assess each deponent's technological capabilities and to troubleshoot any issues in advance of the Remote Deposition so any adjustments can be made, including conducting training sessions separately for a participant.

h. All participants and attendees must identify themselves on the record, either when the Remote Deposition commences or as soon as practicable if arriving late.

i. The deponent may elect to have his or her counsel in the room while he or she is testifying on the record. Other than counsel for the witness, the deponent must be the only person in the room.

j. If audio or technical issues impact the ability to proceed with the Remote Deposition, the deposition shall be recessed until the technical issue is resolved. If a technical issue prevents the questioning attorney, defending attorney, or deponent from speaking to other participants, the Remote Deposition shall be deemed "off the record" from that time until the issue is resolved. If the questioning attorney, defending attorney, or deponent becomes disconnected from the remote deposition platform during the Remote Deposition, the deposition shall be suspended until the matter is resolved to the satisfaction of each party. If the technical issue cannot be resolved in a timely manner, then the parties will meet and confer in good faith to address the problem, including but not limited to rescheduling the deposition, taking into account the amount of questioning time elapsed prior to the technical issue occurring. Time spent addressing technical issues shall not count against any time limit.

k. All private chat features on the remote deposition video and exhibit platforms shall be disabled. No participant shall communicate or attempt to communicate with the deponent while the Remote Deposition is on the record through any means other than the remote deposition video and exhibit platforms, except that (1) counsel may use the public chat feature (i.e., a chat feature accessible to all participants) to share exhibits, and (2) the

videographer or operator may communicate with the deponent to resolve technical issues. The deponent, absent a special need demonstrated to the Court, shall not have access to or use of the RealTime feed from the court reporter at any time during the Remote Deposition.

l. The video feed visible to the deponent shall include no more than the image of the questioning attorney, the exhibits that the deponent is reviewing and any features necessary to share those exhibits (e.g., a public chat feature), and the deponent. There will be no display to the deponent of any private chat windows, instant messages, or similar programs during the deposition.

m. Other than the remote deposition platform and, if applicable, an exhibit presentation platform or application being used to view exhibits, the deponent shall not have any window or application open on his or her device for the pendency of the Remote Deposition.

n. No one may record the deposition by video or audio means other than the court reporter and/or a videographer authorized by the deposing party, except as provided in paragraph 37 of this Order.

18. **Hybrid Depositions**

a. Counsel for any party may elect to participate in an otherwise in-person deposition remotely by telephone or video conference by providing

notice to the other parties of that election at least five (5) business days prior to the deposition. Upon such a notice, the party that noticed the in-person deposition shall be responsible for arranging the use of an appropriate video conferencing and exhibit presentation platform, at the expense of the noticing party. Examining counsel and counsel for the party intending to attend remotely by telephone or videoconference shall cooperate in good faith to facilitate such participation.

b. Remote attorney participants at depositions shall have the right, pursuant to the terms of this protocol and pursuant to the Federal Rules of Civil Procedure, to ask questions and make objections. Counsel attending remotely shall have their video turned off unless they need to speak.

c. Counsel will make every effort to prevent video participation from distracting or interfering with in-person proceedings during a hybrid deposition.

## DEPOSITION EXHIBITS

19. Documents marked with a confidentiality designation shall be used during depositions in a manner consistent with the terms set forth in the parties' Amended Protective Order (ECF No. 269).

20. If the deposition will proceed as an in-person or hybrid deposition, deposing counsel is required to bring copies of exhibits for each represented party

physically present at the deposition and make electronic versions of the exhibits available simultaneously.

21. If the deposition will proceed as a Remote Deposition, the default procedure shall be to use the exhibit presentation features integrated with the video conferencing platform, such as a public chat where documents may be uploaded and downloaded. If a witness anticipates being unable to effectively view exhibits in this way during a remote deposition, counsel for the witness and counsel for the noticing party shall confer, in good faith, on an alternative solution, such as, by way of example, sending pre-marked hard copy exhibits to the witness in advance of the deposition (with all counsel and the court reporter utilizing electronic presentation of those exhibits). A request to use hard copy exhibits shall be made at least ten (10) days in advance of the deposition. If hard copy documents are requested, deposing counsel will attempt in good faith to include in that set all of the exhibits on which they plan to question the witness; however, nothing in this paragraph prevents deposing counsel from preparing for the deposition until the time that it occurs, or from introducing during the deposition additional exhibits not previously sent in hard copy, including by electronic means. Deposing counsel shall seal such hard copy potential exhibits. Anyone receiving sealed hard copy potential exhibits agrees pursuant to this Order that the sealed potential exhibits must remain sealed and unopened until the deposition begins and the witness is instructed on the record to

open a sealed hard copy exhibit. Any unused hard copy potential exhibits will be returned, unopened, to the counsel who provided them with a self-addressed return envelope or box, or, if agreed to by deposing counsel, shredded.

22. Deposition Exhibits shall be numbered consecutively. Plaintiffs' counsel shall be allocated Deposition Exhibit Nos. 1-1000 for use in their examinations; Defendants' counsel shall be allocated Deposition Exhibit Nos. 1001-2000 for use in their examinations. Counsel shall exercise good faith to avoid marking identical exhibits with different exhibit numbers, regardless whether the initial exhibit number exists in Plaintiffs' range or Defendants' range.

**RULE 30(b)(6) DEPOSITIONS**

23. For depositions noticed pursuant to Rule 30(b)(6), the noticing party shall serve its list of topics to be covered no later December 3, 2026.

24. Prior to November 24, 2026, the Defendants shall confer in order to provide Plaintiffs with one list of common Rule 30(b)(6) topics. Each Defendant grouping may also serve a list of Defendant-specific topics. When the full list of topics to be covered during the Rule 30(b)(6) deposition on Plaintiffs is available and Plaintiffs' witnesses have been designated, the Parties shall meet and confer to discuss an appropriate allocation of time between the Defendants but in no event shall Plaintiffs be required to provide more than fourteen (14) total hours of testimony under Rule 30(b)(6).

v.

25. No more than seven (7) days after receiving the list of Rule 30(b)(6) deposition topics, the Party receiving the notice and the noticing Party or Parties shall meet and confer to resolve any disagreements as to scope. If the Parties are unable to resolve such disagreements during the meet-and-confer, the Party receiving the notice may present the issue to the Court in the form of a discovery dispute letter but must do so no more than seven (7) days after the meet-and-confer.

26. No more than twenty-one (21) days after receiving the list of Rule 30(b)(6) deposition topics, the party receiving the notice shall designate witnesses for each topic and provide the reasonable availability for such designated witnesses. A party may designate as many witnesses as reasonably necessary to provide responsive testimony on its behalf.

27. The parties may agree, by mutual consent and where reasonable, to combine the Rule 30(b)(6) deposition of a designated witness with the Rule 30(b)(1) deposition of that same witness, and the parties acknowledge their duty to work cooperatively to limit the need for any witness to appear for depositions that are needlessly duplicative. In the case of depositions proceeding under both Rules, the questioning party has the duty to ensure that both the witness and his/her counsel understand when a question is being directed to him/her in his/her individual capacity and when it seeks testimony on behalf of the party itself. If there is any

ambiguity in this regard, the question will be deemed to have been posed to the witness in his/her individual capacity.

28. No party shall be permitted to "back designate" or retroactively designate deposition testimony already given as responsive under Rule 30(b)(6).

**CONDUCT OF DEPOSITIONS**

29. **Objections**

a. Objections shall be limited to "form," and in the case of a deposition pursuant to Federal Rule of Civil Procedure 30(b)(6), "scope," unless the objection involves a privilege or the examining attorney asks for an explanation. A single, targeted objection gives the questioning attorney an opportunity to cure. Speaking objections or those which are intended to or have the effect of coaching the deponent as to how to answer are prohibited. If an attorney insists on making improper speaking objections on the record, even after a request to go off the record, the duration of the improper speaking objections shall not count against the noticing party's time limit for the deposition. Attorneys shall not argue disputed objections or assertions of privilege on the record, and all such objections or privilege assertions are preserved. Further, any objection by one Defendant to the form of a question, including objections based on privilege, shall be deemed to have been made

on behalf of all other Defendants. The parties agree that one objection by any counsel shall preserve the objection for all parties.

30. **Communications During Depositions**

a. Witnesses in depositions taken pursuant to this Order shall not use or consult any means of communications while on the record during the deposition (other than audio and video communications used to conduct that deposition itself), including without limitation electronic communications (email, text, social media, chat) and other communications (phone, written notes). Counsel attending the deposition shall not communicate with the witness while the witness is on the record other than in the presence of the court reporter and videographer.

b. Except as otherwise provided herein, including in paragraph 30, there shall be no communication with the deponent by text, chatroom, or similar means, and all private chat features shall be disabled. Nothing in this Order prevents a witness from seeking advice regarding the application of a privilege or immunity from testifying during the course of a deposition taken pursuant to this Order.

31. **Defending Counsel Conferences**

a. While on the record during a deposition, the deponent may confer privately with defending counsel only when necessary to determine

whether a privilege should be asserted. Defending counsel shall state on the record the intention to confer before doing so. No other private conferences between defending counsel and the deponent shall occur while the deponent is on the record. During breaks, defending counsel may confer with the deponent, provided that no question is pending, consistent with the Federal Rules of Civil Procedure. For the avoidance of doubt, all counsel are expected to conduct themselves exactly as they would during an in-person deposition, regardless of whether the deposition is conducted remotely or is a hybrid deposition.

**DISPUTES**

32. Any dispute that relates to this Deposition Protocol Order shall be resolved by the United States District Court for the Southern District of Texas, rather than the district court in the district where the deposition is conducted.

33. If, during a deposition, a dispute arises that (i) cannot be resolved by agreement, and (ii) if not immediately resolved, will either significantly disrupt the discovery schedule or result in rescheduling or supplementing the deposition, then a party may telephone the Court (i.e., the chambers of Judge Palermo) to inquire whether the Court is available at any time during the deposition to resolve the dispute. If the Court is unavailable by telephone to resolve disputes arising during the deposition or the parties agree to defer immediate resolution of the dispute, the

deposition shall continue to be taken as to matters not in dispute, and if the Court is unavailable at any point during the deposition to resolve the issue, the deposition shall remain open as to any unresolved matters. In such a situation, the parties shall promptly, but in any event within ten (10) days of the deposition, meet and confer regarding any unresolved matters and, if they are unable to resolve such matters, they shall either bring the matter to the Court's attention for prompt resolution or deem the deposition closed. If a dispute is not brought to the Court within thirty (30) days of the deposition, the deposition will be deemed closed, absent good cause for delay.

## STANDARD STIPULATIONS

34. The court reporter shall deliver a certified copy of the transcript of each deposition to counsel for the witness (or, if the witness is not represented by counsel, to the witness directly). Counsel for the witness shall promptly forward the transcript to the witness for review, correction, and signature under penalty of perjury. Within thirty (30) days of receiving the transcript from the court reporter, the witness's counsel (or the witness, as applicable) shall then forward any corrections to the court reporter, who will promptly notify all counsel of its receipt and any errata.

35. The confidentiality designations of deposition transcripts, including exhibits, shall be governed by the Amended Protective Order in this action.

36. Any witness who submits errata must do so in accordance with Federal Rule of Civil Procedure 30(e)(2). Errata that materially change the substance of the testimony may be challenged by any party and are subject to cross-examination at trial. Unless otherwise designated during the deposition, each deposition transcript shall presumptively be designated "Highly Confidential – Outside Counsel Only" until the deadline for the witness to submit errata has passed, at which time the confidentiality designation will be reduced to "Confidential" unless otherwise designated by the parties. Notwithstanding the foregoing, party representatives may attend depositions, whether in person or remotely, but must exit the room when requested by any party to protect the confidentiality of material designated as "Highly Confidential Information" or "Highly Confidential – Outside Counsel Only" information.

37. Unless otherwise agreed, all depositions shall be recorded by stenographic means. Any party may arrange for additional recording by audio or video means at its own expense, provided that it gives reasonable notice to all other parties and the additional recording does not interfere with the stenographic record. The court reporter will provide the original transcript to the first examining attorney. If, for any reason, the original transcript is lost, misplaced, not returned, not signed, or unavailable, a certified copy may be used in its place for all purposes.

v.

38. This Order shall remain in effect until the conclusion of all discovery in this action or until further order of the Court. Nothing in this Order shall preclude the parties from agreeing in writing to modify any of its provisions, and any such modification shall be binding upon the parties without the need for further Court approval unless otherwise required by the Federal Rules of Civil Procedure or Local Rules.

**IT IS SO ORDERED.**

SIGNED this _____ day of ________________, 2026.

____________________________________
The Honorable Dena Hanovice Palermo
United States Magistrate Judge

**AGREED TO AND RESPECTFULLY SUBMITTED:**

Dated: November 18, 2026

**<u>Counsel for Plaintiff W&T Offshore, Inc.</u>**

*<u>/s/ Britt M. Miller</u>*
Britt M. Miller
*Admitted Pro Hac Vice*
bmiller@mayerbrown.com
Matthew D. Provance
*Admitted Pro Hac Vice*
mprovance@mayerbrown.com
Daniel M. Storino
*Admitted Pro Hac Vice*
dstorino@mayerbrown.com
Mayer Brown LLP

71 South Wacker Drive
Chicago, IL 60606
Telephone: (312) 701-9397

Yasser A. Madriz
Texas State Bar No. 24037015
S.D. Texas Bar No. 39080
ymadriz@mayerbrown.com
Alfred Jason Huebinger
jhuebinger@mayerbrown.com
Texas State Bar No. 24065460
S.D. Texas Bar No. 1717237
Mayer Brown LLP
700 Louisiana Street, Suite 3400
Houston, TX 77002-2730

*/s/ Nicholas J. Giles*
Nicholas J. Giles
*Admitted Pro Hac Vice*
MCGUIREWOODS LLP
800 East Canal Street
Richmond, Virginia 23219
(804) 775-4760 (Telephone)
(804) 698-2040 (Facsimile)
ngiles@mcguirewoods.com

*/s/ Megan S. Lewis*
Megan S. Lewis
*Admitted Pro Hac Vice*
SIMPSON THACHER & BARTLETT LLP
900 G Street NW
Washington, DC 20001
(202) 941-3654 Telephone
(202) 636-5502 Facsimile
megan.lewis@stblaw.com

*/s/ Kelly Sandill*
Kelly Sandill
Texas Bar No. 24033094
Southern District ID No. 38594

HUNTON ANDREWS KURTH LLP
600 Travis St., Suite 4200
Houston, Texas 77002
(713) 220-4200 (Telephone)
(713) 220-4285 (Facsimile)
ksandill@hunton.com

**ATTORNEYS FOR W&T OFFSHORE, INC. AND W&T ENERGY VI, LLC**

**Counsel for Defendants**

*/s/ Jason M. Halper*
Jason M. Halper*
Sara E. Brauerman*
Nicole Castle*
1114 Avenue of the Americas, 32nd Floor
New York, NY 10036
Tel.: (212) 237-0000
Fax: (212) 237-0100
jhalper@velaw.com
sbrauerman@velaw.com
ncastle@velaw.com

Christopher V. Popov
Texas Bar No. 24032960
Federal ID No. 34615
845 Texas Avenue, Suite 4700
Houston, Texas 77002-2947
Tel.: (713) 758-2060
Fax: (713) 615-5068
cpopov@velaw.com

**Admitted pro hac vice*

**ATTORNEYS FOR ENDURANCE ASSURANCE CORPORATION AND LEXON INSURANCE COMPANY**

/s/ *Samuel C. Kaplan*
Samuel C. Kaplan
*Admitted pro hac vice*
BOIES SCHILLER FLEXNER LLP
1401 New York Ave, NW
Washington, DC 20005
Email: skaplan@bsfllp.com
Telephone: (202) 274-1163

Ryan D. Dry
Texas Bar No. 24050532
S.D. Tex. Bar No. 618363
Steven K. Cannon
Texas Bar No. 24086997
S.D. Tex Bar No. 3356957
DRY LAW, PLLC
909 18th Street
Plano, TX 75074
Telephone: (972) 797-9510
Email: rdry@drylaw.com
Email: scannon@drylaw.com

**ATTORNEYS FOR PENNSYLVANIA INSURANCE COMPANY and UNITED STATES FIRE INSURANCE COMPANY**

*/s/ Norma N. Bennett*
Norma N. Bennett
Texas Bar No. 24028492
SD TX Bar No. 27123
SHOOK, HARDY & BACON L.L.P.
JP Morgan Chase Tower
600 Travis Street, Suite 3400
Houston, TX 77002
Telephone: (713) 546-5649
Facsimile: (713) 227-9508
nbennett@shb.com

Laurie Ann Novion (*pro hac vice*)
Erin Fishman (*pro hac vice*)
SHOOK, HARDY & BACON L.L.P.

2555 Grand Boulevard
Kansas City, MO 64108
Telephone: (816) 474-6550
Facsimile: (816) 421-5547
lnovion@shb.com
efishman@shb.com

**ATTORNEYS FOR DEFENDANT ACRISURE, LLC D/B/A INDEMCO**